1 | HUSCH BLACKWELL SANDERS LLP
MONICA K. HOPPE (Bar # 197576)
2 | TRENTEN P. BAUSCH (*pro hac vice* application forthcoming)
HENRY L. WIEDRICH (*pro hac vice* application forthcoming)
3 | 1620 Dodge Street, Suite 2100
Omaha, NE 68102
4 | Telephone: (402) 964-5000
Facsimile: (402) 964-5050
5 | Email: monica.hoppe@huschblackwell.com, trent.bausch@huschblackwell.com,
henry.wiedrich@huschblackwell.com
6 |
Attorneys for Plaintiff
7 | GALLUP, INC.

8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | GALLUP, INC.,                          Case No.

12 |            Plaintiff,            **COMPLAINT FOR FEDERAL**
13 |    vs.                          **TRADEMARK INFRINGEMENT,**
                                      **UNFAIR COMPETITION AND**
14 | BUSINESS RESEARCH BUREAU, d/b/a   **DILUTION; AND CALIFORNIA**
    GALLUP PAKISTAN, and IJAZ SHAFI    **UNFAIR COMPETITION AND**
15 | GILANI,                          **UNJUST ENRICHMENT**
             Defendant.
16 |                                   **(INJUNCTIVE RELIEF SOUGHT)**

17 |                                   **DEMAND FOR JURY TRIAL**

18

19 |    Plaintiff Gallup, Inc. complains against Defendants Business Research Bureau (d/b/a

20 | Gallup Pakistan) and Ijaz Shafi Gilani as follows:

21 |                          **INTRODUCTION**

22 |    1.    Gallup, Inc. ("Gallup") is the owner of the world famous GALLUP trademarks

23 | and service marks. For over 70 years, the GALLUP marks have been used and recognized in

24

OM-261072-2                          1
COMPLAINT                                    Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                             Case No. _____

1 | connection with surveys for political or public opinion polls and corresponding data and analysis.

2 | In addition, the GALLUP marks also identify Gallup as the source of surveys and opinion polls

3 | directed to business management. As a result, the GALLUP marks have become distinctive

4 | symbols of excellence and innovation uniquely associated with Gallup and its surveys and

5 | opinion polls.

6 | 2.      Under the guidance of its chairman, Defendant Ijaz Shafi Gilani ("Gilani"), the

7 | Business Research Bureau ("BRB"), which, in bad faith and in violation of a Pakistani Registrar

8 | of Trade Marks decision, as well as Gallup's exclusive rights, does business under the name

9 | Gallup Pakistan, operates as an opinion and socio-economic research organization, providing

10 | survey and opinion polls on political topics and topics pertinent to business management

11 | decisions. In January and February 2008, Defendants released and promoted polls containing

12 | information on Pakistani public opinion on issues surrounding the upcoming Pakistani elections.

13 | These polls bore the mark GALLUP PAKISTAN. Due to recent events in Pakistan and the

14 | election's implications on United States foreign policy, the Pakistani parliamentary election and

15 | Defendants' poll results garnered much attention from the press in the United States and abroad

16 | and were widely printed. In these publications, the polls were attributed to Gallup Pakistan or

17 | simply Gallup. Further, Defendant Gilani has appeared on radio and internet broadcasts in the

18 | United States discussing the Pakistani parliamentary election and the BRB poll results.

19 | Defendant Gilani has also appeared in the United States, giving presentations on papers and poll

20 | results that bear the mark GALLUP. Defendants' unauthorized use of the GALLUP mark in

21 | association with business and political surveys is an attempt to bolster the credibility of its

22 | services. Further, Defendants' use of the GALLUP mark creates a misleading association with

23 | Gallup's internationally recognized goodwill and reputation in the trade.

24 |

1

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

2      3.      Plaintiff's first, second, and third claims arise under the Trademark Act of 1946

3    (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§

4    1051, *et seq.*). This Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C.

5    §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question),

6    and 15 U.S.C. § 1121 (Lanham Act). This Court also subject matter jurisdiction over all of

7    Plaintiffs claims pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists

8    between the parties. Even absent diversity jurisdiction, this Court has supplemental jurisdiction

9    over the remaining state law claims under 28 U.S.C. § 1367.

10      4.      This Court has personal jurisdiction over Defendants.

11      5.      Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendants are

12    both aliens.

13      6.      Intra-district assignment to any division of the Northern District is proper under

14    Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

15

## PARTIES

16      7.      Gallup is a Delaware corporation with its principal place of business at 1001

17    Gallup Drive, Omaha, Nebraska 68102.

18      8.      Upon information and belief, Defendant BRB is a Pakastani company with its

19    principal place of business at H-45, St, 52, F-7/4, Islamabad, Pakistan. Defendant BRB, in bad

20    faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's

21    exclusive rights, does business under the name Gallup Pakistan and operates as an opinion and

22    socio-economic research organization, providing survey and opinion polls on political, social,

23    and business topics.

24

OM-261072-2

COMPLAINT

3

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

1    9.    Upon information and belief, Defendant Gilani is Chairman of BRB and is a

2    resident of Islamabad, Pakistan. Upon further information and belief, Defendant Gilani obtained

3    a Ph.D. in Political Science from the Massachusetts Institute of Technology (MIT) in 1977 and

4    became Chairman of BRB, an organization he helped found, in 1980. Upon further information

5    and belief, Defendant Gilani is also a professor of International Relations at the International

6    Islamic University Islamabad.

7    10.    Upon information and belief, Defendants provide or have provided public opinion

8    studies to international agencies headquartered in the United States, including the World Bank,

9    headquartered in Washington, D.C., and UNICEF, which is headquartered in New York City,

10    New York, as well as educational institutions located in the United States, including Harvard

11    University and the Massachusetts Institute of Technology (MIT), both located in Boston,

12    Massachusetts.    Upon further information and belief, Defendant BRB has provided public

13    opinion studies and research to Pakistani and international businesses.

14    ## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

15    ## The GALLUP Marks

16    11.    Gallup and its predecessors in interest or related entities have offered and

17    promoted its services in connection with its family of GALLUP trademarks and service marks in

18    the United States since 1935.

19    12.    Gallup owns numerous United States Trademark registrations and applications

20    incorporating the GALLUP mark for use in connection with surveys, public opinion polls,

21    business management consulting, as well as other goods and services. These registrations and

22    applications for GALLUP marks include:

23
| Reg./Serial No. | Mark | Goods/Services |
|---|---|---|
| 1,266,004 | THE GALLUP POLL | Public opinion polling |

24

OM-261072-2                                         4

COMPLAINT

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

| 2,242,387 | GALLUP | Public opinion polling services |
|---|---|---|
| 2,220,843 | THE GALLUP SCHOOL | Educational services . . .in the field of polling techniques, methodology, and the interpretation of polling results |
| 2,548,974 | GALLUP TUESDAY BRIEFING | Newsletter on current events |
| 2,565,129 | GALLUP MANAGEMENT JOURNAL | Magazines and periodicals, namely, journals relating to matters of interest to management. |
| 76/376,913 | THE GALLUP PATH | Business Management Consulting Services |
| 78/320,505 | GALLUP PUBLISHING | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |
| 78/320,708 | GALLUP UNIVERSITY | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |
| 78/320,754 | GALLUP PRESS | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |
| 78/320,782 | GALLUP CONSULTING | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |
| 78/320,797 | GALLUP INSTITUTE | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |
| 78/321,159 | GALLUP | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). |

13.     Gallup has also registered the GALLUP mark with United States Customs &

OM-261072-2

COMPLAINT

5

1   Border Protection, under customs recordation number TMK 06-00283.

2   14.   Gallup has used, continues to use, or maintains a bona fide intent to use the

3   referenced GALLUP marks in connection with the various goods and services as shown in the

4   chart above and/or as shown in the corresponding registrations or applications.

5   15.   For over 70 years, Gallup has invested and continues to invest substantial

6   resources in promoting its goods and services in connection with the GALLUP marks—

7   specifically including surveys, public opinion polls, and business management consulting

8   services.

9   16.   As a result of Gallup's use and promotion of the GALLUP marks in conjunction

10   with its high quality goods and services, the GALLUP marks have acquired a strong and

11   favorable public recognition and distinctiveness identifying Gallup as the source of surveys,

12   public opinion polling, and business management consulting services of the highest quality,

13   credibility and reliability.

14   17.   Through widespread and continuous use, advertisement, and promotion by

15   Gallup, the trade and purchasing public recognize that Gallup is the source of surveys, public

16   opinion polling, business management consulting services, and related goods identified by and

17   used in connection with the GALLUP marks.

18   18.   As a result of extensive use and promotion by Gallup, the GALLUP marks have

19   become famous and distinctive marks of incalculable value uniquely associated with Gallup and

20   the high quality, credibility and reliability of its goods and services.

21   19.   The GALLUP marks are famous and became famous decades prior to any use of

22   the term by Defendants.

23

24

OM-261072-2                                                6
COMPLAINT                                                                  Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                                           Case No. _____

1

**Defendants' Unauthorized Use of the GALLUP Mark**

2      20.    Upon information and belief, Defendant BRB, guided by its chairman, Defendant

3   Gilani, operates as an opinion and socio-economic research organization, providing survey and

4   opinion polls on political, social, and business topics.

5      21.    Upon information and belief, Defendant BRB uses the mark GALLUP in its trade

6   name, Gallup Pakistan, and prominently displays the GALLUP mark on its publications and

7   website.

8      22.    Defendants attempted to register the GALLUP mark in Pakistan, under

9   Application No. 124363 to the Trade Marks Registry, with respect to paper and paper articles,

10  cardboard and cardboard articles, printed matter, programme schedule, newspapers, magazines,

11  periodicals, reports, evaluations, diagrams, charts, print-outs, instructional manuals, survey

12  questionnaires, interview doing charts, compilations, books, bookbinding material, photographs,

13  stationery, bags, envelops, adhesive materials, artists materials, typewriters and office requisites,

14  printed promotional material within class 16, instructional and teaching material, playing cards,

15  and stereotype.

16     23.    In the case before the Registrar of Trade Marks at Karachi, captioned *In the*

17  *matter of Opposition No. 56/1999 to Application No. 124363 in class 16 for the Trade Mark*

18  *GALLUP* ("*Opposition No. 56/1999*"), Gallup opposed Defendants' attempted registration and

19  requested that Gallup's own application to register the GALLUP mark in Pakistan be granted.

20     24.    In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan refused

21  Defendants' application to register the mark GALLUP and allowed Gallup's application to

22  register the mark GALLUP to proceed to registration.  A copy of the Registrar's decision is

23  attached hereto as Exhibit A.

24

1    25.    In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan found as
2    follows:

3    a.    "The adoption of the mark GALLUP by [Defendant BRB] is dishonest
4    [and] fraudulent. [Defendant BRB] had prior knowledge that rights in the trade mark
5    GALLUP vests exclusive with [Gallup]."

6    b.    "[Defendant BRB] has no justification to adopt the well known trade mark
7    of the foreign company in its name."

8    c.    "The attempt of securing registration of the mark GALLUP by [Defendant
9    BRB] is an attempt to capitalize [on] [Gallup's] mark GALLUP."

10    d.    "Since the adoption of the trade mark GALLUP by [Defendant BRB] is
11    malafide, therefore any use of the said mark in Pakistan does not support to [Defendant
12    BRB] and such dishonest use can not [sic] be protected in the law."

13    e.    "There is every likelihood of confusion and deception if [Defendant
14    BRB's] mark is allowed to proceed to registration."

15    26.    Upon information and belief, despite Defendants' failed attempt to register the
16    mark GALLUP in Pakistan and Gallup's success in doing so, Defendants have continued using
17    and prominently featuring the mark GALLUP in connection with its services and publications.

18    27.    Upon information and belief, Defendants maintain a website found at
19    http://gallup.com.pk. Upon further information and belief, Defendants' website is maintained in
20    English, is accessible by individuals and entities in the United States, and prominently displays
21    links to the results of its public opinion polls on its home page. A copy of BRB's homepage is
22    attached as Exhibit B and is incorporated by reference.

23    28.    At Defendants' website, Defendants market their services and release the results

24

OM-261072-2                                              8
COMPLAINT                                                        Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                                 Case No. _____ _____

1   of their surveys and polls of Pakistani public opinion on political, social and business topics.

2   Upon information and belief, Defendants disseminate the results of these polls to the public and

3   press, free of charge.

4       29.     Upon information and belief, Defendants' press releases of their polls

5   prominently feature the GALLUP mark.  A copy of Defendants' press release of January 11,

6   2008 is attached as Exhibit C.

7       30.     Upon information and belief, between January 11, 2008 and February 22, 2008,

8   Defendants released six polls regarding Pakistani public opinion of issues surrounding the

9   Pakistani parlimentary elections and Pakistan's President Pervez Musharraf.  The results of these

10  six polls each bore the mark GALLUP and were made available to the public and press at

11  Defendants' website.  A copy of Defendants' press release of February 11, 2008 is attached as

12  Exhibit D.  A copy of Defendants' press release of February 15, 2008 is attached as Exhibit E.  A

13  copy of Defendants' press release of February 18, 2008 is attached as Exhibit F.  A copy of

14  Defendants' press release of February 21, 2008 is attached as Exhibit G.  A copy of Defendants'

15  press release of February 22, 2008 is attached as Exhibit H.

16      31.     Due to recent events in Pakistan, including the assassination of Benazir Bhutto,

17  and the election's implications on United States foreign policy, the Pakistani parliamentary

18  election and the polls released by Defendants garnered much attention from the press in the

19  United States and abroad.

20      32.     The results of Defendants' polls, all bearing the mark GALLUP, were published

21  by the following news organizations in the United States, either in print or electronic form, or

22  both:

23          a.      ABC News (Associated Press), January 13, 2008.

24

OM-261072-2                                 9
COMPLAINT                                                    Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                                Case No. _____

| 1 | | b. | Bloomberg, Feb. 21, 2008. |

 

b.  Bloomberg, Feb. 21, 2008.

c.  The Boston Globe (Reuters), February 13, 2008.

d.  The Christian Science Monitor, February 8, 2008.

e.  The Christian Science Monitor, February 15, 2008.

f.  CNN, February 15, 2008.

g.  Los Angeles Times, February 14, 2008.

h.  New York Times, January 22, 2008.

i.  PR News Wire, Feb. 13, 2008.

j.  Reuters, February 7, 2008.

k.  Reuters, February 19, 2008.

l.  Seattle Times, February 18, 2008.

m.  Time, January 24, 2008.

n.  Time, February 13, 2008.

o.  USA Today (Associated Press), January 13, 2008.

p.  USA Today, February 14, 2008.

q.  The Week, January 25, 2008.

33.  Upon information and belief, Defendants' poll results, with their accompanying unauthorized use of the GALLUP mark, were also widely published by the international press.

34.  The reason Defendants' poll results garnered the media attention they did was because people in the media believed the poll results were associated with Gallup.

35.  Upon information and belief, not only were Defendants' poll results widely published under the GALLUP mark, but Defendant Gilani affirmatively promoted and discussed the poll results with National Public Radio (NPR), headquartered in Washington, D.C., as well as

OM-261072-2
COMPLAINT

10

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____ _____

1 in an internet-broadcast teleconference with the Center for Strategic International Studies, also
2 headquartered in Washington, D.C.

3     36.    On NPR's Morning Edition on February 12, 2008, Jackie Northam reported from
4 Islamabad, Pakistan as follows:

5     Jackie Northam: "Dr. Ijaz Gilani heads up the Pakistani chapter of the Gallup polling
6 organization. Gilani says his group asked the Pakistanis if they felt Musharraf was critical in
7 helping stamp out terrorism."

8     Defendant Gilani: "When we frame a question such as this, that would Musharraf's
9 departure be helpful or hurt the control of terrorism, close to 70 percent said that if Musharraf
10 leaves, controlling terrorism would become easier."

11     Jackie Northam: "Musharraf has said he would resign only when he felt the people of
12 Pakistan didn't want him in power anymore. The recent polls may indicate that time has come."

13     37.    Upon information and belief, on February 15, 2008, Defendant Gilani participated
14 in a teleconference event of the Center for Strategic & International Studies, entitled "Pakistan's
15 Elections: Free, Fair, and Safe? Pre-Election Analysis." Upon further information and belief,
16 the teleconference was broadcast over the internet and the audio file of the broadcast can be
17 found at http://www.csis.org. At the teleconference, Defendant Gilani was introduced as the
18 "Chairman of Gallup Pakistan" and Defendant Gilani discussed Defendants' poll results, as well
19 as the history of elections in Pakistan.

20     38.    Upon information and belief, Defendant Gilani has also appeared in the United
21 States, giving presentations on papers and poll results which bear the GALLUP mark.

22     39.    Upon information and belief, between February 28 to March 3, 2007, Defendant
23 Gilani appeared at the International Studies Association 2007 Annual Convention in Chicago,

24

OM-261072-2
COMPLAINT

11

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

1    Illinois and presented a paper entitled "Reflections on Americanism and Anti-Americanism."

2    The title page of the paper bore the GALLUP mark. A copy of Defendant Gilani's "Reflections

3    on Americanism and Anti-Americanism" is attached as Exhibit I.

4        40.    Upon information and belief, on March 27, 2008, Defendant Gilani will again

5    participate at the International Studies Association 2008 Annual Convention in San Francisco,

6    California.

7        41.    Gallup—the true owner of the famous GALLUP marks—did not perform any

8    surveys or opinion polls of Pakistani public opinion leading up to the Pakistani elections.

9        42.    Upon information and belief, Defendants' decision to use the GALLUP mark in

10    connection with its surveys and polls was done with the intent to capitalize upon the fame and

11    recognition of the famous GALLUP marks, and the associated credibility, reliability and

12    goodwill, in connection with the business of Gallup—namely, the provision of public opinion

13    polls and business management consulting—that have been associated with the GALLUP marks

14    for over 70 years.

15        43.    Defendants knew or reasonably should have known that the distribution and

16    promotion of survey and poll results under a GALLUP mark in the United States and elsewhere

17    would create the likelihood of confusion among consumers as to the source, affiliation,

18    connection, origin, authorization and sponsorship of the surveys and polls and would dilute the

19    distinctive quality of the GALLUP mark.

20        44.    Defendants knew or reasonably should have known that the distribution and

21    promotion of survey and poll results under a GALLUP mark would create the false impression in

22    the minds of consumers and readers of the poll results that Defendants' surveys and polls were

23    conducted by Gallup, a recognized leader in both opinion polling and business management

24

OM-261072-2
COMPLAINT

12

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

1 | consulting.

2 | **Injury to Gallup and the Public**

3 | 45. Defendants' use of the GALLUP mark in connection with an opinion poll or 4 | survey in the area of business management or political or socio-economic opinion will falsely 5 | indicate to consumers that Defendants' surveys and polls originate from, is approved by, is 6 | sponsored by, is licensed by, or is otherwise affiliated with Gallup and is associated with the 7 | opinion polls, surveys, and/or management consulting offered in connection with the GALLUP 8 | family of marks.

9 | 46. Upon information and belief, Defendants' use of the GALLUP mark in 10 | connection with opinion polls, surveys, and management consulting occurs in the same markets 11 | and channels of trade as those offered by Gallup under the GALLUP family of marks.

12 | 47. Defendants' use of GALLUP as described above has caused or is likely to cause 13 | confusion, to cause mistake, or to deceive customers of both Gallup and the Defendants and to 14 | cause the dilution of the distinctive quality of the GALLUP mark.

15 | 48. Defendants' use of GALLUP as described above has or will unjustly enrich 16 | Defendants at the expense of Gallup and its goodwill in the GALLUP marks.

17 | 49. Defendants' use of GALLUP as a trademark as described above removes Gallup's 18 | ability to control the nature and quality of goods provided in connection with the GALLUP 19 | marks, and places its valuable reputation and goodwill beyond its control and into the hands of a 20 | remote company with the distribution capability to damage the famous GALLUP marks 21 | worldwide.

22 | 50. Upon information and belief, Defendants' actions to infringe and dilute the 23 | trademark rights of Gallup were willful in that Defendants had knowledge of Gallup's famous

24 |

OM-261072-2                                                                13
COMPLAINT                                                                          Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                                                   Case No. _____

1    GALLUP family of marks and acted in reckless disregard of the likelihood of confusion and

2    dilution that would result from its use of the GALLUP mark in connection with their poll results.

3    51.    Unless restrained by this Court, Defendants' unlawful acts will cause or continue

4    to cause irreparable injury to Gallup and to the public, for which there is no adequate remedy at

5    law.

6
## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
7    (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

8    52.    Gallup realleges and incorporates by reference the foregoing paragraphs of its

9    Complaint as if fully set forth herein.

10    53.    Defendants' actions, as set forth above, and Defendants' use of the mark

11    GALLUP constitutes or will constitute infringement of Gallup's registered trademarks in

12    violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Gallup to an injunction against said

13    use pursuant to 15 U.S.C. § 1116.

14    54.    As a direct and proximate result of Defendants' infringing activities, Gallup has

15    been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to

16    compensate for this harm and damage.

17    55.    Defendants' infringement of Gallup's trademarks as alleged herein is an

18    exceptional case and was intentional, entitling Gallup to treble its actual damages and to an

19    award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

20
## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
21    (False Designation of Origin and False Description)
(15 U.S.C. § 1125(a); Lanham Act § 43(a))
22

56.    Gallup realleges and incorporates by reference the foregoing paragraphs of its
23
Complaint as if fully set forth herein.
24

OM-261072-2                                    14

COMPLAINT

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

57. Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP constitutes or will constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Gallup, or as to the origin, sponsorship, or approval of Defendants' goods and/or services by Gallup. Such actions constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125.

58. As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged. Gallup's remedies at law are inadequate to compensate for this harm and damage.

## THIRD CLAIM
### FEDERAL DILUTION OF FAMOUS MARKS
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

59. Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

60. Gallup's family of GALLUP trademarks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

61. Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP has caused actual dilution and will continue to cause dilution of the distinctive quality of Gallup's famous GALLUP marks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

62. By reason of the foregoing, Gallup has been or will be irreparably harmed and damaged. Gallup's remedies at law are inadequate to compensate for this harm and damage.

63. Because Defendants willfully intended to trade on Gallup's reputation or to cause dilution of Gallup's famous trademarks, Gallup is entitled to damages, extraordinary damages,

1  fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

2  **FOURTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
3  **(Cal. Bus. & Prof. Code § 17200)**

4  64.     Gallup realleges and incorporates by reference the foregoing paragraphs of its
5  Complaint as if fully set forth herein.

6  65.     Defendants' infringement of Gallup's trademarks constitutes "unlawful, unfair or
7  fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising"
8  within the meaning of California Business & Professions Code § 17200.

9  66.     As a direct and proximate result of Defendants' infringing activities, Gallup has
10  been or will be irreparably harmed and damaged. Gallup's remedies at law are inadequate to
11  compensate for this harm and damage.

12  67.     As a consequence of Defendants' actions, Gallup is entitled to injunctive relief
13  and an order that Defendants disgorge all profits earned as a result of Defendants' infringing use
14  of the GALLUP mark.

15  **FIFTH CLAIM**
**COMMON LAW UNJUST ENRICHMENT**
16
17  68.     Gallup realleges and incorporates by reference the foregoing paragraphs of its
Complaint as if fully set forth herein.
18
19  69.     Defendants' actions as set forth above and Defendants' use of the mark GALLUP
provided a benefit to Defendants at the expense of Gallup.
20
21  70.     Defendants had knowledge and appreciation of the benefit conferred upon
Defendants by their conduct.
22
23  71.     It would be inequitable for Defendants to retain the benefit without paying
Gallup.
24

OM-261072-2                                          16
COMPLAINT                                                    Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                             Case No. _____

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Gallup prays that this Court grant it the following relief:

3      1.      Adjudge that Gallup's trademarks have been infringed by Defendants in violation

4   of Gallup's rights under common law and 15 U.S.C. § 1114.

5      2.      Adjudge that Defendants have competed unfairly with Gallup in violation of

6   Gallup's rights under common law, 15 U.S.C. § 1125(a), and/or California law.

7      3.      Adjudge that Defendants' activities are likely to, or have, diluted Gallup's famous

8   trademarks in violation of Gallup's rights under common law and 15 U.S.C. § 1125(c).

9      4.      Order that Defendants, as well as their  affiliates, officers, agents, servants,

10   employees, attorneys, successors, assigns, and all those persons in active concert or participation

11   with any of them, be enjoined and restrained, at first during the pendency of this action and

12   thereafter permanently, from:

13          a.      Using, in connection with the promotion, advertising, offering, or sale of

14      any opinion poll, survey, or consulting services, the mark GALLUP or any other

15      designation that is confusingly similar to GALLUP or any of the GALLUP marks; is

16      likely to cause confusion with the GALLUP marks; or dilutes or is likely to dilute the

17      GALLUP marks.

18          b.      Utilizing the internet domain name, gallup.com.pk, for their internet

19      website.

20          c.      Otherwise competing unfairly with Gallup in any manner including (1)

21      adopting or infringing upon Gallup's GALLUP marks, or (2) adopting or using any other

22      marks or designations that are confusingly similar to the GALLUP marks.

23          d.      Conspiring with, aiding, assisting or abetting any other person or business

24

OM-261072-2

COMPLAINT

17

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. _____

1    entity in engaging in or performing any of the activities referred to above.

2        5.      Order Defendants to immediately remove all references to Gallup or the
3    GALLUP marks from Defendants' corporate or trade name and from any survey, website,
4    brochure, newsletter, publication or any other advertising, marketing, or promotional material of
5    Defendants.

6        6.      Order Defendants to deliver up for destruction or show proof of destruction of any
7    and all products, advertisements, publications, labels and any other materials in their possession
8    or control that depict or reference the mark GALLUP in connection with the goods and/or
9    services of the Defendants.

10       7.      Order Defendants to provide notice or corrective advertising to each and every
11   known reader or recipient of the Defendants' recent survey and poll results to disclaim any
12   association, affiliation, endorsement, or approval by Gallup with respect to the GALLUP marks.

13       8.      Order Defendants to file with this Court and to serve upon Gallup a report in
14   writing and under oath setting forth in detail the manner and form in which Defendants have
15   complied with any injunction resulting from this matter within thirty days after service of such
16   injunctions.

17       9.      Adjudge that Gallup recover from Defendants its damages in an amount to be
18   proven at trial.

19       10.     Order an accounting be directed to determine Defendants' profits or increases in
20   revenue or recognition resulting from its acts of infringement, dilution, unfair competition, and
21   unjust enrichment, and impose a constructive trust on all of Defendants' funds and assets that
22   arise out of Defendants' infringing activities.

23       11.     Adjudge that Defendants be required to account for any profits that are

24

OM-261072-2                                   18
COMPLAINT                                                    Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                             Case No. _____

1  attributable to their illegal acts, and that Gallup be awarded the greater of three times

2  Defendants' profits or three times any damages sustained by Gallup, under 15 U.S.C. § 1117,

3  plus prejudgment interest.

4      12.    Adjudge that Defendants be required to pay Gallup punitive damages for their

5  oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages

6  incurred by Gallup or on proof of Defendants' unjust enrichment.

7      13.    Adjudge that Gallup be awarded its costs incurred in pursuing this action,

8  including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9      14.    Order all such other relief as the Court deems appropriate.

10

11      Dated this 21st day of March, 2008.

12                    Respectfully submitted,

13

                  By: _Monica K. Hoppe_

14                    Monica K. Hoppe (Bar # 197576)
                  Trenten P. Bausch (*pro hac vice* application

15                    forthcoming)
                  Henry L. Wiedrich (*pro hac vice* application

16                    forthcoming)
                  HUSCH BLACKWELL SANDERS LLP

17                    1620 Dodge Street, Suite 2100
                  Omaha, NE 68102

18                    Telephone: (402) 964-5000
                  Facsimile: (402) 964-5050

19

                  Attorneys for Plaintiff

20                    GALLUP, INC.

21

22

23

24

OM-261072-2                19
COMPLAINT                              Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                            Case No. _____

1

## **DEMAND FOR JURY TRIAL**

2

Gallup demands that this action be tried to a jury.

3

Dated this 21st day of March, 2008.

4

Respectfully submitted,

5

6

By: _____

Monica K. Hoppe (Bar # 197576)

7

Trenten P. Bausch (*pro hac vice* application
forthcoming)

8

Henry L. Wiedrich (*pro hac vice* application
forthcoming)

9

HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100

10

Omaha, NE 68102
Telephone: (402) 964-5000

11

Facsimile: (402) 964-5050

12

Attorneys for Plaintiff

13

GALLUP, INC.

14

15

16

17

18

19

20

21

22

23

24

OM-261072-2

20

COMPLAINT