FROM :

FAX (14 pages including this)

# DR. IJAZ SHAFI GILANI

8 May 2008

The Chief Clerk
US District Court
California Northern District (San Francisco)
Fax No. 415 522 3605

**FILED**

MAY X 8 2008

450 Golden Gate Avenue 16th Floor Room 11-11

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

San Francisco, California 94102

<u>Sent by fax and simultaneously mailed by courier</u>

## URGENT

Dear Sir,

<u>Gallup Inc -v- Business Research Bureau (1) and Ijaz Shafi Gilani (2)</u>
<u>Civil Docket for Case #: 3:08-cv-01577-EDL</u>

I refer to my letter of yesterday, a copy of which is attached. For the convenience of the Court, in this letter I repeat paragraphs 1 – 5 which were set out in the letter of yesterday. The additional matters to which I wish to draw the Court's attention are set out in paragraph 6 onwards.

I am the second defendant in the above Case.

I am writing to you as I understand the Plaintiff, Gallup Inc, may apply for a Default Judgement against me and also against the First Defendant, Business Research Bureau ("BRB").

I formally request the Court to treat this letter as (a) my Answer to the Complaint and to permit me to file my Answer out of time, or alternatively (b) to oppose any application by the Plaintiff for Default Judgement against me and BRB. In this regard I refer to the following:

1- The first time I became aware that Gallup Inc. had started Court proceedings against me was only because a firm of lawyers based in San Francisco, with whom I had no prior dealings and of whom I had no

# DR. IJAZ SHAFI GILANI

knowledge, contacted me on my Pakistan address to say that they had discovered these proceedings by going through the public record at Court and they asked if I wished to instruct them to act for me.

2- The first time I actually saw these proceedings (without copies of the Exhibits referred to therein which I still not seen) was on April 19, 2008 when I was in Pakistan. This was a result of lawyers with offices in San Francisco and San Diego, Musick, Peeler & Garrett LLP who had been introduced to me obtaining a copy of the Court papers.

3- I saw that those papers included a sworn statement that the proceedings were served on me and on Business Research Bureau on March 27, 2008 at 33 O'Farrell Street, San Francisco, CA 94102. The manner of service was stated to be "Personal Service – By Personally Delivering Copies." However, I wholeheartedly challenge that service was effected on me, let alone also on BRB.

4- i clearly recall what happened on the morning of March 27, 2008. This is because I was due to address a private academic meeting, for which entry was by ticket/paid registration only, at a conference of the International Studies Association Convention. Just before I was due to give my address, two gentlemen who **never** introduced themselves to me nor explained their purpose in trying to speak to me nor did they explain the nature and effect of the contents of an envelope which they tried to push towards me. I did not receive nor did I touch the envelope nor any of its contents and had no understanding at all that these men were attempting to affect service of legal proceedings on me. I have never previously experienced anyone trying to serve proceedings on me in this way. I found the sudden interruption by these men (who I am sure did not have tickets to enter the private area) an enormous distraction to me while I was concentrating my detailed thoughts on preparing to give my address.

5- Soon after I saw the papers on April 19, 2008 I arranged for Musick, Peeler to contact the lawyers acting for the Plaintiff to request an extension of time beyond the time limit prescribed in the Court papers for filing an Answer. I did this so that I could try to fund obtaining legal advice and to see whether it might be possible for me to retain Musick, Peeler on the basis that they formally went on the Court record to represent me. They spoke with the Plaintiff's lawyer who agreed to an extension until the end

# DR. IJAZ SHAFI GILANI

of last Friday May 2, 2008.   Unfortunately, as a researcher and an academic from a low income country, I do not have sufficient available funds to retain Musick, Peeler on this basis which is why I am now writing this letter directly to the Court.

6-   I am not a US National, Resident or owner of any property or other asset in the United States.

In 1984, I founded a company called Business Research Bureau (Private) Limited ("BRB(P)L") and became a Director. I cannot find any reference to such an entity in the Plaintiff's Complaint. I assume from the Plaintiff's references to "Business Research Bureau" that it intended to join Business Research Bureau (Private) Limited as a Defendant. I ask the Court to rule on whether the Complaint is deficient in this regard.

7-   In any event, BRB(P)L ceased to trade in 1996. Accordingly, since then it has not conducted any business activity anywhere in the World and therefore also since then it has not used the name or Mark **GALLUP PAKISTAN**. At the end of January 2008, all relevant papers relating to BRB(P)L were filed by a firm of accountants in Pakistan, Ahsan Vohra & Co. with the Pakistan Securities and Exchange Commission for the purpose of having BRB(P)L formally struck off the Register of Companies. One of those papers included a Certificate by Ahsan Vohra & Co dated 31 January 2008 that, among other things, BRB(P)L was not at that time carrying on any business or any operation and that it had no assets or liabilities. The relevant fee for this was paid at the time as can be seen from a copy of a form produced by Habib Bank Ltd and completed by the Bank in manuscript which shows the credit of Rupees 3,500 made to the identified account of the Securities Exchange Commission of Pakistan in respect of BRB(P)L which form was stamped by the Bank on 31 January 2008. Copies of the Certificate and the stamped receipt are attached as Appendix I. I am advised by Ahsan Vohra & Co that, under Pakistan law, as at March 24, 2008, BRB(P)L was regarded as no longer in existence as a company.

8-   This means that (contrary to the Plaintiff's statements in its Complaint), at the time these proceedings were issued on March 24 2008 and certainly by March 27, 2008 BRB(P)L was not in existence and therefore was not then conducting any business activity either Pakistan or in the US nor indeed anywhere else. Accordingly, at that time and for 10 years previously it was not maintaining any website, let alone the one to which the Plaintiff refers

# DR. IJAZ SHAFI GILANI

in paragraph 27 of its Complaint, nor was it using (nor had it used for such period) the name and Mark **GALLUP PAKISTAN** anywhere in the World.

9- Accordingly, I ask the Court to Order that no proper service of these proceedings on BRB has been made and that the Plaintiff is not entitled to Default Judgement against BRB.

10- I am surprised that the Plaintiff makes allegations against BRB in these proceedings when it knew, or it should have known, that the Pakistani organization which in fact conducts business activities by using the name and Mark **GALLUP PAKISTAN** as it has done for several years and maintains a website which is hosted in Pakistan is Gallup Business Research Services ("GBRS") with which I am associated. The Plaintiff knows this as it is engaged in heavily disputed litigation in Pakistan with GBRS regarding the name and Mark **GALLUP PAKISTAN**.

11- The status of the Pakistan proceedings, which are being conducted in the High Court of Sindh (Pakistan), is that GBRS is appealing against the decision of the Pakistani Registrar of Trade Marks to which the Plaintiff refers in paragraphs 23 - 25 of its Complaint. That Appeal is about to be heard very shortly. In the meantime, as the Plaintiff is well aware (but chose not to include in its Complaint in these proceedings), the Court has ordered that there be a stay of the Decision of the Registrar until the hearing of the Appeal which is likely to take place very shortly. Indeed, as the Plaintiff will also be aware from its own lawyers in Pakistan, it has been necessary to attend the Appeal Court on several occasions this year when the Appeal was listed to take place but was not heard due to lack of time. A copy of the Order of the High Court of Sindh is attached as Appendix II.

12- I should explain that, since 1980 the name **GALLUP PAKISTAN** has been used in Pakistan by my research organisation with the full knowledge and active encouragement of Dr George Gallup who was the founder of the Plaintiff Company when it was incorporated in the late 1950's. This name was subsequently applied to be registered as a Trade Mark in Pakistan in 1994 by GBRS. The Plaintiff's objection to the continued use in Pakistan of the name and mark **GALLUP PAKISTAN** was raised only in 1999 which was well after Dr Gallup died in 1984 and the present individual owners of the Plaintiff acquired their interest in the Plaintiff in the late 1980's. I strongly deny that the Plaintiff has established internationally

# DR. IJAZ SHAFI GILANI

recognised goodwill and reputation in the Gallup mark. It has not done so in Pakistan, nor in a number of other countries throughout the World. I can establish this by evidence in the Case.

13- I refer to paragraph 39 of the Complaint and expressly deny that I presented to the International Studies Association 2007 Annual Convention in Chicago Illinois the paper to which the Plaintiff refers and which I assume is attached to the Complaint as Exhibit 1. Indeed, I presented no documentation, nor any other written or visual materials at that Convention. This can be confirmed by the two respectable Professors who co-chaired the session, Professor Robert Keohane who teaches at Princeton and Professor Peter Katzen Stein who teaches at Cornell. The Convention was attended entirely by prominent university Professors and academics. I attended only in my capacity as Professor at the International Islamic University in Islamabad. This is evidenced by the relevant entries on the website of International Studies Association which carries the programme details of the 2007 Convention in Chicago and the 2008 San Francisco Convention which I attended on March 27, 2008 to which the Plaintiff refers in Paragraph 40 of its Complaint. Copies of those entries are attached as Appendix III.

14- After I returned to Pakistan, I wrote up a paper which gave the details of the address which I presented to the 2007 Convention. I also included in that document information about the results of polls carried out in Pakistan by Gallup Pakistan. I assume this is the document which forms Exhibit 1 referred to in paragraph 29 of the Plaintiff's Complaint. I requested a Research Assistant at GBRS to place this document in the section entitled "Gilani Corner" on the website which is operated and maintained only by GBRS. This section carries only my personal writings and documents and is not in any way connected with the business activities of GBRS. The placing of the Gallup Pakistan logo on the paper I wrote up was made by GBRS in error and without my knowledge or request and has now been removed.

15- I would comment that the main purpose of the website is to give information about GBRS and its services and products none of which can be purchased on line and some of which are available to be downloaded without payment. None of these services and products are specifically targeted to potential customers in the United States but instead are generally available to potential customers and non-paying interested persons throughout the World. I cannot see how the possibility of

# DR. IJAZ SHAFI GILANI

accessing on the website from the United States, documents which embody the Gallup Pakistan Logo and the name and Mark **GALLUP PAKISTAN** might have a substantial effect on commerce in the United States.

16- I wish to make absolutely clear that I fully respect the legal right of the Plaintiff to use its Mark, Gallup, in the United States. I have never intended to take nor do I believe I have taken any step myself nor have I authorised or permitted or enabled others to infringe this Mark in the United States.

In summary, therefore, I respectfully ask this Court to order that:-

(1) This letter be treated as my Answer in these proceedings,

(2) There be an extension of time for filing this letter as my Answer,

(3) The Plaintiff therefore be denied the entry of Default Judgment against me and that I be permitted to defend the Complaint,

(4) That no proper service has been effected on BRB.

Lastly, please kindly record my address at the bottom of this letterhead as the address on the Court record for the service of documents in this Complaint.

Yours faithfully,

Dr. Ijaz Shafi Gilani
May 8, 2008

Ahsan Elahi Vohra
FCA, FCMA, FPA, FICS
CPA, FCIS, FCMA, FCMA

# Ahsan Vohra & Co.
Chartered Accountant

## Auditors' Certificate

We have examined the books and record of **M/s. Business Research Bureau (Private)**
**Limited,** and have Obtained all the information and explanation which to the best of our
knowledge and belief were necessary for the purpose of this certificate and after due
verification thereof, we certify that **M/s. Business Research Bureau (Private) Limited,**
has no assets/liabilities and that it is not carrying on any business or any operation; and
that it has no liabilities outstanding in relation to any loan(s) obtained from the
banks/financial institutions, taxes, utility charged, or any obligations towards government
department or private parties.

Place: Karachi
Date: 31-01-2008

**AHSAN VOHRA & CO**
**CHARTERED ACCOUNTANT**

Office # 313, 3rd Floor, Beaumont Plaza, Civil Lines. Behind PIDC House, Karachi.
Phone. 5657205 - 5650456 Fax : 5657206 E-mail : ahsanvohra@cyber.net.pk

# HABIB BANK LTD

*Plaza*

CRO's challan
(to be attached with documents)

Dated: _____

Challan No: 1123596

Credit to: Securities and Exchange Commission of Pakistan

Account No: 10464-6

Name of Company: All Business Research Bureau (Pvt) Limited

Registration No: RC-234/7759/CLD/M-11079

| Code No. | Accounts | Amount |
|---|---|---|
| 1100 | Receipts under Companies Ordinance, 1984 | |
| | Registration Fee | |
| 1120 | Filing Fee | |
| 1130 | Additional Filing Fee | |
| 1140 | Account... Fee | |
| 1150 | Inspection Fee | |
| 1170 | ... Fee | |
| 1180 | ...ation Fee | |
| 1190 | Penalty | |
| | Others (to be specified) | |
| 1210 | Receipts under Securities and Exchange Ordinance, 1969 (Please specify the nature of fee) | 3500 |
| | Company Easy Exit Scheme (CEES) Year 2007 | |
| 1310 | Receipts under Modaraba Companies and Modarabas (Floatation and Control) Ordinance, 1980 (Please specify the nature of fee) | |
| 1410 | Other (to be specified) | |
| | **Total** | |

Rupees (in words): *Three Thousand five hundred only*

Name of Depositor: _____

Signature of Depositor: _____

Manager

HABIB BANK ...
CRO ...
2-HB... PLAZA...

3 1 JAN 20...

Cashier

## ORDER SHEET

## IN THE HIGH COURT OF SINDH, KARACHI

### M.A. 11 OF 2006

| Date | Order with signature of Judges |
|---|---|

    1.  For Orders on C.M.A. No.2014/2006.
    2.  For Orders on M.A. No.2015/2006.
    3.  For Katcha Peshi.
    4.  For Orders on M.A. No.2016/2006.

31.03.2006

Mr. Ijaz Ahmed Advocate for the Appellant.

* * * * * * * * * * * *

1.  Granted.

Contention of learned counsel for the Applicant is that the Opponent's application No.129970 has been allowed to proceed for Registration, in case it is allowed, it will cause loss to the business and reputation of appellant, who is working as representative of Gallup since 1979. Because of the gravity of appellant's case Registrar of trade mark has suspended execution of the same till expiry of appeal period, that period is about to expire, therefore, there was a need to move application during vacation.

2.  Granted subject to certain exemptions.

3.  Case applicant is that he being one of the representative of Gallup world wide association who has introduced the program of public opinion survey and research, is conducting such survey since long and for last two decades, is the exclusive user of trade mark Gallup in Pakistan whereas respondent No.2 neither own nor operate any company under the

Appendix 2 (Contd--- )

trade ........ ...... Pakistan. Point requires consideration. Issue pre-admission notice to respondent.

4. .........

... In the meanwhile the operation of impugned order be suspended till next date of hearing.

SD/- Mrs. Yasmin Abasey
                    Judge.

COPY APPLIED FOR ON Thirty 1st July 08
FEES ESTIMATED ON Second August 08
ESTIMATED FEES DEPOSITED
COPY MADE READY ON 2.8.06
STAMP SUPPLIED ON
COPY CERTIFIED ON
COPY DELIVERED ON

COPYING FEE ( FLS Rs. 6
URGENT FEE ( 8 / FLS Rs.
COMPARING FEE ( FLS Rs.

TOTAL Rs.

TYPED BY AW 08 8 6
COMPARED ON

8.6

*ISA Convention 2007*
*Chicago*
*Link:* http://isanet.arizona.edu/chicago2007/
*Prelim program 2007.pdf*

*Appendix 3*
*(a)*

*The Fortunes of Fishes and Fishers: The Political Economy of Innovation in Atlantic Resource Management*
**D. G. Webster**
USC Wrigley Institute For Environmental Studies

*Water Wars by Other Means: Virtual Water and Global Economic Restructuring*
**Andrew W. Biro**
Acadia University

*Discussant(s)*
**Amy L. Lovecraft**
Department of Political Science, University of Fairbanks

---

## SC09     Saturday     1:45 - 3:30 PM

## Constructivism – Identity, Interests, and Actions

### Sponsors
International Security Studies
None

*Chair(s)*
**Lamis Abdel-Aty**
McGill University

*Methodologizing Constructivism: Modifying Methods and Criteria*
**Amir Lupovici**
Hebrew University of Jerusalem

*National Identity Discourses and Foreign Policy: The Case of India*
**Girika Commuri**
California State University Bakersfield

*State Identity and Politics of Recognition in Northeast Asia*
**Eiji Kawabata**
Minnesota State University, Mankato

*Testing Constructivism: Operation Allied Force as Humanitarian Intervention?*
**Lamis Abdel-Aty**
McGill University

*Discussant(s)*
**Danku McIntosh**
Slippery Rock University of Pennsylvania

---

## SC10     Saturday     1:45 - 3:30 PM

## Anti-Americanisms in World Politics

### Sponsors
Convention Theme
None

*Chair(s)*
**Peter J. Katzenstein**
Cornell University

**Robert O. Keohane**
Princeton University

*Roundtable Discussants*
**Hayward R. Alker**
University of Southern California

**Ijaz Shafi Gilani**
International Islamic University


created with
**nitro**^PDF **professional**

*Appendix 3(b)*

ISA Convention 2008
San Francisco
Link: http://isanet.ccit.arizona.edu/sanfran2008
Preliminary Program. pdf

**Nadia Urbinati**
Columbia University

---

**TB06**   **Thursday**   **10:30 AM - 12:15 PM** Room:Plaza A

## Who's in Charge Here?: The Internet Governance Problem

### Sponsors
Innovative Panel

*Chair(s)*
**Milton Mueller**
Syracuse University

*Roundtable Discussants*
**William J. Drake**
Graduate Institute for International Studies, Geneva

**Markus Kummer**
UN Internet Governance Forum

**John Mathiason**
Syracuse University

*Discussant(s)*
**Nanette Levinson**
American University

---

**TB07**   **Thursday**   **10:30 AM - 12:15 PM** Room:Plaza B

## Roundtable In Memory of Hayward Alker

### Sponsors

*Chair(s)*
**Jack S. Levy**
Rutgers University

*Roundtable Discussants*
**Thomas Biersteker**
Brown University

**Neta Crawford**
Boston University

**Joshua Goldstein**
American University

**Robert Keohane**
Princeton University

**Steve Lamy**
University of Southern California

**Renee Marlin-Bennett**
Johns Hopkins University

**Heikki Patomäki**
University of Helsinki

**Ijaz Shafi Gilani**
International Islamic University

created with
**nitro**^PDF professional

# DR. IJAZ SHAFI GILANI

7 May 2008

The Chief Clerk
US District Court
California Northern District (San Francisco)
Fax No. 415 522 3605

450 Golden Gate Avenue 16th Floor Room 11-11

San Francisco, California 94102

Sent by fax; Will be followed up by a hard copy of this paper along with few other details
through courier

## URGENT

Dear Sir,

### Gallup Inc –v- Business Research Bureau (1) and Ijaz Shafi Gilani (2)
### Civil Docket for Case #: 3:08-cv-01577-EDL

I am the second defendant in the above Case.

I am writing to you as I understand the Plaintiff, Gallup Inc, may apply for a Default
Judgement against me and also against the First Defendant, Business Research Bureau
("BRB").

I formally request the Court to treat this letter as (a) my Answer to the Complaint and to
permit me to file my Answer out of time, or alternatively (b) to oppose any application by the
Plaintiff for Default Judgement against me and BRB. I will be following this up with a few
more points to complete this answer, tomorrow. In the meanwhile, I would like you to
consider the following:

1.  The first time I became aware that Gallup Inc. had started Court proceedings against
    me was only because a firm of lawyers based in San Francisco, with whom I had no
    prior dealings and of whom I had no knowledge, contacted me to on my Pakistan
    address to say that they had discovered these proceedings by going through the public
    record at Court and they asked if I wished to instruct them to act for me.

2.  The first time I actually saw these proceedings (without copies of the Exhibits
    referred to therein which I still not seen) was on April 19, 2008 when I was in
    Pakistan. This was a result of lawyers with offices in San Francisco and San Diego,
    Musick, Peeler & Garrett LLP who had been introduced to me obtaining a copy of the
    Court papers.

---

# DR. IJAZ SHAFI GILANI

3. I saw that those papers included a sworn statement that the proceedings were served on me and on Business Research Bureau on March 27, 2008 at 33 O'Farrell Street, San Francisco, CA 94102. The manner of service was stated to be "Personal Service – By Personally Delivering Copies." However, I wholeheartedly challenge that service was effected on me, let alone also on BRB.

4. I clearly recall what happened on the morning of March 27, 2008. This is because I was due to address a private academic meeting, for which entry was by ticket/paid registration only, at a conference of the International Studies Association Convention. Just before I was due to give my address, two gentlemen who **never** introduced themselves to me nor explained their purpose in trying to speak to me nor did they explain the nature and effect of the contents of an envelope which they tried to push towards me. I did not receive nor did I touch the envelope nor any of its contents and had no understanding at all that these men were attempting to affect service of legal proceedings on me. I have never previously experienced anyone trying to serve proceedings on me in this way. I found the sudden interruption by these men (who I am sure did not have tickets to enter the private area) an enormous distraction to me while I was concentrating my detailed thoughts on preparing to give my address.

5. Soon after I saw the papers on April 19,2008 I arranged for Musick, Peeler to contact the lawyers acting for the Plaintiff to request an extension of time beyond the time limit prescribed in the Court papers for filing an Answer. I did this so that I could try to fund obtaining legal advice and to see whether it might be possible for me to retain Musick, Peeler on the basis that they formally went on the Court record to represent me. They spoke with the Plaintiff's lawyer who agreed to an extension until the end of last Friday May 2, 2008. Unfortunately, as a researcher and an academic from a low income country, I do not have sufficient available funds to retain Musick, Peeler on this basis which is why I am now writing this letter directly to the Court.

6. In summary, therefore, I respectfully ask this Court to order that:-

      (1)    This letter, and the further points that I send tomorrow, be treated as my Answer in these proceedings,

      (2)    There be an extension of time for filing this letter as my Answer,

      (3)    The Plaintiff therefore be denied the entry of Default Judgment against me and that I be permitted to defend the Complaint,

      (4)    That no proper service has been effected on BRB.

7. Lastly, please kindly record my address at the bottom of this letterhead as the address on the Court record for the service of documents in this Complaint.

Yours faithfully,

**Dr. Ijaz Shafi Gilani**