MONICA K. HOPPE (Bar # 197576)
HUSCH BLACKWELL SANDERS LLP
1699 Laurelwood Drive
San Jose, CA 95125
Telephone:  (408) 829-2889
Facsimile:  (402) 964-5050
Email: monica.hoppe@huschblackwell.com

TRENTEN P. BAUSCH (*pro hac vice*)
HENRY L. WIEDRICH (*pro hac vice*)
HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100
Omaha, NE 68102
Telephone:  (402) 964-5000
Facsimile:  (402) 964-5050
Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com

Attorneys for Plaintiff
GALLUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLUP, INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>BUSINESS RESEARCH BUREAU, d/b/a GALLUP PAKISTAN, and IJAZ SHAFI GILANI,<br>            Defendants. | Case No. CV 08-1577   WHA<br><br>Honorable William H. Alsup<br><br>**DECLARATION OF MONICA K. HOPPE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

I, Monica K. Hoppe, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and before the federal courts in this State.  I am an attorney with the law firm Husch Blackwell Sanders LLP and I am counsel of record for Plaintiff Gallup, Inc. ("Gallup") in this matter.  I have personal

1   knowledge of the matters stated herein, except as to matters upon which I state are based upon

2   information and belief.  If called as a witness, I could and would competently testify to the same.

3         2.      This declaration is submitted in support of Gallup's Motion for Leave to File a

4   First Amended Complaint in the above-captioned action.

5         3.      Gallup's Motion is made in the interest of justice and not for the purposes of

6   delay.

7         4.      The first weblink listed in an internet search for "Business Research Bureau

8   Pakistan" is www.gallup.com.pk.  Exhibit A, attached hereto, is a true and correct copy of

    Google search results for "Business Research Bureau Pakistan."

9         5.      The archived webpages of the website www.gallup.com.pk contain the banner:

10  "Gallup/BRB Pakistan, World Leaders in Marketing Research."  Exhibit B, attached hereto, is a

11  true and correct copy of some of the archived webpages of the website www.gallup.com.pk.

12        6.      At the present time, it is unclear whether Business Research Bureau (Pvt.) Ltd.

13  ("BRB") or Gallup Business Research Services (Pvt.) Ltd. ("GBRS") is the business entity

14  operating as "Gallup Pakistan" and/or operating the website www.gallup.com.pk, or whether

15  both business entities are doing so.

16        7.      Gallup is moving the Court for Leave to File an Amended Complaint because

17  Gallup has been unable, despite reasonable efforts, to obtain Defendant's consent to Gallup filing

18  an amended complaint.

19        8.      As described in the following paragraphs, Gallup has tried repeatedly to contact

20  Defendant Gilani to discuss the parties' meet and confer obligations under Federal Rules of Civil

21  Procedure 16 and 26 and Local Civil Rule 16-9 and to obtain Defendant Gilani's consent to

22  Gallup filing an amended complaint.  Gallup has attempted to contact Defendant Gilani through

23  the Post Office Box address and telephone number he provided in his letter to the Court, filed

24  May 9, 2008.  In addition, Gallup has attempted to contact Defendant Gilani through the e-mail

1    address reflected on the website for Gallup Pakistan, for which Defendant Gilani serves as

2    Chairman.

3         9.     On May 14, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS

4    Express Mail & Proof of Delivery, detailing the parties' meet and confer obligations and

5    upcoming deadlines and requesting that Defendant Gilani contact me by phone, mail, or e-mail.

6    Exhibit C, attached hereto, is a true and correct copy of the May 14, 2008 letter, without

7    enclosures. The most recent tracking information for this letter is: "*Out of Foreign Customs*;

8    your item cleared customs in PAKISTAN at 9:26 AM on May 22, 2008. No further information

     is available for this item."

9         10.    On May 30, 2008, I resent the letter of May 14, 2008 to Defendant Gilani's Post

10   Office Box via USPS Express Mail & Proof of Delivery, with enclosures. Exhibit D, attached

11   hereto, is a true and correct copy of the May 30, 2008 letter, without enclosures. The most recent

12   tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in

13   PAKISTAN at 9:59 AM on June 6, 2008. Information, if available, is updated every evening.

14   Please check again later."

15        11.    On May 30, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS

16   Express Mail & Proof of Delivery, regarding Defendant Gilani's failure to respond to my May

17   14, 2008 letter and reiterating the parties' meet and confer obligations and approaching

18   deadlines. Exhibit E, attached hereto, is a true and correct copy of the May 30, 2008 letter,

19   without enclosures. The most recent tracking information for this letter is: "*Out of Foreign

20   Customs*; your item cleared customs in PAKISTAN at 9:59 AM on June 6, 2008. Information, if

     available, is updated every evening. Please check again later."

21        12.    On June 10, 2008, I sent copies of the ADR Certification, the Notice of Need For

22   ADR Phone Conference, and the Certificate of Service that Gallup filed on June 10, 2008, to

23   Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery. The most

24

1  recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs

2  in PAKISTAN at 9:37 AM on June 16, 2008. Information, if available, is updated every

3  evening. Please check again later."

4        13.    On June 10, 2008, I also sent copies of the ADR Certification, the Notice of Need

5  For ADR Phone Conference, and the Certificate of Service that Gallup filed on June 10, 2008, to

6  Defendant Gilani's Post Office Box via USPS First Class Mail.

7        14.    On June 12, 2008, I called Defendant Gilani in Pakistan at approximately 9 p.m.

pacific standard time. Defendant Gilani answered the phone. I introduced myself and explained

8  that I was calling to discuss the parties' court obligations and the materials that I had sent him

9  through the mail. Defendant Gilani stated that he had not received any materials and the call was

10 immediately disconnected. Over the next hour, I tried repeatedly to call Defendant Gilani back

11 at the same number, but he did not answer the phone.

12       15.    On June 12, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS

13 Express Mail & Proof of Delivery, informing Defendant Gilani that Gallup seeks to file an

14 amended complaint adding Gallup Business Research Services (Pvt.) Limited as an additional

15 defendant in this action and requesting that Defendant Gilani stipulate to Gallup filing an

16 amended complaint. Enclosed with the letter was a draft copy of Gallup's First Amended

17 Complaint and a draft Stipulation to Amend Complaint. Exhibit F, attached hereto, is a true and

18 correct copy of the June 12, 2008 letter, with enclosures. The most recent tracking information

19 for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at at 9:17

20 AM on June 19, 2008. Information, if available, is updated every evening. Please check again

later."

21       16.    On June 12, 2008, I also sent copies of the June 12, 2008 letter along with a draft

22 copy of Gallup's First Amended Complaint and a draft Stipulation to Amend Complaint to

23 Defendant Gilani's Post Office Box via USPS First Class Mail.

24

1    17.    On June 17, 2008, I called Defendant Gilani in Pakistan, but he did not answer the

2  phone.

3    18.    On June 18, 2008, I called Defendant Gilani in Pakistan, but he did not answer the

4  phone.

5    19.    On June 19, 2008, I served Plaintiff's First Set of Requests for Admissions to

6  Defendant, Plaintiff's First Set of Interrogatories to Defendant, and Plaintiff's First Set of

7  Requests for Production of Documents to Defendant on Defendant Gilani via USPS Express

8  Mail & Proof of Delivery and via USPS First Class Mail.  The most recent tracking information

9  for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at 9:42 AM

   on June 25, 2008.  Information, if available, is updated every evening.  Please check again later."

10    20.    On June 24, 2008, I served Gallup's Initial Disclosures on Defendant Gilani via

11  USPS Express Mail & Proof of Delivery and via USPS First Class Mail.  The most recent

12  tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in

13  PAKISTAN at 9:36 AM on July 2, 2008.  Information, if available, is updated every evening.

14  Please check again later."

15    21.    On July 7, 2008, I sent an e-mail to the e-mail address reflected on the Gallup

16  Pakistan website: info@gallup.com.pk, referencing my repeated attempts to contact Defendant

17  Gilani and inquiring if e-mail might be a better method of correspondence.

18    22.    Other than the one brief phone conversation with Defendant Gilani on June 12,

19  2008, I have been unable, despite my repeated efforts, to contact Defendant Gilani by phone and

   I have not received any response from Defendant Gilani to the numerous mailings or the

20  electronic message I sent him regarding the parties' obligations to meet and confer or Gallup's

21  request that Defendant Gilani stipulate to Gallup filing an amended complaint.

22    23.    Exhibit G, attached hereto, is a true and correct copy of the First Amended

23  Complaint, without exhibits, Gallup seeks to file in this matter.

24

1    Dated this 18th day of July, 2008.

2

3                                    By:  s/ Monica K. Hoppe
                                     Monica K. Hoppe
4                                    Counsel for Plaintiff Gallup, Inc.

5                          **CERTIFICATE OF SERVICE**

6        The undersigned hereby certifies and states that a true and correct copy of the foregoing

7    document was sent by United States first class mail, postage prepaid and United States express

8    mail proof of delivery requested on July 18, 2008, to:

9
             Dr. Ijaz Shafi Gilani
10           Post Office Box #1055
             Islamabad, Pakistan
11

12                                   By:  s/ Monica K. Hoppe
                                     Monica K. Hoppe
13                                   Counsel for Plaintiff Gallup, Inc.

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF MONICA K. HOPPE

Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
Case No. CV 08-1577 WHA

business research bureau pakistan - Google Search

Web    Images    Maps    News    Shopping    Gmail    more ▾                                                     Sign in

## Google

business research bureau pakistan            Search    Advanced Search
                                                       Preferences

**Web**                          Results **1 - 10** of about **179,000** for **business research bureau pakistan**. **(0.26 seconds)**

### Gallup Business Research Bureau
Cyberletters:. : Gallup Cyberletter on Media **Research** Issue # 43 - 48. more.... : Gallup
Cyberletter on SME in **Pakistan**-2004. more. ...
www.gallup.com.pk/ - 23k - Cached - Similar pages

### Gallup Business Research Bureau - gallup.com.pk - **Pakistan**
Affiliated with Gallup International, conducts **business research** in **Pakistan**.
www.paki.biz/site/**pakistan**-gallup-pk-48045 - 14k - Cached - Similar pages

### Pak Avenue > **Business** and Industry : Advertising and Marketing
Direct Marketing Company, having its offices all over **Pakistan** with 1500 employees ...
Gallup **Business Research Bureau**, affiliated with Gallup International ...
pakavenue.com/db/**Business**_and_Industry/Advertising_and_Marketing/ - 11k -
Cached - Similar pages

### The Muslims Internet Directory: Gallup **Business Research Bureau**
Affiliated with Gallup International, conducts **business research** in **Pakistan**. ... **Business**
and Economy > Consulting > Gallup **Business Research Bureau** ...
www.2muslims.com/directory/Detailed/145530.shtml - 30k - Cached - Similar pages

#### The Muslims Internet Directory: Suggest Gallup **Business Research** ...
Gallup **Business Research Bureau** New Updated Popular ... Affiliated with Gallup
International, conducts **business research** in **Pakistan**. ...
www.2muslims.com/cgi-bin/links/recommend_it.cgi?ID=145530 - 23k -
Cached - Similar pages

### **Pakistan** Pharmaceuticals & Healthcare Forecast Report - **Business** ...
Original pharmaceutical and healthcare market **research** and .... Pharma **Bureau, Pakistan** *
Pharmaceutical and Healthcare Association of the Philippines ...
www.**businessmonitor**.com/pharma/**pakistan**.html - 36k - Cached - Similar pages

### **Business**, Commerce, Economy : **Pakistan** : Selected Internet ...
Sep 19, 2005 ... Export Promotion **Bureau** of **Pakistan** (http://www.epb.gov.pk/) ... academic
study and **research**, current news, **business** and commerce, ...
www.loc.gov/rr/international/asian/**pakistan**/resources/**pakistan**-business.html - 20k -
Cached - Similar pages

### **PAKISTAN** LIKELY TO REPLACE EXPORT PROMOTION **BUREAU**. Industry ...
**PAKISTAN** LIKELY TO REPLACE EXPORT PROMOTION **BUREAU**. Article, News,
**Research**, Information, Industry & **Business** News » View article excerpt ...
goliath.ecnext.com/coms2/gi_0199-5475/**PAKISTAN**-LIKELY-TO-REPLACE-
EXPORT.html - 23k - Cached - Similar pages

### **Pakistan** PC & Server Market Dynamics - **Business** Market Research ...
Bharat Book **Bureau** One-stop-shop for **business** information ... and approximately 12 in-
depth qualitative **research** interviews with IT Channels in **Pakistan**. ...
www.bharatbook.com/detail.asp?id=52046 - 57k - Cached - Similar pages

### Doing **Business** in **Pakistan** - Doing **Business** - The World Bank Group
This page shows summary Doing **Business** 2008 data for the selected economy. ... credit



**EXHIBIT**

**A**

information is available from a public registry or private **bureau. ...**
www.doing**business**.org/ExploreEconomies/?economyid=147 - 35k - <u>Cached</u> - <u>Similar pages</u>

1 <u>2</u> <u>3</u> <u>4</u> <u>5</u> <u>6</u> <u>7</u> <u>8</u> <u>9</u> <u>10</u>    **<u>Next</u>**

| business research bureau pakistan | | Search |

<u>Search within results</u> | <u>Language Tools</u> | <u>Search Tips</u> | <u>Dissatisfied? Help us improve</u> | <u>Try Google Experimental</u>

©2008 Google - <u>Google Home</u> - <u>Advertising Programs</u> - <u>Business Solutions</u> - <u>About Google</u>

World Leaders in Marketing Research — Gallup / BRB Pakistan — if you need reliable Information Marketing & Consultancy

**Feedback Form** | **Archives** | **Weekly Gallup Poll** | **Services** | **Contact Us** | **Home**

# Gallup Offers a Wide Range of Services

- Usage and Attitude Studies
- Brand Tracking Studies
- Media Research and Television Ratings
- Customer Satisfaction Studies
- Farmer Surveys
- Retailer Surveys
- Healthcare Studies (details available separately)

- Concept Tests
- Mystery Shopping
- Taste Tests
- Ad Tests
- Pre and Post Launch Campaign Evaluations
- Employee Satisfaction Studies
- Company Image Studies
- Social Research

**\*Please Call\***
Call our office in Pakistan
at
Ph#: +92-51 2825 745
Fax: +92-51 2827 417

**Address**
Head Office:
Islamabad
45, Street 52, F-7/4
Ph: +92 51 2825745
Fax: +92 51 2827417
E-mail:
isb@gallup.com.pk

**Best Preview**
800x600 Pixels

..and many other research services to suit our clients' specific needs.

We ensure **quality** and **reliability** through careful selection, professional training and stringent field controls including intake edit, backcheck, and interviewer evaluation

Field Network | Services | Network | Provides Data | Contact Us | Home



EXHIBIT

B



World Leaders IN Marketing Research — Gallup / BRB Pakistan — if you need reliable Marketing & Information Consultancy

| Feedback Form | Archives | Weekly Gallup Poll | Services | Contact Us | Home |

# Gallup International In Pakistan

Created in London in 1947. Gallup International is networked to collaborate in around 50 countries of the world spread over 5 continents including America, Europe, Asia, Africa & Australia.

Founded in Pakistan in 1980 by experts trained at world renowned Massachusetts Institute of Technology (MIT), Stanford University and Wharton School of Business, GALLUP / BRB represents a fine mix of local expertise and accumulated experience of Gallup affiliates worldwide and is exceptionally qualified to provide scientific excellence in Marketing Research.

**\*Please Call\***
Call our office in Pakistan
**at**
Ph#: +92-51 2825 745
Fax: +92 51 2827 417

**Address**
Head Office:
Islamabad
45, Street 52, F-7/4
Ph: +92 51 2825745
Fax: +92 51 2827417
E-mail:
isb@gallup.com.pk

**Best Preview**
800x600 Pixels



Field Network | Services | Network |
Provides Data | Contact Us |
Home



World Leaders in Marketing Research — **Gallup / BRB Pakistan** — if you need reliable Marketing & Information Consultancy

| Feedback Form | Archives | Weekly Gallup Poll | Services | Contact Us | Home |

# Gallup Provides More Than Data

**\*Please Call\***
Call our office in Pakistan
at
Ph#: +92-51 2825 745

Fax: +92-51 2827 417



offers Marketing Knowledge tailored to Pakistani environment and rooted in deep understanding of Pakistan Society and economy.





maintains a rich database of Population Statictics, Lifestyle Data, Product Data & Historical Norms of Products and Brand Behaviour







has a team of Senior Managers to work closely with it clients in intergrating Marketing research data with information from other sources.
Pakistan's foremost Marketing Research Consultants generate data with care and precision and trun it into Marketing Knowledge.

Field Network | Services | Network |
Provides Data | Contact Us |
Home

**Address**
Head Office:
Islamabad
45, Street 52, F-7/4
Ph: +92 51 2825745
Fax: +92 51 2827417
E-mail:
isb@gallup.com.pk

**Best Preview**
800x600 Pixels



**Address**
Head Office:
Islamabad
45, Street 52, F-
7/4
Ph: +92 51 2825745
Fax: +92 51 2827417
E-mail:
isb@gallup.com.pk

**Best Preview**
800x600 Pixels

## Archives

**\*Please Call\***

Call our office in
Pakistan

at

Ph#: +92-51 2825 745
Fax: +92-51 2827 417

### March, 2007

March 30, 2007

**MOST PAKISTANI URBANITES BELIEVE A CHILD'S PROFESSION SHOULD BE OF HIS/HER OWN FREE WILL**

March 16, 2007

**MAJORITY OF PAKISTAN'S URBANITES BELIEVE PUNJAB MINISTER'S ASSASSIN SHOULD BE GIVEN SEVEREST PUNISHMENT**

March 09, 2007

**INTERNATIONAL WOMEN'S DAY**

March 02, 2007

**MOST PAKISTANIS DISAPPROVE OF VALENTINE'S DAY CELEBRATIONS**

### February, 2007

February 23, 2007

**FEDERAL AND PROVINCIAL CAPITALS MOST POPULAR CITIES AMONGST URBANITES IN PAKISTAN**

February 16, 2007

**A MAJORITY OF PAKISTANI URBANITES BELIEVE IN BLACK MAGIC AND TAWEEZ GANDA**

February 09, 2007

**A MAJORITY OF PAKISTANI URBANITES BELIEVE THE RELIGION HAS AN INCREASING INFLUENCE ON PEOPLE**

February 02, 2007

**A MAJORITY OF PAKISTANI**

Gallup Works Closely with the Clients

**URBANITES SUPPORT MMA'S UNITY**

**January , 2007**
January 26, 2007
**A MAJORITY OF PAKISTANI
URBANITES SUPPORT BAN ON
_BASANT_**

January 19, 2007
**TEACHERS, DOCTORS & RELIGIOUS
INTELLECTUALS AMONG MOST
TRUSTED PEOPLE**

January 12, 2007
**PAKISTANIS SHARPLY DIVIDED ON
JOINT INDO-PAK DRAMA/FILM
VENTURES**

**December , 2006**
December 29, 2006
**A MAJORITY OF URBANITES
REPORTEDLY HAD A PERSON WITH
FLU IN THEIR HOMES**

December 15, 2006
**INZAMAM-UL-HAQ IS PERCEIVED AS
A GOOD CAPTAIN BY A MAJORITY OF
PAKISTANIS**

December 8, 2006
**MAJORITY OPPOSE DEATH SENTENCE
TO SADDAM HUSSEIN**

December 1, 2006
**INDIAN MUSIC WIDELY POPULAR IN
PAKISTAN BUT LISTENERSHIP IS
INCREASINGLY SHARED WITH
PAKISTANI MUSIC**

**November , 2006**
November 24, 2006
**ALMOST HALF OF THE URBAN
POPULATION IS REPORTEDLY FACED
WITH THE PROBLEM OF IMPURE
DRINKING WATER**

**October , 2006**
October 18, 2006
**WORLD-WIDE MAJORITY FAVOURS**

**GLOBALISATION, YET BELIEVES IT BENEFITS THE RICH MORE THAN THE POOR**

**April , 2006**
April 28, 2006
**MAJORITY FAVOURS PAPER CURRENCY OVER COINS**

**March , 2004**
March 17, 2006
**43% VISITED DOCTORS THIS WINTER**

March 15, 2004
**VISIT OF INDIAN CRICKET TEAM ENJOYS HIGH PUBLIC OPINION SUPPORT:** 88% Favour, 9% Oppose, 3% Give no response

March 05, 2004
**24% OF PAKISTANIs are CONscious of their weight**

**February , 2004**
February 28, 2004
**66% PAKISTANiS CONSIDERED PARENTS' CHOICE TO BE MORE IMPORTANT IN A GIRL'S MARRIAGE**

February 20, 2004
**52% OF PAKISTANIS BELIEVE IN "TAVEEZ GANDA", 44% IN BLACK MAGIC**

February 13, 2004
**WILL PAKISTAN DISINTEGRATE IN 25 YEARS: OPTIMISTS OUTNUMBER PESSIMISTS BY 87%: 10%**

February 6, 2004
**ONLY 16% OF PAKISTANIS BELIEVE WEALTH COMES FROM HARD WORK**

**January , 2004**
January 30 , 2004
**ONLY 13% PAKISTANIS EAT ON A DINING TABLE**

January 23 , 2004
**37% OF PAKISTANIS COMPLAIN OF FORGETFULNESS. BUT ONLY 17% KEEP**

## WRITTEN NOTES

### December, 2003
December 31, 2003

**PAKISTANIS SLIGHTLY LESS HOPEFUL THAN A YEAR AGO**

### March , 2003
March 18, 2003

**PLASTIC BAG IS THE FAVOURITE MEANS OF SHOPPING AMONG PAKISTANIS.75% use plastic bags while the use of paper bags is 6%, cloth bag 17% and baskets 2%**

March 8, 2003
**32% SUPPORT, 50% OPPOSE BASANT Pakistani opinion on celebrating Basant is still controversial**

### February , 2003
February 28, 2003
**Majority favours one dish restriction on valima wedding party**

February 21, 2003
**World Cup views split on Pakistan's Prospects.31% Optimistic, 20% Pessimistic, others in between**

February 3, 2003
**Global opinion is opposed TO SUPPORTING America against IRAQ**

### December , 2002
December 27, 2002
**Nearly 40% Urban PakistanIS claimed to own a Camera.**

December 20, 2002
**THE FIRST WORRY FOR 67% PAKISTANIS is ECONOMIC.**

### November , 2002

November 29, 2002

14% OF URBAN PAKISTANIS TRAVEL TO
ANOTHER VILLAGE OR TOWN TO
CELEBRATE EID

**November 22, 2002**
58% FAVOUR MORE POWERS FOR THE
PRIME MINISTER, 29% FOR THE PRESIDENT

**November 15, 2002**
69% OF URBAN PAKISTANIS HAVE BEEN
TESTED FOR BLOOD PRESSURE

**November 8, 2002**
MAJORITY HAS MIXED FEELINGS ABOUT
THE STABILITY OF THE NEXT GOVERNMENT

**November 1, 2002**
54% OF PAKISTANIS CLAIM HAVING HAD A
BLOOD TEST

## October, 2002
**October 25, 2002**

MAJORITY STILL PREFERS BOY CHILD OVER
GIRL CHILD

**October 18, 2002**

42% PAKISTANIS BELIEVE THEIR GOVERNMENT IS
RUN BY THE WILL OF THE PEOPLE

**October 5, 2002**

MAJORITY FAVOURED DAY LIGHT SAVING TIME.

## September, 2002
**September 5, 2002**

World Opinion Opposes withholding aid to poor countries on
grounds of corruption.

## May, 2002

**May 14 ,2002**

IBRAR UL HAQ AND HADIQA KIYANI TOP IN GALLUP
RATINGS OF SINGERS

## April, 2002

**April 20 ,2002**

58% SUPPORT REFERENDUM 42% OPPOSE IT

April 5 ,2002

40% OF PAKISTANIS COMPLAIN OF BACK PAIN

## March, 2002

March 18 ,2002

One out of six urban Pakistanis have purchased at least one book during last year

## February, 2002

February 1 ,2002

98% OF PAKISTANIS BELIEVE IN FAMILY LIFE WITH CHILDREN. ONLY HALF OF CITIZENS HAVE THE SAME BELIEF IN AMERICA AND GERMANY

## January, 2002

January 25 ,2002

ORANGES AND APPLE ARE THE MOST LIKED WINTER FRUITS IN PAKISTAN

January 10 ,2002

Pakistanis are hopeful about 2002 43% are Optimists, 29% are Pessimists.

## November, 2001

November 5 ,2001

ONE IN FIVE PAKISTANIS ARE KEEN TO REDUCE WEIGHT.

## October, 2001

October 15 ,2001

51% support Musharaf on his policy on current crisis. But 83% side with Taliban against America.

## September, 2001

September 19 ,2001

85% PAKISTANIS FEAR AN IMMINENT AMERICAN STRIKE AGAINST AFGHANISTAN

## August, 2001

### August 31 ,2001

PAKISTANI BUSINESSMEN BELIEVE PERSONAL CONTACTS ARE MUCH MORE IMPORTANT THAN INFORMATION WHICH CAN BE RECEIVED THROUGH INTERNET

### August 18 ,2001

81% Pakistanis have traveled outside their city or village of residence.·

### August 3 ,2001

Newspaper Advertising Mostly comes from classified Advertising and Tenders. Advertising of Educational Institutions also contribute a large share of 10%.

## July, 2001

### July 27 ,2001

KHABARNAMA LOSES VIEWERSHIP TO SATELLITE CHANNELS.

### July 20 ,2001

31% OF PAKISTANIS CLAIM THEY HAVE DONATED BLOOD BUT MOSTLY TO FAMILY AND FRIENDS.

### July 12 ,2001

Only 31% expect Indo Pakistan relations to Improve. Hopes are more subdued on Kashmir as only 16% expect any progress.

### July 6 ,2001

MAJORITY PREFERS PAPER CURRENCY OVER COINS

## June, 2001

### June 29 ,2001

IN PAKISTAN MEN ARE CONSIDERED MORE AGGRESSIVE AND BRAVE THAN WOMEN WHO ARE SEEN AS MORE PATIENT AND TALKATIVE

### June 22 ,2001

37% of Urban Homes Buy tablets for
Headaches and Fever (Analgesics) in a week.

**June 15 ,2001**

**"CHANNA DAL" IS A FAVOURITE IN
PAKISTANI CUISINE**

**June 1 ,2001**

72% of PAKISTANIS SAY THEY TAKE
KEEN INTEREST IN WEATHER REPORTS
PROVIDED BY THE MEDIA.

## May, 2001

**May 25 ,2001**

NON ELECTRIFIED RURAL HOMES
EMERGE AS THE POOREST AND MOST
MARGINALIZED IN PAKISTAN.

**May 18 ,2001**

HOROSCOPE IS READ BY 39% OF NEWSPAPER AND
MAGAZINE READERS.

**May 11 ,2001**

Ten percent of Urban Homes have a
Microwave Oven

**May 4 ,2001**

MAJORITY HOLDS THE GOVERNMENT
RESPONSIBLE FOR PRICE HIKE OF ELECTRICITY.
Sixty percent (60%) attribute price hike to the
government, 22% to Wapda and 10% to Hubco.

## April, 2001

**April 27 ,2001**

THIRTY PERCENT OF RURAL
PAKISTANIS WISH TO MOVE TO A CITY.
But only 12% of urbanites contemplate of
shifting to rural areas.

**April 13 ,2001**

Despite economic recession 36% of Pakistani
households say their economic condition is
better than previous year, while 26% feel it
has declined. No change for 38%

**April 6 ,2001**

12% CITY DWELLERS TRAVELED TO ANCESTRAL VILLAGES OR ANOTHER CITY TO CELEBRATE EID THIS YEAR

## March, 2001

**March 30 ,2001**

One in Eight Have Weak Eye Sight And Wear Glasses

**March 16 ,2001**

AMERICANS ARE RATED AS BEST IN PHYSICAL APPEARANCE BUT JAPANESE ARE VIEWED AS MOST HONEST AND SOCIALLY CULTURED AMONG FOUR MAJOR ECONOMIC PLAYERS IN PAKISTAN

**March 9 ,2001**

68% OF URBAN AND 83% OF RURAL PAKISTANIS RISE BEFORE SUNRISE IN WINTER

**March 2 ,2001**

MAJORITY OF PAKISTANIS SUPPORTED EMERGENCY AID TO VICTIMS OF EARTHQUAKE IN INDIA

## February, 2001

**February 23 ,2001**

80% ATTRIBUTE DRY SPELL TO ALLAH'S UNHAPPINESS.

**February 16 ,2001**

MAJORITY BELIEVES THAT POVERTY IS INCREASING IN THE COUNTRY.

**February 9 ,2001**

PAKISTAN HAS 2 MILLION SMALL BUSINESSES.

**February 2 ,2001**

ONE THIRD OF PAKISTANIS TREAT FLU THROUGH HERBAL MEDICINE, ONE THIRD TURN TO DOCTORS AND ONE THIRD WAIT IT OUT BY BETTER DIET

AND REST OR NOT CARING ABOUT IT.

# January, 2001

**January 26 ,2001**

POPULAR COMPERES OF TV
PROGRAMMES.

**January 19 ,2001**

70% OF URBAN TV VIEWERS TAKE
INTEREST IN WATCHING SPORTS
PROGRAMMES.

**January 12 ,2001**

14% OF MEN AND 26% OF WOMEN
SUFFER FROM FREQUENT HEADACHE.

**January 5 ,2001**

PAKORA IS THE NUMBER ONE SNACK AT
"IFTAR" DURING RAMADAN.

**January1 ,2001**

GALLUP's GLOBAL HOPE INDEX
REMAINS UNCHANGED THIS YEAR



**if you need reliable Marketing & Consultancy**

# GALLUP / BRB

Feedback Form          Archives          Weekly Gallup Poll          Services          Con



**Affiliated with Gallup International**

**World Leaders in Marketing Research**

Islamabad, 30 March, 2007

## MOST PAKISTANI URBANITES BELIEVE A CHILD'S PROFESSION SHOULD BE OF HIS/HER OWN FREE WILL

**\*Please Call\***
Call our office in Pakistan at
Ph#: +92-51 2825 745
Fax: +92-51 2827 417

A recent survey on "Society" by Gallup Pakistan reveals that a majority (60%) c Pakistan's urban population believes a child should generally opt for a career fror his/her own free will. Still, a little over one-third (39%) thinks a child's professio should be of his/her parent's choice and 1% does not know.

While almost half of the respondents (48%) would want their children to adopt th same profession as their own, 36% said they would leave it up to their children t decide. Others (16%) named various other professions.

Interestingly, even though one might expect someone whose occupation is of his/he personal will, to also leave the decision of their child's profession on the chil himself/herself, almost half (47%) of those respondents whose present profession is c their own choice, instead said they'd want their children to adopt the same career a their own and others (15%) named other miscellaneous professions. Another 38% said this would be solely their children's decision.

This survey by Gallup Pakistan, an affiliate of Gallup International, was conducted o a sample of over 1100 respondents in urban areas of all four provinces c Pakistan. This sample was statistically selected across all ages, income group and educational levels. The error margin for a sample of this kind is estimated to be 5% at a 95% confidence level.

Q. "What profession would you like your children to adopt?"



(Respondents whose current profession is of either their own choice or parents')

Gallup in Pakistan | Services | Network |
Provides Data | Contact Us |
Home

**Archive**

HUSCH
BLACKWELL
SANDERS
LLP

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 14, 2008

**VIA USPS REGISTERED MAIL**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

   **Re:**  Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
      and Ijaz Shafi Gilani

Dear Dr. Gilani:

  Pursuant to the Federal Rules of Civil Procedure and the Northern District of California
Local Rules, the parties are required to meet and confer to discuss the matters set forth in the
Court's Standing Order regarding Content of Joint Case Management Statement, attached hereto.
For your convenience, we have also attached copies of some of the relevant federal and local
rules. According to the Court's Order Setting Initial Case Management Conference and ADR
Deadlines, also attached, the deadline for the parties to meet and confer is June 10, 2008. In
addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case
management statement, due June 24, 2008.

  In order to comply with the Court's deadlines, at your earliest convenience, please
contact us at the e-mail address, telephone number, or mailing address noted above so that we
can arrange a time and means to meet and confer.

  In addition, enclosed please find a copy of the Court's ADR Certification, due June 10,
2008, a copy of the form allowing a party to consent to assignment of the case to a Magistrate
Judge, and a courtesy copy of the Complaint, in light of your claim that you did not retain a copy
of the Complaint with which you were personally served on March 27, 2008.

  We look forward to hearing from you in the near future.

       Sincerely,

       *Monica Hoppe*

       Monica K. Hoppe

MKH

OM-265609-1

**EXHIBIT C**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 14, 2008
(Second mailing, May 30, 2008)

<u>**VIA USPS EXPRESS MAIL &**</u>
<u>**PROOF OF DELIVERY**</u>

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

>      **Re:**    Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
>              and Ijaz Shafi Gilani

Dear Dr. Gilani:

        Pursuant to the Federal Rules of Civil Procedure and the Northern District of California Local Rules, the parties are required to meet and confer to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement, attached hereto. For your convenience, we have also attached copies of some of the relevant federal and local rules.  According to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, also attached, the deadline for the parties to meet and confer is June 10, 2008.  In addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case management statement, due June 24, 2008.

        In order to comply with the Court's deadlines, at your earliest convenience, please contact us at the e-mail address, telephone number, or mailing address noted above so that we can arrange a time and means to meet and confer.

        In addition, enclosed please find a copy of the Court's ADR Certification, due June 10, 2008, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge, and a courtesy copy of the Complaint, in light of your claim that you did not retain a copy of the Complaint with which you were personally served on March 27, 2008.

        We look forward to hearing from you in the near future.

                        Sincerely,

                        *Monica Hoppe*
                        Monica K. Hoppe

MKH

OM-265609-1

**EXHIBIT D**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 30, 2008

**VIA USPS EXPRESS MAIL &**
**PROOF OF DELIVERY**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

> Re:     Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
>         and Ijaz Shafi Gilani

Dear Dr. Gilani:

We write because have not received a response to our previous letter, dated May 14, 2008. As discussed in our earlier letter, the Federal Rules of Civil Procedure and the Northern District of California Local Rules, require the parties to meet and confer to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement. Our deadline to meet and confer is June 10, 2008. In addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case management statement, due June 24, 2008.

Please contact us at your earliest convenience so that we can arrange a time and means to meet and confer in compliance with the Court's deadlines.

We look forward to your prompt response.

Sincerely,

*Monica Hoppe*

Monica K. Hoppe

MKH

OM-266652-1

**EXHIBIT E**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

**Monica K. Hoppe, Associate**
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE  68102-1504
www.huschblackwell.com

June 12, 2008

**VIA USPS EXPRESS MAIL &**
**PROOF OF DELIVERY**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

> **Re:**   Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
> and Ijaz Shafi Gilani

Dear Dr. Gilani:

We write regarding the information provided in your letter to the Court, dated May 8, 2008, that Gallup Business Research Services ("GBRS"), not Business Research Bureau ("BRB"), is the entity that currently operates under the name Gallup Pakistan and maintains the website found at www.gallup.com.pk. In light of that information, Gallup seeks to amend its Complaint to add GBRS as a third defendant.

Pursuant to Court rules, we write to notify you of our intent to amend the Complaint and to request that you stipulate to Gallup filing its Amended Complaint without seeking leave of Court. If you refuse to provide written consent for Gallup to file its Amended Complaint, Gallup will have to move the Court for permission to amend its Complaint, a process that will require briefing and a Court hearing. Pursuant to the Federal Rules of Civil Procedure, Rule 15, the Court is required to "freely give leave when justice so requires." At this early stage in the litigation, it is almost certain that the Court will allow Gallup to amend its Complaint to add GBRS as a defendant. Accordingly, we seek your consent to file an Amended Complaint without leave of Court in order to avoid wasting the time and resources of the parties and the Court. Enclosed is a draft copy of the Amended Complaint we seek to file and a Stipulation for your signature providing consent for Gallup to file the Amended Complaint. Please let us know at your earliest convenience if you will consent to Gallup filing the enclosed Amended Complaint or choose instead to force Gallup to move the Court for permission.

We look forward to your prompt response.

Sincerely,

*Monica Hoppe*

Monica K. Hoppe

MKH

OM-267440-1

**EXHIBIT F**

1  MONICA K. HOPPE (Bar # 197576)
   HUSCH BLACKWELL SANDERS LLP
2  1699 Laurelwood Drive
   San Jose, CA 95125
3  Telephone: (408) 829-2889
   Facsimile: (402) 964-5050
4  Email: monica.hoppe@huschblackwell.com

5  TRENTEN P. BAUSCH (*pro hac vice* application forthcoming)
   HENRY L. WIEDRICH (*pro hac vice* application forthcoming)
6  HUSCH BLACKWELL SANDERS LLP
   1620 Dodge Street, Suite 2100
7  Omaha, NE 68102
   Telephone: (402) 964-5000
8  Facsimile: (402) 964-5050
   Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com
9
   Attorneys for Plaintiff
10 GALLUP, INC.

11                     UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14
   GALLUP, INC.,                        Case No. CV 08-1577   EDL
15
              Plaintiff,                Magistrate Judge Elizabeth D. Laporte
16       vs.
                                        **STIPULATION TO**
17 BUSINESS RESEARCH BUREAU, d/b/a      **AMEND COMPLAINT**
   GALLUP PAKISTAN, and IJAZ SHAFI
18 GILANI,
              Defendants.
19

20

21       Pursuant to Federal Rule of Civil Procedure 15(a), Gallup, Inc. ("GALLUP") and Ijaz

22 Shafi Gilani ("GILANI"), hereby stipulate to permitting GALLUP to file its First Amended

23 Complaint, attached hereto as Exhibit A.  GALLUP wishes to file its First Amended Complaint

24 in order to name Gallup Business Research Services ("GBRS") as a defendant in this action and

OM-267443-1                          1

STIPULATION TO AMEND COMPLAINT          Gallup, Inc. v. Business Research Bureau and Ijaz Gilani
                                                   Case No. CV-08-1577  EDL

1  to clarify all such other facts as needed.  GALLUP's First Amended Complaint will not contain

2  any additional causes of action against GILANI.  In stipulating to the filing of GALLUP's First

3  Amended Complaint, GILANI does not concede the merits of GALLUP's claims against any

4  defendant.

5        SO STIPULATED.

6

7                                      Respectfully submitted,

8  Dated: June 12, 2008.                 By: _s/ Monica K. Hoppe_____
                                  Monica K. Hoppe (Bar # 197576)

9                                    HUSCH BLACKWELL SANDERS LLP
                                  1699 Laurelwood Drive
                                  San Jose, CA 95125

10                                   Telephone:  (408) 829-2889
                                  Facsimile:  (402) 964-5050

11                                   Email: monica.hoppe@huschblackwell.com

12                                   Trenten P. Bausch (*pro hac vice* application
                                  forthcoming)

13                                   Henry L. Wiedrich (*pro hac vice* application
                                  forthcoming)

14                                   HUSCH BLACKWELL SANDERS LLP
                                  1620 Dodge Street, Suite 2100

15                                   Omaha, NE  68102
                                  Telephone:  (402) 964-5000

16                                   Facsimile:  (402) 964-5050
                                  Email:  trent.bausch@huschblackwell.com,

17                                               henry.wiedrich@huschblackwell.com

18                                   Attorneys for Plaintiff
                                  GALLUP, INC.

19

20 Dated: June ___, 2008.                 By:_____

21                                   IJAZ SHAFI GILANI
                                  Defendant, representing himself.

22

23

24

DRAFT

1  MONICA K. HOPPE (Bar # 197576)
   HUSCH BLACKWELL SANDERS LLP
2  1699 Laurelwood Drive
   San Jose, CA 95125
3  Telephone:  (408) 829-2889
   Facsimile:  (402) 964-5050
4  Email: monica.hoppe@huschblackwell.com

5  TRENTEN P. BAUSCH (*pro hac vice* application forthcoming)
   HENRY L. WIEDRICH (*pro hac vice* application forthcoming)
6  HUSCH BLACKWELL SANDERS LLP
   1620 Dodge Street, Suite 2100
7  Omaha, NE 68102
   Telephone:  (402) 964-5000
8  Facsimile:  (402) 964-5050
   Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com
9
   Attorneys for Plaintiff
10 GALLUP, INC.

11                    UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14
   GALLUP, INC.,                          Case No.  CV 08-1577  EDL
15
                Plaintiff,               **FIRST AMENDED COMPLAINT FOR
16       vs.                              FEDERAL  TRADEMARK
                                          INFRINGEMENT,
17 BUSINESS RESEARCH BUREAU, d/b/a        UNFAIR COMPETITION AND
   GALLUP PAKISTAN, IJAZ SHAFI GILANI,    DILUTION; AND CALIFORNIA
18 GALLUP BUSINESS RESEARCH SERVICES      UNFAIR COMPETITION AND
   d/b/a GALLUP PAKISTAN                  UNJUST ENRICHMENT**
19
                Defendants.             **(INJUNCTIVE RELIEF SOUGHT)**
20
                                        **DEMAND FOR JURY TRIAL**
21

22

23

24

OM-267364-3                              1
FIRST AMENDED COMPLAINT

1      Plaintiff Gallup, Inc. complains against Defendants Business Research Bureau (d/b/a

2    Gallup Pakistan), Ijaz Shafi Gilani, and Gallup Business Research Services (d/b/a Gallup

3    Pakistan) as follows:

4                                    **INTRODUCTION**

5      1.      Gallup, Inc. ("Gallup") is the owner of the world famous GALLUP trademarks

6    and service marks. For over 70 years, the GALLUP marks have been used and recognized in

7    connection with surveys for political or public opinion polls and corresponding data and analysis.

8    In addition, the GALLUP marks also identify Gallup as the source of surveys and opinion polls

9    directed to business management. As a result, the GALLUP marks have become distinctive

10   symbols of excellence and innovation uniquely associated with Gallup and its surveys and

11   opinion polls.

12     2.      Defendants Business Research Bureau ("BRB") and Gallup Business Research

13   Services ("GBRS"), under the guidance of their chairman, Defendant Ijaz Shafi Gilani

14   ("Gilani"), in bad faith and in violation of a Pakistani Registrar of Trade Marks decision, as well

15   as Gallup's exclusive rights, do business under the name Gallup Pakistan and operate as an

16   opinion and socio-economic research organization, providing survey and opinion polls on

17   political topics and topics pertinent to business management decisions. In January and February

18   2008, Defendants released and promoted polls containing information on Pakistani public

19   opinion on issues surrounding the upcoming Pakistani elections. These polls bore the mark

20   GALLUP PAKISTAN. Due to recent events in Pakistan and the election's implications on

21   United States foreign policy, the Pakistani parliamentary election and Defendants' poll results

22   garnered much attention from the press in the United States and abroad and were widely printed.

23   In these publications, the polls were attributed to Gallup Pakistan or simply Gallup. Further,

24

1 | Defendant Gilani has appeared on radio and internet broadcasts in the United States discussing

2 | the Pakistani parliamentary election and the BRB and GBRS poll results. Defendant Gilani has

3 | also appeared in the United States, giving presentations on papers and poll results that bear the

4 | mark GALLUP. Defendants' unauthorized use of the GALLUP mark in association with

5 | business and political surveys is an attempt to bolster the credibility of its services. Further,

6 | Defendants' use of the GALLUP mark creates a misleading association with Gallup's

7 | internationally recognized goodwill and reputation in the trade.

8 | **JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

9 | 3.       Plaintiff's first, second, and third claims arise under the Trademark Act of 1946

10 | (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§

11 | 1051, *et seq.*). This Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C.

12 | §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question),

13 | and 15 U.S.C. § 1121 (Lanham Act). This Court also subject matter jurisdiction over all of

14 | Plaintiffs claims pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists

15 | between the parties. Even absent diversity jurisdiction, this Court has supplemental jurisdiction

16 | over the remaining state law claims under 28 U.S.C. § 1367.

17 | 4.       This Court has personal jurisdiction over Defendants.

18 | 5.       Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendants are

19 | all aliens.

20 | 6.       Intra-district assignment to any division of the Northern District is proper under

21 | Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

22 | **PARTIES**

23 | 7.       Gallup is a Delaware corporation with its principal place of business at 1001

24 |

1 | Gallup Drive, Omaha, Nebraska 68102.

2 |      8.    Upon information and belief, Defendant BRB is a Pakastani company with its

3 | principal place of business at H-45, St, 52, F-7/4, Islamabad, Pakistan. Defendant BRB, in bad

4 | faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's

5 | exclusive rights, does business under the name Gallup Pakistan and operates as an opinion and

6 | socio-economic research organization, providing survey and opinion polls on political, social,

7 | and business topics.

8 |      9.    Upon information and belief, Defendant GBRS is a Pakastani company with its

9 | principal place of business at H-45, St, 52, F-7/4, Islamabad, Pakistan. Defendant GBRS, in bad

10 | faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's

11 | exclusive rights, does business under the name Gallup Pakistan and operates as an opinion and

12 | socio-economic research organization, providing survey and opinion polls on political, social,

13 | and business topics.

14 |      10.    Upon information and belief, Defendant Gilani is Chairman of BRB and GBRS

15 | and is a resident of Islamabad, Pakistan. Upon further information and belief, Defendant Gilani

16 | obtained a Ph.D. in Political Science from the Massachusetts Institute of Technology (MIT) in

17 | 1977, and became Chairman of BRB and GBRS, both organizations he helped found, in 1980.

18 | Upon further information and belief, Defendant Gilani is also a professor of International

19 | Relations at the International Islamic University Islamabad.

20 |      11.    Upon information and belief, Defendants provide or have provided public opinion

21 | studies to international agencies headquartered in the United States, including the World Bank,

22 | headquartered in Washington, D.C., and UNICEF, which is headquartered in New York City,

23 | New York, as well as educational institutions located in the United States, including Harvard

24 |

1  University and the Massachusetts Institute of Technology (MIT), both located in Boston,

2  Massachusetts. Upon further information and belief, Defendants BRB and GBRS have provided

3  public opinion studies and research to Pakistani and international businesses.

### FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### The GALLUP Marks

6      12.    Gallup and its predecessors in interest or related entities have offered and

7  promoted its services in connection with its family of GALLUP trademarks and service marks in

8  the United States since 1935.

9      13.    Gallup owns numerous United States Trademark registrations and applications

10  incorporating the GALLUP mark for use in connection with surveys, public opinion polls,

11  business management consulting, as well as other goods and services. These registrations and

12  applications for GALLUP marks include:

| Mark | Application No. | Registration No. | Goods/Services | Status |
|---|---|---|---|---|
| The Gallup Poll | 73,317,712 | 1,266,004 | Public opinion polling. | Registered |
| The Gallup School | 75,227,740 | 2,220,843 | Educational services . . .in the field of polling techniques, methodology, and the interpretation of polling results. | Registered |
| Gallup | 75,234,811 | 2,242,387 | Public opinion polling services | Registered |
| Dr. Gallup Portrait Devise | 75,697,793 | 2,355,074 | Market research services; opinion polling for business marketing purposes. | Registered |
| Gallup Management Journal | 76,137,553 | 2,565,129 | Magazines and periodicals, namely, journals relating to matters of interest to management. | Registered |
| The Gallup Path | 76,376,913 | 2,942,443 | Business Management Consulting Services. | Registered |

| | | | | |
|---|---|---|---|---|
| Gallup | 78,321,159 | 3,004,998 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup Consulting | 78,752,029 | 3,158,038 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup Press | 78,751,995 | 3,158,034 | Printing material (Cl. 16); and Educational services (Cl. 41). | Registered |
| Gallup University | 78,751,931 | 3,158,032 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup-Healthways Well Being Index | 77,363,409 | | Questionnaires and surveys to gather and interpret data to help measure quality of well being (Cl. 16); Consultation in improving the quality of well being (Cl. 35); and Conduct public opinion polling and surveys of general population on well being (Cl. 42). | Pending |

14.    Gallup has used, continues to use, or maintains a bona fide intent to use the referenced GALLUP marks in connection with the various goods and services as shown in the chart above and/or as shown in the corresponding registrations or applications.

15.    Gallup has also registered the GALLUP mark with United States Customs & Border Protection, under customs recordation number TMK 06-00283.

16.    For over 70 years, Gallup has invested and continues to invest substantial resources in promoting its goods and services in connection with the GALLUP marks—specifically including surveys, public opinion polls, and business management consulting services.

17.    As a result of Gallup's use and promotion of the GALLUP marks in conjunction with its high quality goods and services, the GALLUP marks have acquired a strong and favorable public recognition and distinctiveness identifying Gallup as the source of surveys, public opinion polling, and business management consulting services of the highest quality, credibility and reliability.

18.    Through widespread and continuous use, advertisement, and promotion by Gallup, the trade and purchasing public recognize that Gallup is the source of surveys, public opinion polling, business management consulting services, and related goods identified by and used in connection with the GALLUP marks.

19.    As a result of extensive use and promotion by Gallup, the GALLUP marks have become famous and distinctive marks of incalculable value uniquely associated with Gallup and the high quality, credibility and reliability of its goods and services.

20.    The GALLUP marks are famous and became famous decades prior to any use of the term by Defendants.

### Defendants' Unauthorized Use of the GALLUP Mark

21.    Upon information and belief, Defendants BRB and GBRS, guided by their chairman, Defendant Gilani, operate as an opinion and socio-economic research organization, providing survey and opinion polls on political, social, and business topics.

22.    Upon information and belief, Defendants BRB and GBRS use the mark GALLUP

1    in their trade name, Gallup Pakistan, and prominently display the GALLUP mark on their

2    publications and website.

3         23.    Defendants attempted to register the GALLUP mark in Pakistan, under

4    Application No. 124363 to the Trade Marks Registry, with respect to paper and paper articles,

5    cardboard and cardboard articles, printed matter, programme schedule, newspapers, magazines,

6    periodicals, reports, evaluations, diagrams, charts, print-outs, instructional manuals, survey

7    questionnaires, interview doing charts, compilations, books, bookbinding material, photographs,

8    stationery, bags, envelops, adhesive materials, artists materials, typewriters and office requisites,

9    printed promotional material within class 16, instructional and teaching material, playing cards,

10   and stereotype.

11        24.    In the case before the Registrar of Trade Marks at Karachi, captioned *In the*

12   *matter of Opposition No. 56/1999 to Application No. 124363 in class 16 for the Trade Mark*

13   *GALLUP* ("*Opposition No. 56/1999*"), Gallup opposed Defendants' attempted registration and

14   requested that Gallup's own application to register the GALLUP mark in Pakistan be granted.

15        25.    In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan refused

16   Defendants' application to register the mark GALLUP and allowed Gallup's application to

17   register the mark GALLUP to proceed to registration.  A copy of the Registrar's decision is

18   attached hereto as Exhibit A.

19        26.    In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan found as

20   follows:

21        a.    "The adoption of the mark GALLUP by [Defendants] is dishonest [and]

22       fraudulent.  [Defendants] had prior knowledge that rights in the trade mark GALLUP

23       vests exclusive with [Gallup]."

24

FIRST AMENDED COMPLAINT

1        b.      "[Defendants] has no justification to adopt the well known trade mark of

2    the foreign company in its name."

3        c.      "The attempt of securing registration of the mark GALLUP by

4    [Defendants] is an attempt to capitalize [on] [Gallup's] mark GALLUP."

5        d.      "Since the adoption of the trade mark GALLUP by [Defendants] is

6    malafide, therefore any use of the said mark in Pakistan does not support to [Defendants]

7    and such dishonest use can not [sic] be protected in the law."

8        e.      "There is every likelihood of confusion and deception if [Defendants']

9    mark is allowed to proceed to registration."

10       27.     Upon information and belief, despite Defendants' failed attempt to register the

11   mark GALLUP in Pakistan and Gallup's success in doing so, Defendants have continued using

12   and prominently featuring the mark GALLUP in connection with its services and publications.

13       28.     Upon information and belief, Defendants maintain a website found at

14   http://gallup.com.pk.   Upon further information and belief, Defendants' website is maintained in

15   English, is accessible by individuals and entities in the United States, and prominently displays

16   links to the results of its public opinion polls on its home page.   A copy of Defendants'

17   homepage is attached as Exhibit B and is incorporated by reference.

18       29.     At Defendants' website, Defendants market their services and release the results

19   of their surveys and polls of Pakistani public opinion on political, social and business topics.

20   Upon information and belief, Defendants disseminate the results of these polls to the public and

21   press, free of charge.

22       30.     Upon information and belief, Defendants' press releases of their polls

23   prominently feature the GALLUP mark.   A copy of Defendants' press release of January 11,

24

1    2008 is attached as Exhibit C.

2        31.    Upon information and belief, between January 11, 2008 and February 22, 2008,

3    Defendants released six polls regarding Pakistani public opinion of issues surrounding the

4    Pakistani parlimentary elections and Pakistan's President Pervez Musharraf.  The results of these

5    six polls each bore the mark GALLUP and were made available to the public and press at

6    Defendants' website.  A copy of Defendants' press release of February 11, 2008 is attached as

7    Exhibit D.  A copy of Defendants' press release of February 15, 2008 is attached as Exhibit E.  A

8    copy of Defendants' press release of February 18, 2008 is attached as Exhibit F.  A copy of

9    Defendants' press release of February 21, 2008 is attached as Exhibit G.  A copy of Defendants'

10   press release of February 22, 2008 is attached as Exhibit H.

11       32.    Due to recent events in Pakistan, including the assassination of Benazir Bhutto,

12   and the election's implications on United States foreign policy, the Pakistani parliamentary

13   election and the polls released by Defendants garnered much attention from the press in the

14   United States and abroad.

15       33.    The results of Defendants' polls, all bearing the mark GALLUP, were published

16   by the following news organizations in the United States, either in print or electronic form, or

17   both:

18       a.    ABC News (Associated Press), January 13, 2008.

19       b.    Bloomberg, Feb. 21, 2008.

20       c.    The Boston Globe (Reuters), February 13, 2008.

21       d.    The Christian Science Monitor, February 8, 2008.

22       e.    The Christian Science Monitor, February 15, 2008.

23       f.    CNN, February 15, 2008.

24

1      g.      Los Angeles Times, February 14, 2008.

2      h.      New York Times, January 22, 2008.

3      i.      PR News Wire, Feb. 13, 2008.

4      j.      Reuters, February 7, 2008.

5      k.      Reuters, February 19, 2008.

6      l.      Seattle Times, February 18, 2008.

7      m.      Time, January 24, 2008.

8      n.      Time, February 13, 2008.

9      o.      USA Today (Associated Press), January 13, 2008.

10      p.      USA Today, February 14, 2008.

11      q.      The Week, January 25, 2008.

12      34.     Upon information and belief, Defendants' poll results, with their accompanying

13 unauthorized use of the GALLUP mark, were also widely published by the international press.

14      35.     The reason Defendants' poll results garnered the media attention they did was

15 because people in the media believed the poll results were associated with Gallup.

16      36.     Upon information and belief, not only were Defendants' poll results widely

17 published under the GALLUP mark, but Defendant Gilani affirmatively promoted and discussed

18 the poll results with National Public Radio (NPR), headquartered in Washington, D.C., as well as

19 in an internet-broadcast teleconference with the Center for Strategic International Studies, also

20 headquartered in Washington, D.C.

21      37.     On NPR's Morning Edition on February 12, 2008, Jackie Northam reported from

22 Islamabad, Pakistan as follows:

23      Jackie Northam: "Dr. Ijaz Gilani heads up the Pakistani chapter of the Gallup polling

24

1    organization.  Gilani says his group asked the Pakistanis if they felt Musharraf was critical in

2    helping stamp out terrorism."

3        Defendant Gilani: "When we frame a question such as this, that would Musharraf's

4    departure be helpful or hurt the control of terrorism, close to 70 percent said that if Musharraf

5    leaves, controlling terrorism would become easier."

6        Jackie Northam: "Musharraf has said he would resign only when he felt the people of

7    Pakistan didn't want him in power anymore.  The recent polls may indicate that time has come."

8        38.    Upon information and belief, on February 15, 2008, Defendant Gilani participated

9    in a teleconference event of the Center for Strategic & International Studies, entitled "Pakistan's

10   Elections: Free, Fair, and Safe?  Pre-Election Analysis."  Upon further information and belief,

11   the teleconference was broadcast over the internet and the audio file of the broadcast can be

12   found at http://www.csis.org.  At the teleconference, Defendant Gilani was introduced as the

13   "Chairman of Gallup Pakistan" and Defendant Gilani discussed Defendants' poll results, as well

14   as the history of elections in Pakistan.

15       39.    Upon information and belief, Defendant Gilani has also appeared in the United

16   States, giving presentations on papers and poll results which bear the GALLUP mark.

17       40.    Upon information and belief, between February 28 to March 3, 2007, Defendant

18   Gilani appeared at the International Studies Association 2007 Annual Convention in Chicago,

19   Illinois and presented a paper entitled "Reflections on Americanism and Anti-Americanism."

20   The title page of the paper bore the GALLUP mark.  A copy of Defendant Gilani's "Reflections

21   on Americanism and Anti-Americanism" is attached as Exhibit I.

22       41.    Upon information and belief, on March 27, 2008, Defendant Gilani again

23   participated at the International Studies Association 2008 Annual Convention in San Francisco,

24

1  California.

2      42.    Gallup—the true owner of the famous GALLUP marks—did not perform any

3  surveys or opinion polls of Pakistani public opinion leading up to the Pakistani elections.

4      43.    Upon information and belief, Defendants' decision to use the GALLUP mark in

5  connection with its surveys and polls was done with the intent to capitalize upon the fame and

6  recognition of the famous GALLUP marks, and the associated credibility, reliability and

7  goodwill, in connection with the business of Gallup—namely, the provision of public opinion

8  polls and business management consulting—that have been associated with the GALLUP marks

9  for over 70 years.

10     44.    Defendants knew or reasonably should have known that the distribution and

11 promotion of survey and poll results under a GALLUP mark in the United States and elsewhere

12 would create the likelihood of confusion among consumers as to the source, affiliation,

13 connection, origin, authorization and sponsorship of the surveys and polls and would dilute the

14 distinctive quality of the GALLUP mark.

15     45.    Defendants knew or reasonably should have known that the distribution and

16 promotion of survey and poll results under a GALLUP mark would create the false impression in

17 the minds of consumers and readers of the poll results that Defendants' surveys and polls were

18 conducted by Gallup, a recognized leader in both opinion polling and business management

19 consulting.

20                              **Injury to Gallup and the Public**

21     46.    Defendants' use of the GALLUP mark in connection with an opinion poll or

22 survey in the area of business management or political or socio-economic opinion will falsely

23 indicate to consumers that Defendants' surveys and polls originate from, is approved by, is

24

1    sponsored by, is licensed by, or is otherwise affiliated with Gallup and is associated with the

2    opinion polls, surveys, and/or management consulting offered in connection with the GALLUP

3    family of marks.

4        47.    Upon information and belief, Defendants' use of the GALLUP mark in

5    connection with opinion polls, surveys, and management consulting occurs  in the same markets

6    and channels of trade as those offered by Gallup under the GALLUP family of marks.

7        48.    Defendants' use of GALLUP as described above has caused or is likely to cause

8    confusion, to cause mistake, or to deceive customers of both Gallup and the Defendants and to

9    cause the dilution of the distinctive quality of the GALLUP mark.

10        49.    Defendants' use of GALLUP as described above has or will unjustly enrich

11    Defendants at the expense of Gallup and its goodwill in the GALLUP marks.

12        50.    Defendants' use of GALLUP as a trademark as described above removes Gallup's

13    ability to control the nature and quality of goods provided in connection with the GALLUP

14    marks, and places its valuable reputation and goodwill beyond its control and into the hands of a

15    remote company with the distribution capability to damage the famous GALLUP marks

16    worldwide.

17        51.    Upon information and belief, Defendants' actions to infringe and dilute the

18    trademark rights of Gallup were willful in that Defendants had knowledge of Gallup's famous

19    GALLUP family of marks and acted in reckless disregard of the likelihood of confusion and

20    dilution that would result from its use of the GALLUP mark in connection with their poll results.

21        52.    Unless restrained by this Court, Defendants' unlawful acts will cause or continue

22    to cause irreparable injury to Gallup and to the public, for which there is no adequate remedy at

23    law.

24

## FIRST CLAIM
### FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §§ 1114-1117; Lanham Act § 32)

53.    Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

54.    Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP constitutes or will constitute infringement of Gallup's registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Gallup to an injunction against said use pursuant to 15 U.S.C. § 1116.

55.    As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

56.    Defendants' infringement of Gallup's trademarks as alleged herein is an exceptional case and was intentional, entitling Gallup to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM
### FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125(a); Lanham Act § 43(a))

57.    Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

58.    Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP constitutes or will constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Gallup, or as to the origin, sponsorship, or approval of Defendants' goods and/or services by Gallup.  Such actions constitute unfair competition and false designation of

origin in violation of the Lanham Act, 15 U.S.C. § 1125.

59.    As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Federal Trademark Dilution Act of 1995)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

60.    Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

61.    Gallup's family of GALLUP trademarks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

62.    Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP has caused actual dilution and will continue to cause dilution of the distinctive quality of Gallup's famous GALLUP marks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

63.    By reason of the foregoing, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

64.    Because Defendants willfully intended to trade on Gallup's reputation or to cause dilution of Gallup's famous trademarks, Gallup is entitled to damages, extraordinary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

**FOURTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

65.    Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

Gallup, Inc. v. BRB, Ijaz Gilani, and GBRS
Case No. CV 08-1577  EDL

66.     Defendants' infringement of Gallup's trademarks constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

67.     As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

68.     As a consequence of Defendants' actions, Gallup is entitled to injunctive relief and an order that Defendants disgorge all profits earned as a result of Defendants' infringing use of the GALLUP mark.

## FIFTH CLAIM
## COMMON LAW UNJUST ENRICHMENT

69.     Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

70.     Defendants' actions as set forth above and Defendants' use of the mark GALLUP provided a benefit to Defendants at the expense of Gallup.

71.     Defendants had knowledge and appreciation of the benefit conferred upon Defendants by their conduct.

72.     It would be inequitable for Defendants to retain the benefit without paying Gallup.

## PRAYER FOR RELIEF

WHEREFORE, Gallup prays that this Court grant it the following relief:

1.     Adjudge that Gallup's trademarks have been infringed by Defendants in violation of Gallup's rights under common law and 15 U.S.C. § 1114.

2.     Adjudge that Defendants have competed unfairly with Gallup in violation of

1    Gallup's rights under common law, 15 U.S.C. § 1125(a), and/or California law.

2       3.     Adjudge that Defendants' activities are likely to, or have, diluted Gallup's famous

3    trademarks in violation of Gallup's rights under common law and 15 U.S.C. § 1125(c).

4       4.     Order that Defendants, as well as their affiliates, officers, agents, servants,

5    employees, attorneys, successors, assigns, and all those persons in active concert or participation

6    with any of them, be enjoined and restrained, at first during the pendency of this action and

7    thereafter permanently, from:

8            a.     Using, in connection with the promotion, advertising, offering, or sale of

9        any opinion poll, survey, or consulting services, the mark GALLUP or any other

10        designation that is confusingly similar to GALLUP or any of the GALLUP marks; is

11        likely to cause confusion with the GALLUP marks; or dilutes or is likely to dilute the

12        GALLUP marks.

13           b.     Utilizing the internet domain name, gallup.com.pk, for their internet

14        website.

15           c.     Otherwise competing unfairly with Gallup in any manner including (1)

16        adopting or infringing upon Gallup's GALLUP marks, or (2) adopting or using any other

17        marks or designations that are confusingly similar to the GALLUP marks.

18           d.     Conspiring with, aiding, assisting or abetting any other person or business

19        entity in engaging in or performing any of the activities referred to above.

20       5.     Order Defendants to immediately remove all references to Gallup or the

21    GALLUP marks from Defendants' corporate or trade name and from any survey, website,

22    brochure, newsletter, publication or any other advertising, marketing, or promotional material of

23    Defendants.

24

6.    Order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in their possession or control that depict or reference the mark GALLUP in connection with the goods and/or services of the Defendants.

7.    Order Defendants to provide notice or corrective advertising to each and every known reader or recipient of the Defendants' recent survey and poll results to disclaim any association, affiliation, endorsement, or approval by Gallup with respect to the GALLUP marks.

8.    Order Defendants to file with this Court and to serve upon Gallup a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any injunction resulting from this matter within thirty days after service of such injunctions.

9.    Adjudge that Gallup recover from Defendants its damages in an amount to be proven at trial.

10.    Order an accounting be directed to determine Defendants' profits or increases in revenue or recognition resulting from its acts of infringement, dilution, unfair competition, and unjust enrichment, and impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities.

11.    Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Gallup be awarded the greater of three times Defendants' profits or three times any damages sustained by Gallup, under 15 U.S.C. § 1117, plus prejudgment interest.

12.    Adjudge that Defendants be required to pay Gallup punitive damages for their oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages

1   incurred by Gallup or on proof of Defendants' unjust enrichment.

2       13.    Adjudge that Gallup be awarded its costs incurred in pursuing this action,

3   including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

4       14.    Order all such other relief as the Court deems appropriate.

5

6   Dated this _____ day of June, 2008.

7                                   Respectfully submitted,

8

9                                   By: _s/ Monica K. Hoppe_____
                                    Monica K. Hoppe (Bar # 197576)
                                    HUSCH BLACKWELL SANDERS LLP
10                                  1699 Laurelwood Drive
                                    San Jose, CA 95125
11                                  Telephone:  (408) 829-2889
                                    Facsimile:  (402) 964-5050
12                                  Email: monica.hoppe@huschblackwell.com

13                                  Trenten P. Bausch (*pro hac vice* application
                                    forthcoming)
14                                  Henry L. Wiedrich (*pro hac vice* application
                                    forthcoming)
15                                  HUSCH BLACKWELL SANDERS LLP
                                    1620 Dodge Street, Suite 2100
16                                  Omaha, NE  68102
                                    Telephone:  (402) 964-5000
17                                  Facsimile:  (402) 964-5050
                                    Email:  trent.bausch@huschblackwell.com,
18                                          henry.wiedrich@huschblackwell.com

19                                  Attorneys for Plaintiff
                                    GALLUP, INC.

20

21

22

23

24

1

## DEMAND FOR JURY TRIAL

2    Gallup demands that this action be tried to a jury.

3

4    Dated this _____ day of June, 2008.

5                                    Respectfully submitted,

6                                    By: _s/ Monica K. Hoppe_____
                                     Monica K. Hoppe (Bar # 197576)
7                                    HUSCH BLACKWELL SANDERS LLP
                                     1699 Laurelwood Drive
8                                    San Jose, CA 95125
                                     Telephone: (408) 829-2889
9                                    Facsimile: (402) 964-5050
                                     Email: monica.hoppe@huschblackwell.com
10
                                     Trenten P. Bausch (*pro hac vice* application
11                                   forthcoming)
                                     Henry L. Wiedrich (*pro hac vice* application
12                                   forthcoming)
                                     HUSCH BLACKWELL SANDERS LLP
13                                   1620 Dodge Street, Suite 2100
                                     Omaha, NE  68102
14                                   Telephone: (402) 964-5000
                                     Facsimile: (402) 964-5050
15                                   Email: trent.bausch@huschblackwell.com,
                                            henry.wiedrich@huschblackwell.com
16
                                     Attorneys for Plaintiff
17                                   GALLUP, INC.

18

19

20

21

22

23

24

1  MONICA K. HOPPE (Bar # 197576)
   HUSCH BLACKWELL SANDERS LLP
2  1699 Laurelwood Drive
   San Jose, CA 95125
3  Telephone:  (408) 829-2889
   Facsimile: (402) 964-5050
4  Email: monica.hoppe@huschblackwell.com

5  TRENTEN P. BAUSCH (*pro hac vice*)
   HENRY L. WIEDRICH (*pro hac vice*)
6  HUSCH BLACKWELL SANDERS LLP
   1620 Dodge Street, Suite 2100
7  Omaha, NE 68102
   Telephone:  (402) 964-5000
8  Facsimile: (402) 964-5050
   Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com

9
   Attorneys for Plaintiff
10 GALLUP, INC.

11                    UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14
   GALLUP, INC.,                        Case No.  CV 08-1577   WHA
15
              Plaintiff,                Honorable William H. Alsup
16
        vs.                             **FIRST AMENDED COMPLAINT FOR
17 BUSINESS RESEARCH BUREAU (PVT.)      FEDERAL  TRADEMARK
   LTD., d/b/a GALLUP PAKISTAN, IJAZ    INFRINGEMENT,
18 SHAFI GILANI, GALLUP BUSINESS        UNFAIR COMPETITION AND
   RESEARCH SERVICES (PVT.) LTD., d/b/a DILUTION; AND CALIFORNIA
19 GALLUP PAKISTAN                      UNFAIR COMPETITION AND
                                        UNJUST ENRICHMENT**
20            Defendants.
                                        **(INJUNCTIVE RELIEF SOUGHT)**
21
                                        **DEMAND FOR JURY TRIAL**
22

23
                                        ┌─────────────────┐
24                                      │  **EXHIBIT G**  │
                                        └─────────────────┘

OM-267364-3                    1

1

2       Plaintiff Gallup, Inc. complains against Defendants Business Research Bureau (Pvt.) Ltd.

3 (d/b/a Gallup Pakistan), Ijaz Shafi Gilani, and Gallup Business Research Services (Pvt.) Ltd.

4 (d/b/a Gallup Pakistan) as follows:

5 **INTRODUCTION**

6     1.    Gallup, Inc. ("Gallup") is the owner of the world famous GALLUP trademarks

7 and service marks. For over 70 years, the GALLUP marks have been used and recognized in

8 connection with surveys for political or public opinion polls and corresponding data and analysis.

9 In addition, the GALLUP marks also identify Gallup as the source of surveys and opinion polls

10 directed to business management. As a result, the GALLUP marks have become distinctive

11 symbols of excellence and innovation uniquely associated with Gallup and its surveys and

12 opinion polls.

13     2.    Defendants Business Research Bureau (Pvt.) Ltd. ("BRB") and Gallup Business

14 Research Services (Pvt.) Ltd. ("GBRS"), under the guidance of their chairman, Defendant Ijaz

15 Shafi Gilani ("Gilani"), in bad faith and in violation of a Pakistani Registrar of Trade Marks

16 decision, as well as Gallup's exclusive rights, do business under the name Gallup Pakistan and

17 operate as an opinion and socio-economic research organization, providing survey and opinion

18 polls on political topics and topics pertinent to business management decisions. In January and

19 February 2008, Defendants released and promoted polls containing information on Pakistani

20 public opinion on issues surrounding the upcoming Pakistani elections. These polls bore the

21 mark GALLUP PAKISTAN. Due to recent events in Pakistan and the election's implications on

22 United States foreign policy, the Pakistani parliamentary election and Defendants' poll results

23 garnered much attention from the press in the United States and abroad and were widely printed.

24

1    In these publications, the polls were attributed to Gallup Pakistan or simply Gallup. Further,

2    Defendant Gilani has appeared on radio and internet broadcasts in the United States discussing

3    the Pakistani parliamentary election and the BRB and GBRS poll results. Defendant Gilani has

4    also appeared in the United States, giving presentations on papers and poll results that bear the

5    mark GALLUP. Defendants' unauthorized use of the GALLUP mark in association with

6    business and political surveys is an attempt to bolster the credibility of its services. Further,

7    Defendants' use of the GALLUP mark creates a misleading association with Gallup's

8    internationally recognized goodwill and reputation in the trade.

9    **JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

10    3.    Plaintiff's first, second, and third claims arise under the Trademark Act of 1946

11    (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§

12    1051, *et seq.*). This Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C.

13    §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question),

14    and 15 U.S.C. § 1121 (Lanham Act). This Court also subject matter jurisdiction over all of

15    Plaintiffs claims pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists

16    between the parties. Even absent diversity jurisdiction, this Court has supplemental jurisdiction

17    over the remaining state law claims under 28 U.S.C. § 1367.

18    4.    This Court has personal jurisdiction over Defendants.

19    5.    Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendants are

20    all aliens.

21    6.    Intra-district assignment to any division of the Northern District is proper under

22    Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

23    **PARTIES**

24

7.      Gallup is a Delaware corporation with its principal place of business at 1001 Gallup Drive, Omaha, Nebraska 68102.

8.      Upon information and belief, Defendant BRB is a Pakastani company with its principal place of business at H-45, St, 52, F-7/4, Islamabad, Pakistan. Defendant BRB, in bad faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's exclusive rights, does business under the name Gallup Pakistan and operates as an opinion and socio-economic research organization, providing survey and opinion polls on political, social, and business topics.

9.      Upon information and belief, Defendant GBRS is a Pakastani company with its principal place of business at H-45, St, 52, F-7/4, Islamabad, Pakistan. Defendant GBRS, in bad faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's exclusive rights, does business under the name Gallup Pakistan and operates as an opinion and socio-economic research organization, providing survey and opinion polls on political, social, and business topics.

10.     Upon information and belief, Defendant Gilani is Chairman of BRB and GBRS and is a resident of Islamabad, Pakistan. Upon further information and belief, Defendant Gilani obtained a Ph.D. in Political Science from the Massachusetts Institute of Technology (MIT) in 1977, and became Chairman of BRB and GBRS, both organizations he helped found, in 1980. Upon further information and belief, Defendant Gilani is also a professor of International Relations at the International Islamic University Islamabad.

11.     Upon information and belief, Defendants provide or have provided public opinion studies to international agencies headquartered in the United States, including the World Bank, headquartered in Washington, D.C., and UNICEF, which is headquartered in New York City,

1   New York, as well as educational institutions located in the United States, including Harvard

2   University and the Massachusetts Institute of Technology (MIT), both located in Boston,

3   Massachusetts.  Upon further information and belief, Defendants BRB and GBRS have provided

4   public opinion studies and research to Pakistani and international businesses.

5   ## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

6   ### The GALLUP Marks

7       12.    Gallup and its predecessors in interest or related entities have offered and

8   promoted its services in connection with its family of GALLUP trademarks and service marks in

9   the United States since 1935.

10      13.    Gallup owns numerous United States Trademark registrations and applications

11  incorporating the GALLUP mark for use in connection with surveys, public opinion polls,

12  business management consulting, as well as other goods and services.  These registrations and

13  applications for GALLUP marks include:

| Mark | Application No. | Registration No. | Goods/Services | Status |
|---|---|---|---|---|
| The Gallup Poll | 73,317,712 | 1,266,004 | Public opinion polling. | Registered |
| The Gallup School | 75,227,740 | 2,220,843 | Educational services . . .in the field of polling techniques, methodology, and the interpretation of polling results. | Registered |
| Gallup | 75,234,811 | 2,242,387 | Public opinion polling services | Registered |
| Dr. Gallup Portrait Devise | 75,697,793 | 2,355,074 | Market research services; opinion polling for business marketing purposes. | Registered |
| Gallup Management Journal | 76,137,553 | 2,565,129 | Magazines and periodicals, namely, journals relating to matters of interest to management. | Registered |

| | | | | |
|---|---|---|---|---|
| The Gallup Path | 76,376,913 | 2,942,443 | Business Management Consulting Services. | Registered |
| Gallup | 78,321,159 | 3,004,998 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup Consulting | 78,752,029 | 3,158,038 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup Press | 78,751,995 | 3,158,034 | Printing material (Cl. 16); and Educational services (Cl. 41). | Registered |
| Gallup University | 78,751,931 | 3,158,032 | Printing material (Cl. 16); Business management and consulting services (Cl. 35); Educational services (Cl. 41); and Scientific research services (Cl. 42). | Registered |
| Gallup-Healthways Well Being Index | 77,363,409 | | Questionnaires and surveys to gather and interpret data to help measure quality of well being (Cl. 16); Consultation in improving the quality of well being (Cl. 35); and Conduct public opinion polling and surveys of general population on well being (Cl. 42). | Pending |

14.    Gallup has used, continues to use, or maintains a bona fide intent to use the referenced GALLUP marks in connection with the various goods and services as shown in the chart above and/or as shown in the corresponding registrations or applications.

15.    Gallup has also registered the GALLUP mark with United States Customs &

1  Border Protection, under customs recordation number TMK 06-00283.

2     16.   For over 70 years, Gallup has invested and continues to invest substantial

3  resources in promoting its goods and services in connection with the GALLUP marks—

4  specifically including surveys, public opinion polls, and business management consulting

5  services.

6     17.   As a result of Gallup's use and promotion of the GALLUP marks in conjunction

7  with its high quality goods and services, the GALLUP marks have acquired a strong and

8  favorable public recognition and distinctiveness identifying Gallup as the source of surveys,

9  public opinion polling, and business management consulting services of the highest quality,

10  credibility and reliability.

11     18.   Through widespread and continuous use, advertisement, and promotion by

12  Gallup, the trade and purchasing public recognize that Gallup is the source of surveys, public

13  opinion polling, business management consulting services, and related goods identified by and

14  used in connection with the GALLUP marks.

15     19.   As a result of extensive use and promotion by Gallup, the GALLUP marks have

16  become famous and distinctive marks of incalculable value uniquely associated with Gallup and

17  the high quality, credibility and reliability of its goods and services.

18     20.   The GALLUP marks are famous and became famous decades prior to any use of

19  the term by Defendants.

20  ## Defendants' Unauthorized Use of the GALLUP Mark

21     21.   Upon information and belief, Defendants BRB and GBRS, guided by their

22  chairman, Defendant Gilani, operate as an opinion and socio-economic research organization,

23  providing survey and opinion polls on political, social, and business topics.

24

22.     Upon information and belief, Defendants BRB and GBRS use the mark GALLUP in their trade name, Gallup Pakistan, and prominently display the GALLUP mark on their publications and website.

23.     Defendants attempted to register the GALLUP mark in Pakistan, under Application No. 124363 to the Trade Marks Registry, with respect to paper and paper articles, cardboard and cardboard articles, printed matter, programme schedule, newspapers, magazines, periodicals, reports, evaluations, diagrams, charts, print-outs, instructional manuals, survey questionnaires, interview doing charts, compilations, books, bookbinding material, photographs, stationery, bags, envelops, adhesive materials, artists materials, typewriters and office requisites, printed promotional material within class 16, instructional and teaching material, playing cards, and stereotype.

24.     In the case before the Registrar of Trade Marks at Karachi, captioned *In the matter of Opposition No. 56/1999 to Application No. 124363 in class 16 for the Trade Mark GALLUP* ("*Opposition No. 56/1999*"), Gallup opposed Defendants' attempted registration and requested that Gallup's own application to register the GALLUP mark in Pakistan be granted.

25.     In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan refused Defendants' application to register the mark GALLUP and allowed Gallup's application to register the mark GALLUP to proceed to registration.  A copy of the Registrar's decision is attached hereto as Exhibit A.

26.     In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan found as follows:

a.     "The adoption of the mark GALLUP by [Defendants] is dishonest [and] fraudulent.  [Defendants] had prior knowledge that rights in the trade mark GALLUP

1  vests exclusive with [Gallup]."

2        b.    "[Defendants] has no justification to adopt the well known trade mark of

3  the foreign company in its name."

4        c.    "The attempt of securing registration of the mark GALLUP by

5  [Defendants] is an attempt to capitalize [on] [Gallup's] mark GALLUP."

6        d.    "Since the adoption of the trade mark GALLUP by [Defendants] is

7  malafide, therefore any use of the said mark in Pakistan does not support to [Defendants]

8  and such dishonest use can not [sic] be protected in the law."

9        e.    "There is every likelihood of confusion and deception if [Defendants']

10 mark is allowed to proceed to registration."

11       27.    Upon information and belief, despite Defendants' failed attempt to register the

12 mark GALLUP in Pakistan and Gallup's success in doing so, Defendants have continued using

13 and prominently featuring the mark GALLUP in connection with its services and publications.

14       28.    Upon information and belief, Defendants maintain a website found at

15 http://gallup.com.pk.  Upon further information and belief, Defendants' website is maintained in

16 English, is accessible by individuals and entities in the United States, and prominently displays

17 links to the results of its public opinion polls on its home page.  A copy of Defendants'

18 homepage is attached as Exhibit B and is incorporated by reference.

19       29.    At Defendants' website, Defendants market their services and release the results

20 of their surveys and polls of Pakistani public opinion on political, social and business topics.

21 Upon information and belief, Defendants disseminate the results of these polls to the public and

22 press, free of charge.

23       30.    Upon information and belief, Defendants' press releases of their polls

24

1   prominently feature the GALLUP mark. A copy of Defendants' press release of January 11,

2   2008 is attached as Exhibit C.

3       31.     Upon information and belief, between January 11, 2008 and February 22, 2008,

4   Defendants released six polls regarding Pakistani public opinion of issues surrounding the

5   Pakistani parlimentary elections and Pakistan's President Pervez Musharraf. The results of these

6   six polls each bore the mark GALLUP and were made available to the public and press at

7   Defendants' website. A copy of Defendants' press release of February 11, 2008 is attached as

8   Exhibit D. A copy of Defendants' press release of February 15, 2008 is attached as Exhibit E. A

9   copy of Defendants' press release of February 18, 2008 is attached as Exhibit F. A copy of

10   Defendants' press release of February 21, 2008 is attached as Exhibit G. A copy of Defendants'

11   press release of February 22, 2008 is attached as Exhibit H.

12       32.     Due to recent events in Pakistan, including the assassination of Benazir Bhutto,

13   and the election's implications on United States foreign policy, the Pakistani parliamentary

14   election and the polls released by Defendants garnered much attention from the press in the

15   United States and abroad.

16       33.     The results of Defendants' polls, all bearing the mark GALLUP, were published

17   by the following news organizations in the United States, either in print or electronic form, or

18   both:

19       a.       ABC News (Associated Press), January 13, 2008.

20       b.       Bloomberg, Feb. 21, 2008.

21       c.       The Boston Globe (Reuters), February 13, 2008.

22       d.       The Christian Science Monitor, February 8, 2008.

23       e.       The Christian Science Monitor, February 15, 2008.

24

1        f.        CNN, February 15, 2008.

2        g.       Los Angeles Times, February 14, 2008.

3        h.       New York Times, January 22, 2008.

4        i.        PR News Wire, Feb. 13, 2008.

5        j.        Reuters, February 7, 2008.

6        k.       Reuters, February 19, 2008.

7        l.        Seattle Times, February 18, 2008.

8        m.      Time, January 24, 2008.

9        n.       Time, February 13, 2008.

10        o.       USA Today (Associated Press), January 13, 2008.

11        p.       USA Today, February 14, 2008.

12        q.       The Week, January 25, 2008.

13      34.    Upon information and belief, Defendants' poll results, with their accompanying

14 unauthorized use of the GALLUP mark, were also widely published by the international press.

15      35.    The reason Defendants' poll results garnered the media attention they did was

16 because people in the media believed the poll results were associated with Gallup.

17      36.    Upon information and belief, not only were Defendants' poll results widely

18 published under the GALLUP mark, but Defendant Gilani affirmatively promoted and discussed

19 the poll results with National Public Radio (NPR), headquartered in Washington, D.C., as well as

20 in an internet-broadcast teleconference with the Center for Strategic International Studies, also

21 headquartered in Washington, D.C.

22      37.    On NPR's Morning Edition on February 12, 2008, Jackie Northam reported from

23 Islamabad, Pakistan as follows:

24

1    Jackie Northam: "Dr. Ijaz Gilani heads up the Pakistani chapter of the Gallup polling

2    organization. Gilani says his group asked the Pakistanis if they felt Musharraf was critical in

3    helping stamp out terrorism."

4    Defendant Gilani: "When we frame a question such as this, that would Musharraf's

5    departure be helpful or hurt the control of terrorism, close to 70 percent said that if Musharraf

6    leaves, controlling terrorism would become easier."

7    Jackie Northam: "Musharraf has said he would resign only when he felt the people of

8    Pakistan didn't want him in power anymore. The recent polls may indicate that time has come."

9    38.    Upon information and belief, on February 15, 2008, Defendant Gilani participated

10    in a teleconference event of the Center for Strategic & International Studies, entitled "Pakistan's

11    Elections: Free, Fair, and Safe? Pre-Election Analysis." Upon further information and belief,

12    the teleconference was broadcast over the internet and the audio file of the broadcast can be

13    found at http://www.csis.org. At the teleconference, Defendant Gilani was introduced as the

14    "Chairman of Gallup Pakistan" and Defendant Gilani discussed Defendants' poll results, as well

15    as the history of elections in Pakistan.

16    39.    Upon information and belief, Defendant Gilani has also appeared in the United

17    States, giving presentations on papers and poll results which bear the GALLUP mark.

18    40.    Upon information and belief, between February 28 to March 3, 2007, Defendant

19    Gilani appeared at the International Studies Association 2007 Annual Convention in Chicago,

20    Illinois and presented a paper entitled "Reflections on Americanism and Anti-Americanism."

21    The title page of the paper bore the GALLUP mark. A copy of Defendant Gilani's "Reflections

22    on Americanism and Anti-Americanism" is attached as Exhibit I.

23    41.    Upon information and belief, on March 27, 2008, Defendant Gilani again

24

1    participated at the International Studies Association 2008 Annual Convention in San Francisco,

2    California.

3        42.    Gallup—the true owner of the famous GALLUP marks—did not perform any

4    surveys or opinion polls of Pakistani public opinion leading up to the Pakistani elections.

5        43.    Upon information and belief, Defendants' decision to use the GALLUP mark in

6    connection with its surveys and polls was done with the intent to capitalize upon the fame and

7    recognition of the famous GALLUP marks, and the associated credibility, reliability and

8    goodwill, in connection with the business of Gallup—namely, the provision of public opinion

9    polls and business management consulting—that have been associated with the GALLUP marks

10   for over 70 years.

11       44.    Defendants knew or reasonably should have known that the distribution and

12   promotion of survey and poll results under a GALLUP mark in the United States and elsewhere

13   would create the likelihood of confusion among consumers as to the source, affiliation,

14   connection, origin, authorization and sponsorship of the surveys and polls and would dilute the

15   distinctive quality of the GALLUP mark.

16       45.    Defendants knew or reasonably should have known that the distribution and

17   promotion of survey and poll results under a GALLUP mark would create the false impression in

18   the minds of consumers and readers of the poll results that Defendants' surveys and polls were

19   conducted by Gallup, a recognized leader in both opinion polling and business management

20   consulting.

21                        **Injury to Gallup and the Public**

22       46.    Defendants' use of the GALLUP mark in connection with an opinion poll or

23   survey in the area of business management or political or socio-economic opinion will falsely

24

1  indicate to consumers that Defendants' surveys and polls originate from, is approved by, is

2  sponsored by, is licensed by, or is otherwise affiliated with Gallup and is associated with the

3  opinion polls, surveys, and/or management consulting offered in connection with the GALLUP

4  family of marks.

5       47.    Upon information and belief, Defendants' use of the GALLUP mark in

6  connection with opinion polls, surveys, and management consulting occurs  in the same markets

7  and channels of trade as those offered by Gallup under the GALLUP family of marks.

8       48.    Defendants' use of GALLUP as described above has caused or is likely to cause

9  confusion, to cause mistake, or to deceive customers of both Gallup and the Defendants and to

10 cause the dilution of the distinctive quality of the GALLUP mark.

11      49.    Defendants' use of GALLUP as described above has or will unjustly enrich

12 Defendants at the expense of Gallup and its goodwill in the GALLUP marks.

13      50.    Defendants' use of GALLUP as a trademark as described above removes Gallup's

14 ability to control the nature and quality of goods provided in connection with the GALLUP

15 marks, and places its valuable reputation and goodwill beyond its control and into the hands of a

16 remote company with the distribution capability to damage the famous GALLUP marks

17 worldwide.

18      51.    Upon information and belief, Defendants' actions to infringe and dilute the

19 trademark rights of Gallup were willful in that Defendants had knowledge of Gallup's famous

20 GALLUP family of marks and acted in reckless disregard of the likelihood of confusion and

21 dilution that would result from its use of the GALLUP mark in connection with their poll results.

22      52.    Unless restrained by this Court, Defendants' unlawful acts will cause or continue

23 to cause irreparable injury to Gallup and to the public, for which there is no adequate remedy at

24

law.

<b><u>FIRST CLAIM</u></b><br>
<b><u>FEDERAL TRADEMARK INFRINGEMENT</u></b><br>
<b>(15 U.S.C. §§ 1114-1117; Lanham Act § 32)</b>

53.     Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

54.     Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP constitutes or will constitute infringement of Gallup's registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Gallup to an injunction against said use pursuant to 15 U.S.C. § 1116.

55.     As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

56.     Defendants' infringement of Gallup's trademarks as alleged herein is an exceptional case and was intentional, entitling Gallup to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

<b><u>SECOND CLAIM</u></b><br>
<b><u>FEDERAL UNFAIR COMPETITION</u></b><br>
<b>(False Designation of Origin and False Description)</b><br>
<b>(15 U.S.C. § 1125(a); Lanham Act § 43(a))</b>

57.     Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

58.     Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP constitutes or will constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Gallup, or as to the origin, sponsorship, or approval of Defendants' goods

and/or services by Gallup.  Such actions constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125.

59.     As a direct and proximate result of Defendants' infringing activities, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARKS
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

60.     Gallup realleges and incorporates by reference the foregoing paragraphs of its Complaint as if fully set forth herein.

61.     Gallup's family of GALLUP trademarks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

62.     Defendants' actions, as set forth above, and Defendants' use of the mark GALLUP has caused actual dilution and will continue to cause dilution of the distinctive quality of Gallup's famous GALLUP marks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

63.     By reason of the foregoing, Gallup has been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to compensate for this harm and damage.

64.     Because Defendants willfully intended to trade on Gallup's reputation or to cause dilution of Gallup's famous trademarks, Gallup is entitled to damages, extraordinary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

65.     Gallup realleges and incorporates by reference the foregoing paragraphs of its

OM-267364-3

FIRST AMENDED COMPLAINT

Gallup, Inc. v. BRB, Ijaz Gilani, and GBRS
Case No. CV 08-1577  WHA

1   Complaint as if fully set forth herein.

2       66.    Defendants' infringement of Gallup's trademarks constitutes "unlawful, unfair or

3   fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising"

4   within the meaning of California Business & Professions Code § 17200.

5       67.    As a direct and proximate result of Defendants' infringing activities, Gallup has

6   been or will be irreparably harmed and damaged.  Gallup's remedies at law are inadequate to

7   compensate for this harm and damage.

8       68.    As a consequence of Defendants' actions, Gallup is entitled to injunctive relief

9   and an order that Defendants disgorge all profits earned as a result of Defendants' infringing use

10  of the GALLUP mark.

## FIFTH CLAIM
## COMMON LAW UNJUST ENRICHMENT

11

12

13      69.    Gallup realleges and incorporates by reference the foregoing paragraphs of its

    Complaint as if fully set forth herein.

14

15      70.    Defendants' actions as set forth above and Defendants' use of the mark GALLUP

    provided a benefit to Defendants at the expense of Gallup.

16

17      71.    Defendants had knowledge and appreciation of the benefit conferred upon

    Defendants by their conduct.

18

19      72.    It would be inequitable for Defendants to retain the benefit without paying

    Gallup.

20

## PRAYER FOR RELIEF

21

    WHEREFORE, Gallup prays that this Court grant it the following relief:

22

23      1.    Adjudge that Gallup's trademarks have been infringed by Defendants in violation

    of Gallup's rights under common law and 15 U.S.C. § 1114.

24

OM-267364-3                                17

FIRST AMENDED COMPLAINT

Gallup, Inc. v. BRB, Ijaz Gilani, and GBRS
Case No. CV 08-1577  WHA

1    2.    Adjudge that Defendants have competed unfairly with Gallup in violation of

2    Gallup's rights under common law, 15 U.S.C. § 1125(a), and/or California law.

3    3.    Adjudge that Defendants' activities are likely to, or have, diluted Gallup's famous

4    trademarks in violation of Gallup's rights under common law and 15 U.S.C. § 1125(c).

5    4.    Order that Defendants, as well as their affiliates, officers, agents, servants,

6    employees, attorneys, successors, assigns, and all those persons in active concert or participation

7    with any of them, be enjoined and restrained, at first during the pendency of this action and

8    thereafter permanently, from:

9        a.    Using, in connection with the promotion, advertising, offering, or sale of

10    any opinion poll, survey, or consulting services, the mark GALLUP or any other

11    designation that is confusingly similar to GALLUP or any of the GALLUP marks; is

12    likely to cause confusion with the GALLUP marks; or dilutes or is likely to dilute the

13    GALLUP marks.

14        b.    Utilizing the internet domain name, gallup.com.pk, for their internet

15    website.

16        c.    Otherwise competing unfairly with Gallup in any manner including (1)

17    adopting or infringing upon Gallup's GALLUP marks, or (2) adopting or using any other

18    marks or designations that are confusingly similar to the GALLUP marks.

19        d.    Conspiring with, aiding, assisting or abetting any other person or business

20    entity in engaging in or performing any of the activities referred to above.

21    5.    Order Defendants to immediately remove all references to Gallup or the

22    GALLUP marks from Defendants' corporate or trade name and from any survey, website,

23    brochure, newsletter, publication or any other advertising, marketing, or promotional material of

24

1   Defendants.

2       6.      Order Defendants to deliver up for destruction or show proof of destruction of any

3   and all products, advertisements, publications, labels and any other materials in their possession

4   or control that depict or reference the mark GALLUP in connection with the goods and/or

5   services of the Defendants.

6       7.      Order Defendants to provide notice or corrective advertising to each and every

7   known reader or recipient of the Defendants' recent survey and poll results to disclaim any

8   association, affiliation, endorsement, or approval by Gallup with respect to the GALLUP marks.

9       8.      Order Defendants to file with this Court and to serve upon Gallup a report in

10  writing and under oath setting forth in detail the manner and form in which Defendants have

11  complied with any injunction resulting from this matter within thirty days after service of such

12  injunctions.

13      9.      Adjudge that Gallup recover from Defendants its damages in an amount to be

14  proven at trial.

15      10.     Order an accounting be directed to determine Defendants' profits or increases in

16  revenue or recognition resulting from its acts of infringement, dilution, unfair competition, and

17  unjust enrichment, and impose a constructive trust on all of Defendants' funds and assets that

18  arise out of Defendants' infringing activities.

19      11.     Adjudge that Defendants be required to account for any profits that are

20  attributable to their illegal acts, and that Gallup be awarded the greater of three times

21  Defendants' profits or three times any damages sustained by Gallup, under 15 U.S.C. § 1117,

22  plus prejudgment interest.

23      12.     Adjudge that Defendants be required to pay Gallup punitive damages for their

24

1  oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages

2  incurred by Gallup or on proof of Defendants' unjust enrichment.

3      13.    Adjudge that Gallup be awarded its costs incurred in pursuing this action,

4  including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

5      14.    Order all such other relief as the Court deems appropriate.

6

7      Dated this _____<sup>th</sup> day of _____, 2008.

8                                      Respectfully submitted,

9

                                       By:_____
10                                     Monica K. Hoppe (Bar # 197576)
                                       HUSCH BLACKWELL SANDERS LLP
11                                     1699 Laurelwood Drive
                                       San Jose, CA 95125
12                                     Telephone:  (408) 829-2889
                                       Facsimile:  (402) 964-5050
13                                     Email: monica.hoppe@huschblackwell.com

14                                     Trenten P. Bausch (*pro hac vice*)
                                       Henry L. Wiedrich (*pro hac vice*)
15                                     HUSCH BLACKWELL SANDERS LLP
                                       1620 Dodge Street, Suite 2100
16                                     Omaha, NE  68102
                                       Telephone:  (402) 964-5000
17                                     Facsimile:  (402) 964-5050
                                       Email:  trent.bausch@huschblackwell.com,
18                                               henry.wiedrich@huschblackwell.com

19                                     Attorneys for Plaintiff
                                       GALLUP, INC.
20

21

22

23

24

OM-267364-3

FIRST AMENDED COMPLAINT

Gallup, Inc. v. BRB, Ijaz Gilani, and GBRS
Case No. CV 08-1577  WHA

## DEMAND FOR JURY TRIAL

Gallup demands that this action be tried to a jury.


Dated this _____ th day of _____, 2008.

Respectfully submitted,


By:_____
Monica K. Hoppe (Bar # 197576)
HUSCH BLACKWELL SANDERS LLP
1699 Laurelwood Drive
San Jose, CA 95125
Telephone:  (408) 829-2889
Facsimile:  (402) 964-5050
Email: monica.hoppe@huschblackwell.com

Trenten P. Bausch (*pro hac vice*)
Henry L. Wiedrich (*pro hac vice*)
HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100
Omaha, NE  68102
Telephone:  (402) 964-5000
Facsimile:  (402) 964-5050
Email:  trent.bausch@huschblackwell.com,
          henry.wiedrich@huschblackwell.com

Attorneys for Plaintiff
GALLUP, INC.

OM-267364-3

FIRST AMENDED COMPLAINT

Gallup, Inc. v. BRB, Ijaz Gilani, and GBRS
Case No. CV 08-1577  WHA