MONICA K. HOPPE (Bar # 197576)
HUSCH BLACKWELL SANDERS LLP
1699 Laurelwood Drive
San Jose, CA 95125
Telephone: (408) 829-2889
Facsimile: (402) 964-5050
Email: monica.hoppe@huschblackwell.com

TRENTEN P. BAUSCH (*pro hac vice*)
HENRY L. WIEDRICH (*pro hac vice*)
HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100
Omaha, NE 68102
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com

Attorneys for Plaintiff
GALLUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLUP, INC., <br>     Plaintiff, <br> vs. <br> BUSINESS RESEARCH BUREAU, d/b/a GALLUP PAKISTAN, and IJAZ SHAFI GILANI, <br>     Defendants. | Case No. CV 08-1577   WHA <br><br> **PLAINTIFF GALLUP'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-9, Plaintiff Gallup, Inc. ("Gallup") submits this Separate Case Management Statement and requests the Court to adopt it as its Case Management Order in this case. Gallup files a Separate Case Management Statement, pursuant Civil Local Rule 16-9(a), because Defendant Gilani is not

represented by counsel and Gallup has been unable, despite reasonable efforts, to obtain cooperation of Defendant Gilani in the preparation of a joint statement. *See* Declaration of Monica K. Hoppe filed separately.

## SEPARATE CASE MANAGEMENT STATEMENT

1. Jurisdiction and Venue

This Court has jurisdiction over Plaintiff's Lanham Act claims (federal trademark infringement, federal unfair competition, and federal trademark dilution) pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court also has subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties. Even absent diversity jurisdiction, this Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendants because the claims arise from Defendants' activities in California and Defendants were personally served in California. Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendants are all aliens.

2. Facts

Gallup is the owner of the world famous GALLUP trademarks and service marks. Gallup owns at least eleven United States Trademark registrations and applications incorporating the GALLUP mark, including Gallup, Gallup Press, Gallup Consulting, and The Gallup Poll, for use in connection with surveys, public opinion polls, business management consulting, as well as other goods and services. Gallup has also registered the GALLUP mark with United States Customs & Border Protection, under customs recordation number TMK 06-00283. For over 70 years, Gallup has invested and continues to invest substantial resources in promoting its goods and services in connection with the GALLUP marks—specifically including surveys, public

opinion polls, and business management consulting services. As a result of extensive use and promotion by Gallup, the GALLUP marks have become famous and distinctive marks of incalculable value uniquely associated with Gallup and the high quality, credibility and reliability of its goods and services. The GALLUP marks are famous and became famous decades prior to any use of the term by Defendants.

Defendants Business Research Bureau (Private) Limited ("BRB"), Gallup Business Research Services (Private) Limited ("GBRS"), and Gallup Pakistan (Private) Limited ("Gallup Pakistan Ltd.") (Gallup recently filed a motion for leave to file an Amended Complaint to add GBRS and Gallup Pakistan Ltd. as Defendants in this action), under the guidance of their chairman, Defendant Ijaz Shafi Gilani ("Gilani"), in bad faith and in violation of a Pakistani Registrar of Trade Marks decision, as well as Gallup's exclusive rights, operate as an opinion and socio-economic research organization under the name Gallup Pakistan, providing survey and opinion polls on political topics and topics pertinent to business management decisions.

Defendants attempted to register the GALLUP mark in Pakistan, under Application No. 124363 to the Trade Marks Registry. In the case before the Registrar of Trade Marks at Karachi, captioned *In the matter of Opposition No. 56/1999 to Application No. 124363 in class 16 for the Trade Mark GALLUP* ("*Opposition No. 56/1999*"), Gallup opposed Defendants' attempted registration and requested that Gallup's own application to register the GALLUP mark in Pakistan be granted. In *Opposition No. 56/1999*, the Registrar of Trade Marks of Pakistan refused Defendants' application to register the mark GALLUP and allowed Gallup's application to register the mark GALLUP to proceed to registration.

Upon information and belief, Defendants maintain a website found at http://gallup.com.pk. Defendants' website is maintained in English, is accessible by individuals

and entities in the United States, and prominently displays links to the results of its public opinion polls on its home page. Moreover, Defendants' press releases of their polls prominently feature the GALLUP mark. The results of Defendants' polls, all bearing the mark GALLUP, have been published by numerous media outlets in the United States, either in print or electronic form, or both. The reason Defendants' poll results garnered the media attention they did was because people in the media believed the poll results were associated with Gallup.

Not only were Defendants' poll results widely published under the GALLUP mark, but Defendant Gilani, in his role as Chairman of Gallup Pakistan, has affirmatively promoted and discussed Defendants' poll results with media outlets in the United States and has personally appeared in the United States, giving presentations on papers and poll results which bear the GALLUP mark.

3. <u>Principal Legal Issues in Dispute</u>

a. whether Defendants are liable for federal trademark infringement under 15 U.S.C. §§ 1114-1117, and if so, the amount of damages Gallup is entitled to recover;

b. whether Gallup, if it establishes infringement, is entitled to remedies available in extraordinary circumstances, including treble damages and attorney fees;

c. whether Defendants are liable for federal unfair competition under 15 U.S.C. § 1125(a);

d. whether Defendants are liable for federal dilution of famous marks under 15 U.S.C. § 1125(c);

e. whether Defendants are liable for state law unfair competition under California Business and Professions Code § 17200;

f. whether Defendants are liable for common law unjust enrichment; and

    g.    whether Gallup is entitled to injunctive relief.

4.    <u>Motions</u>

Currently pending before the Court and set for hearing on September 11, 2008, is Gallup's Motion and Amended Motion for Leave to File an Amended Complaint adding GBRS and Gallup Pakistan Ltd. as additional defendants. In addition, Gallup is preparing a Motion for Default Judgment against BRB. If necessary, Gallup also intends to file motions to compel Defendant Gilani to provide complete and signed discovery responses to supplement the nonresponsive, incomplete, insufficient, and unsigned discovery responses Gilani has provided thus far. Gallup also anticipates filing motions for summary judgment as to liability and/or entry of a preliminary injunction, as appropriate.

5.    <u>Amendment of Pleadings</u>

Gallup has moved the Court for leave to amend its Complaint to add GBRS and Gallup Pakistan Ltd. as additional defendants.

6.    <u>Evidence Preservation</u>

Gallup has policies in place designed to preserve relevant materials. Gallup has been unable, however, to engage Defendants in a discussion regarding evidence preservation. Gallup is uncertain what, if any, policies Defendants have in place to preserve relevant materials.

7.    <u>Disclosures</u>

Pursuant to the deadlines established by the Order Setting Initial Case Management Conference and ADR Deadlines, Gallup served its Initial Disclosure on Gilani on June 24, 2008. In violation of the Order Setting Initial Case Management, Defendant Gilani has not yet produced his Initial Disclosure.

8.    <u>Discovery</u>

Gallup does not believe that discovery should be conducted in phases, or limited to certain issues. Gallup served a First Set of Requests for Admissions, Interrogatories, and Requests for Documents on Defendant Gilani. Defendant Gilani recently provide unsigned, nonresponsive, and incomplete responses to Gallup's discovery requests. If necessary, Gallup will move to compel Gilani to provide responsive and complete discovery responses. In addition to further written discovery, Gallup anticipates taking depositions of Defendants.

9. Class Actions

This case is not a class action.

10. Related Cases

There are no related cases.

11. Relief

Gallup seeks damages for lost sales, damages for injury to goodwill, damages in the amount of Defendants' profits or increases in revenue or recognition resulting from their use of the Gallup mark, enhanced, punitive and/or exemplary damages, costs, attorneys' fees, and injunctive relief.

12. Settlement and ADR

Gallup filed its ADR L.R. 3-5(b) ADR Certification and a Notice of Need for ADR Phone Conference. An ADR phone conference occurred on Wednesday, June 25, 2008, at 2:00 p.m. in which only Gallup participated. Another ADR phone conference is scheduled for Tuesday, August 19, 2008, at 8:30 a.m. Gallup has tried repeatedly to reach Defendant Gilani by phone and mail with limited success. *See* Hoppe Declaration. Consequently, Gallup has been unable to engage Defendant Gilani in substantive settlement or ADR discussions. Gallup believes an early settlement conference with a Magistrate Judge may be beneficial.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Gallup does not consent to assignment of this case to a United States Magistrate Judge. The case has been reassigned to United States District Judge William H. Alsup.

14. <u>Other References</u>

Gallup does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

None at present.

16. <u>Expedited Schedule</u>

Gallup does not believe this case can be handled on an expedited basis.

17. <u>Scheduling</u>

Gallup proposes the following discovery and court dates:

| | |
|---|---|
| Last day to seek leave to amend | September 30, 2008 |
| Fact discovery cutoff | November 21, 2008 |
| Expert reports | December 19, 2008 |
| Rebuttal expert reports | January 23, 2009 |
| Expert discovery cutoff | February 13, 2009 |
| Dispositive motions date | March 6, 2009 |
| Final pretrial conference | May 4, 2009 |
| Trial | May 26, 2009 |

18. <u>Trial Estimate</u>

Gallup has demanded a trial by jury. Gallup expects the trial to take 3 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Gallup has filed its Civil L.R. 3-16 Certification of Interested Entities or Persons, which certified as follows:

Pursuant to Civil L.R. 3-16, Gallup certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Gallup Business Research Services (Private) Limited (d/b/a Gallup Pakistan).

20. <u>Other Issues</u>

None at present.

Dated:   August 14, 2008                                        Husch Blackwell Sanders LLP


By:  <u>s/ Monica K. Hoppe</u>
    Monica K. Hoppe
    Trenten P. Bausch *(Pro Hac Vice)*
    Henry L. Wiedrich *(Pro Hac Vice)*
    Counsel for Plaintiff Gallup, Inc.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.

Dated: _____

Hon. William H. Alsup
United States District Judge
Northern District of California