MONICA K. HOPPE (Bar # 197576)
HUSCH BLACKWELL SANDERS LLP
1699 Laurelwood Drive
San Jose, CA 95125
Telephone: (408) 829-2889
Facsimile: (402) 964-5050
Email: monica.hoppe@huschblackwell.com

TRENTEN P. BAUSCH (*pro hac vice*)
HENRY L. WIEDRICH (*pro hac vice*)
HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100
Omaha, NE 68102
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
Email: trent.bausch@huschblackwell.com, henry.wiedrich@huschblackwell.com

Attorneys for Plaintiff
GALLUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLUP, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>BUSINESS RESEARCH BUREAU, d/b/a GALLUP PAKISTAN, and IJAZ SHAFI GILANI,<br>  Defendants. | Case No. CV 08-1577   WHA<br><br>**DECLARATION OF MONICA K. HOPPE IN SUPPORT OF SEPARATE CASE MANAGEMENT STATEMENT** |

I, Monica K. Hoppe, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before the federal courts in this State. I am an attorney with the law firm Husch Blackwell Sanders LLP and I am counsel of record for Plaintiff Gallup, Inc. ("Gallup") in this matter. I have personal

knowledge of the matters stated herein, except as to matters upon which I state are based upon information and belief. If called as a witness, I could and would competently testify to the same.

2. Pursuant to Local Civil Rule 16-9(a), this declaration is submitted in support of Gallup's Separate Case Management Statement in the above-captioned action.

3. Gallup has submitted a Separate Case Management Statement because Gallup has been unable, despite reasonable efforts, to obtain cooperation of Defendants in the preparation of a joint statement.

4. As described in the following paragraphs, Gallup has tried repeatedly to contact Defendant Gilani to discuss the parties' meet and confer obligations under Federal Rules of Civil Procedure 16 and 26 and Local Civil Rule 16-9. Since May 14, 2008, Gallup has attempted to contact Defendant Gilani through the Post Office Box address and telephone number he provided in his letter to the Court, filed May 9, 2008, and the e-mail address listed on Gallup Pakistan's website. Gallup has sent materials and correspondence to Defendant Gilani in addition to those listed below; the following list only reflects communications primarily concerning the parties' meet and confer obligations.

5. As detailed below, until recently, Gallup did not receive any response to its numerous letters and phone calls. Within the past three weeks, Gallup has been contacted by an individual, Umer Gilani, by e-mail, stating that he is assisting Defendant Gilani with the case and requesting that we address all future correspondence to Defendant Gilani through Umer Gilani's e-mail. In addition, Defendant Gilani recently provided late, partial, incomplete, and unsigned responses to Gallup's discovery requests.

6. On May 14, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery, detailing the parties' meet and confer obligations and

upcoming deadlines and requesting that Defendant Gilani contact me by phone, mail, or e-mail. Enclosed with the letter I attached: copies of the relevant federal and local rules, the Court's Standing Order regarding Content of Joint Case Management Statement, the Court's Order Setting Initial Case Management Conference and ADR Deadlines, the Court's ADR Certification form, the form allowing a party to consent to assignment of the case to a Magistrate Judge, and a courtesy copy of the Complaint. Exhibit A, attached hereto, is a true and correct copy of the May 14, 2008 letter, without enclosures. The most recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at 9:26 AM on May 22, 2008. No further information is available for this item."

   7. On May 30, 2008, I resent the letter of May 14, 2008 to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery, with enclosures. Exhibit B, attached hereto, is a true and correct copy of the May 30, 2008, letter without enclosures. The most recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at 9:59 AM on June 6, 2008. Information, if available, is updated every evening. Please check again later."

   8. On May 30, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery, regarding Defendant Gilani's failure to respond to my May 14, 2008 letter and reiterating the parties' meet and confer obligations and approaching deadlines. Exhibit C, attached hereto, is a true and correct copy of the May 30, 2008, letter without enclosures. The most recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at 9:59 AM on June 6, 2008. Information, if available, is updated every evening. Please check again later."

9. On June 10, 2008, I sent copies of the ADR Certification, the Notice of Need For ADR Phone Conference, and the Certificate of Service that Gallup filed on June 10, 2008, to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery. The most recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared customs in PAKISTAN at 9:37 AM on June 16, 2008. Information, if available, is updated every evening. Please check again later."

10. On June 10, 2008, I also sent copies of the ADR Certification, the Notice of Need For ADR Phone Conference, and the Certificate of Service that Gallup filed on June 10, 2008, to Defendant Gilani's Post Office Box via USPS First Class Mail.

11. On June 12, 2008, I called Defendant Gilani in Pakistan at approximately 9 p.m. pacific standard time. Defendant Gilani answered the phone. I introduced myself and explained that I was calling to discuss the parties' court obligations and the materials that I had sent him through the mail. Defendant Gilani stated that he had not received any materials and the call was immediately disconnected. Over the next hour, I tried repeatedly to call Defendant Gilani back at the same number, but he did not answer the phone.

12. On June 17, 2008, I called Defendant Gilani in Pakistan, but he did not answer the phone.

13. On June 18, 2008, I called Defendant Gilani in Pakistan, but he did not answer the phone.

14. On June 24, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery, and enclosed a copy of Gallup's Initial Disclosure. Exhibit D, attached hereto, is a true and correct copy of the June 24, 2008 letter without enclosures. The most recent tracking information for this letter is: "*Out of Foreign Customs*; your item cleared

1 customs in PAKISTAN at 9:36 AM on July 2, 2008. Information, if available, is updated every evening. Please check again later."

15. On June 24, 2008, I also sent a copy of Gallup's Initial Disclosure to Defendant Gilani's Post Office Box via USPS First Class Mail.

16. On July 7, 2008, I sent an e-mail to Defendant Gilani at the electronic address listed on Gallup Pakistan's website, info@gallup.com.pk, regarding my numerous and unsuccessful attempts to reach Defendant Gilani by mail and telephone and requested that Defendant Gilani identify the best method for future correspondence. Exhibit E, attached hereto, is a true and correct copy of the July 7, 2008 e-mail.

17. On July 9, 2008, I sent a copy of the ADR Clerk's Notice Setting further ADR Phone Conference to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery. The most recent tracking information for this letter is: "Delivered abroad. Your item was delivered in PAKISTAN at 12:31 PM on August 4, 2008."

18. On July 22, 2008, I received an e-mail from a Mr. Umer Gilani, stating that he was assisting Defendant Gilani with the case, requesting that I direct further communication to his e-mail, and indicating that Defendant Gilani had received some, if not all, of my numerous mailing from the prior two months. Exhibit F, attached hereto, is a true and correct copy of the July 22, 2008 e-mail that I received from Umer Gilani.

19. On July 23, 2008, I responded to Umer Gilani's e-mail, inquiring whether he was an attorney licensed to practice in the United States and California, suggesting that Defendant Gilani register an e-mail address with the Court, and requesting direct communication with Defendant Gilani in order to meet and confer in preparation for the August 21, 2008 Case

Management Conference. Exhibit G, attached hereto, is a true and correct copy of the July 23, 2008 e-mail.

20. On July 23, 2008, I received an e-mail from Umer Gilani confirming that Defendant Gilani was proceeding pro se and indicating that Defendant Gilani would participate in the meet and confer process. Exhibit H, attached hereto, is a true and correct copy of the July 23, 2008 e-mail that I received from Umer Gilani.

21. On August 8, 2008, I sent a letter to Defendant Gilani's Post Office Box via USPS Express Mail & Proof of Delivery, enclosing a draft copy of a Joint Case Management Statement and requesting Defendant Gilani contact me to discuss all outstanding issues identified in the Court's Standing Order regarding Content of Joint Case Management Statement and any revisions he wished to make to the Joint Case Management Statement. Exhibit I, attached hereto, is a true and correct copy of the August 8, 2008 letter without enclosures.

22. On August 8, 2008, I also sent a draft copy of a Joint Case Management Statement to Defendant Gilani via Umer Gilani's e-mail address.

23. On August 12, 2008, I received an e-mail from Umer Gilani stating that he, not Defendant Gilani, did not agree with portions of the draft Joint Case Management Statement and requesting that I "thoroughly" revise the statement. Exhibit J, attached hereto, is a true and correct copy of the August 12, 2008 e-mail I received from Umer Gilani.

24. On August 12, 2008, I responded to Umer Gilani's e-mail of that day, requesting that Defendant Gilani send any specific revisions or additions he wanted included in the draft Joint Case Management Statement. Exhibit K, attached hereto, is a true and correct copy of the August 12, 2008 e-mail.

25. Other than the e-mails from Umer Gilani, I have not received any response from Defendant Gilani to the numerous mailings I have sent him regarding the parties' obligations to meet and confer. As of the time of filing Gallup's Separate Case Management Statement and this Declaration, I have not received any further communications from Defendant Gilani or Umer Gilani regarding the draft Joint Management Statement that Gallup provided and Umer Gilani generally objected to.

Dated this 14th day of August, 2008.

By: s/ Monica K. Hoppe
Monica K. Hoppe
Counsel for Plaintiff Gallup, Inc.



**HUSCH BLACKWELL SANDERS LLP**

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 14, 2008

**VIA USPS REGISTERED MAIL**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

      Re:    Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
               and Ijaz Shafi Gilani

Dear Dr. Gilani:

      Pursuant to the Federal Rules of Civil Procedure and the Northern District of California Local Rules, the parties are required to meet and confer to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement, attached hereto. For your convenience, we have also attached copies of some of the relevant federal and local rules. According to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, also attached, the deadline for the parties to meet and confer is June 10, 2008. In addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case management statement, due June 24, 2008.

      In order to comply with the Court's deadlines, at your earliest convenience, please contact us at the e-mail address, telephone number, or mailing address noted above so that we can arrange a time and means to meet and confer.

      In addition, enclosed please find a copy of the Court's ADR Certification, due June 10, 2008, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge, and a courtesy copy of the Complaint, in light of your claim that you did not retain a copy of the Complaint with which you were personally served on March 27, 2008.

      We look forward to hearing from you in the near future.

                                        Sincerely,

                                        Monica K. Hoppe

MKH

OM-265609-1



**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 14, 2008
(Second mailing, May 30, 2008)

**VIA USPS EXPRESS MAIL &**
**PROOF OF DELIVERY**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

      Re:    Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
              and Ijaz Shafi Gilani

Dear Dr. Gilani:

      Pursuant to the Federal Rules of Civil Procedure and the Northern District of California Local Rules, the parties are required to meet and confer to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement, attached hereto. For your convenience, we have also attached copies of some of the relevant federal and local rules. According to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, also attached, the deadline for the parties to meet and confer is June 10, 2008. In addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case management statement, due June 24, 2008.

      In order to comply with the Court's deadlines, at your earliest convenience, please contact us at the e-mail address, telephone number, or mailing address noted above so that we can arrange a time and means to meet and confer.

      In addition, enclosed please find a copy of the Court's ADR Certification, due June 10, 2008, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge, and a courtesy copy of the Complaint, in light of your claim that you did not retain a copy of the Complaint with which you were personally served on March 27, 2008.

      We look forward to hearing from you in the near future.

                              Sincerely,

                              Monica K. Hoppe

MKH

OM-265609-1

**EXHIBIT B**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Monica K. Hoppe, Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

May 30, 2008

**VIA USPS EXPRESS MAIL &**
**PROOF OF DELIVERY**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

    Re:   Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
              and Ijaz Shafi Gilani

Dear Dr. Gilani:

    We write because have not received a response to our previous letter, dated May 14, 2008. As discussed in our earlier letter, the Federal Rules of Civil Procedure and the Northern District of California Local Rules, require the parties to meet and confer to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement. Our deadline to meet and confer is June 10, 2008. In addition, following the meet and confer, the parties are expected to jointly file a Rule 26(f) case management statement, due June 24, 2008.

    Please contact us at your earliest convenience so that we can arrange a time and means to meet and confer in compliance with the Court's deadlines.

    We look forward to your prompt response.

                            Sincerely,

                            Monica K. Hoppe

MKH

OM-266652-1

**EXHIBIT C**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

**Monica K. Hoppe, Associate**
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

June 24, 2008

**VIA USPS EXPRESS MAIL &**
**PROOF OF DELIVERY**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

   **Re:** Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
     and Ijaz Shafi Gilani

Dear Dr. Gilani:

  Enclosed please find Gallup's Initial Disclosure and Certificate of Service, as required by Federal Rule of Civil Procedure 26(a). In addition, enclosed are copies of recent orders received from the Court, reassigning the matter to District Court Judge Alsup and rescheduling the Case Management Conference for August 21, 2008. Accordingly, the parties have until August 14, 2008 to file a Joint Case Management Statement.

  Please contact me as soon as possible to discuss the parties meet and confer obligations and the contents of the Joint Case Management Statement, as discussed in detail in our previous letter.

            Sincerely,

            *Monica Hoppe*

            Monica K. Hoppe

MKH
Enclosures

OM-268262-1

**EXHIBIT D**

| | |
|---|---|
| **From:** | Hoppe, Monica |
| **Sent:** | Monday, July 07, 2008 10:12 AM |
| **To:** | 'info@gallup.com.pk' |
| **Cc:** | Dolton, Joyce |
| **Subject:** | Message for Dr. Gilani |

This message is intended for Dr. Gilani, Chairman of Gallup Pakistan, regarding lawsuit filed by Gallup, Inc., pending in the United States Federal Court in the Northern District of California.

Dr. Gilani-

As stated during our brief phone conversation, I have repeatedly attempted to reach you by mail and phone at the P.O. Box and phone number you registered with the United States Federal Court in the Northern District of California. I have sent you numerous documents pertaining to court deadlines and your obligations before the Court. To date, some of the deadlines have passed while others are fast approaching. Please let me know if you receive this e-mail and if this is a superior means of sending you materials and correspondence in the future.

Sincerely,
Monica Hoppe



HUSCH
BLACKWELL
SANDERS
LLP

**Monica K. Hoppe**
**Associate**
Husch Blackwell Sanders LLP
1620 Dodge Street, Suite 2100
Omaha, NE  68102
Direct Phone: 402.964.5033
Direct Fax: 402.964.5050
E-Mail: monica.hoppe@huschblackwell.com
Website: www.huschblackwell.com


This message is intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately. Thank you.

7/7/2008



EXHIBIT E

-----Original Message-----
**From:** Umer Gilani [mailto:umer.gilani@gmail.com]
**Sent:** Tuesday, July 22, 2008 1:06 PM
**To:** Hoppe, Monica
**Subject:** On Gallup Org.'s Complaint

Dear Ms. Hoppe

My name is Umer Gilani and I will be assisting Dr. Ijaz Gilani in the case concerning Gallup Org, pending in the District Court of San Francisco.

We are are aware of the requirement to meet and confer prior to the case management conference scheduled for August 21. We would therefore like to correspond with you further at this address to discuss relevant matters.

Notwithstanding anything said in this letter, we register our protest against this frivolous case which attempts to harass Dr. Gilani who is neither a resident or citizen of the United States nor does he do any business in that country. More importantly, he was never served a copy of the complaint in a proper and legal manner. The 'courtesy copy' that you have subsequently mailed is incomplete as it does not contain the appendices which remain unavialable to us, down to this date.

Regards
Umer Gilani
umer.gilani@gmail.com
Pakistan

**EXHIBIT F**

| | |
|---|---|
| **From:** | Hoppe, Monica |
| **Sent:** | Wednesday, July 23, 2008 2:19 PM |
| **To:** | 'Umer Gilani' |
| **Subject:** | RE: On Gallup Org.'s Complaint |

Dear Mr. Gilani-

I am in receipt of your e-mail indicating that you intend to assist Dr. Gilani in the case filed by Gallup pending in the Northern District of California. Please let me know if you are a member of any legal bar in the United States and most importantly, admitted to practice in the Northern District of California. Assuming you are not, we will proceed with the matter with Dr. Gilani representing himself pro se, and will require Dr. Gilani's direct communication, review, and signature on most matters.

We are encouraged, however, by your communication and the confirmation that Dr. Gilani has received the numerous mailings we have sent to the P.O. Box that he registered with the Court. We will continue to send materials to his P.O. Box to effect proper service, but will also send copies to this e-mail address to expedite communication. Unless Dr. Gilani registers an e-mail address with the Court, the Court and Gallup will be forced to continue to correspond with Dr. Gilani through his P.O. Box. It would be wise for Dr. Gilani to submit an e-mail address to the Court at https://ecf.cand.uscourts.gov/cand/index.html to assure he is receiving all communications from the Court on this matter.

As indicated in the numerous packages we have sent to Dr. Gilani, there are a number of matters that require Dr. Gilani's immediate attention. Dr. Gilani's various deadlines and obligations have been detailed at length in our previous correspondence. In addition, Dr. Gilani can review the court docket to determine all matters currently pending when he registers with the Court at the above website.

In preparation for the August 21 Case Management Conference, please have Dr. Gilani contact me after he has reviewed and is prepared to discuss the matters set forth in the Court's Standing Order regarding Content of Joint Case Management Statement (for your convenience, the Order was attached to our correspondence dated May 14, 2008, which you acknowledge Dr. Gilani received).

Thank you for your e-mail communication and I will look forward to hearing from Dr. Gilani.

Monica Hoppe

HUSCH
BLACKWELL
SANDERS
LLP

**Monica K. Hoppe**
Associate
Husch Blackwell Sanders LLP
1620 Dodge Street, Suite 2100
Omaha, NE  68102
Direct Phone: 402.964.5033
Direct Fax: 402.964.5050
E-Mail: monica.hoppe@huschblackwell.com
Website: www.huschblackwell.com

**EXHIBIT G**

-----Original Message-----
**From:** Umer Gilani [mailto:umer.gilani@gmail.com]
**Sent:** Wednesday, July 23, 2008 1:19 PM
**To:** Hoppe, Monica
**Subject:** Re: On Gallup Org.'s Complaint

Dear Ms. Hoppe

Thank you for your reply.

1. You presume correctly that I am not Dr. Gilani's legal counsel and that this matter will proceed pro se. We understand that given this situation there are certain matters that require his direct communication and his signature; in such matters, he will correspond directlly. For our discussions prior to the submission of the case management statement, however, no such requirement is stipulated and the parties are encouraged to interact in any suitable way. It would, therefore, be a good idea to keep this channel of communication open.

2. As for receipt or lack of receipt of any documents, and the required means of acknowledgement, being lawyers you would know better. I am really not in a position to advise you about suitable methods. The one thing that we do know, which is what I stated in the last letter, is the tragic fact that a complete copy of the complaint remains unavailable to Dr. Gilani.

3. You would know only too well that the purpose of this meet-and-confer process is to help the parties do, among other things, the following:

a. Discuss the nature and basis of the claims of both parties;
b. Discuss whether there is a way to resolve the case quickly and infromally through a settlement;
It would be well in line with the spirit of this process if you write back on these concerns. I look forward to hear from you.

Best regards,
Umer Gilani
umer.gilani@gmail.com

**EXHIBIT H**

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

**Monica K. Hoppe,** Associate
DIRECT 402.964.5033 · FAX 402.964.5050 · monica.hoppe@huschblackwell.com
1620 DODGE STREET, SUITE 2100 · OMAHA, NE 68102-1504
www.huschblackwell.com

August 8, 2008

**VIA GLOBAL EXPRESS MAIL,**
**CONFIRMATION OF DELIVERY &**
**E-MAIL**

Dr. Ijaz Shafi Gilani
Post Office Box # 1055
Islamabad, Pakistan

      **Re:**    Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan,
                 and Ijaz Shafi Gilani

Dear Dr. Gilani:

     We write concerning the parties' obligations to file a Joint Case Management Statement by next Thursday, August 14, 2008. Enclosed please find a draft Joint Case Management Statement following the format required by the Court. Please contact me with any revisions you seek and to discuss all outstanding issues.

     In addition, there is an ADR phone conference scheduled for Tuesday, August 19, 2008, at 8:30 a.m. Please let me know if you intend to participate in the phone conference. If you intend to participate, but the current date and time do not work with your schedule, we need to contact the ADR program immediately to reschedule the conference.

                                      Sincerely,

                                      Monica K. Hoppe

MKH
Enclosure

OM-271219-1

**EXHIBIT I**

| | |
|---|---|
| From: | Umer Gilani [umer.gilani@gmail.com] |
| Sent: | Tuesday, August 12, 2008 12:42 PM |
| To: | Hoppe, Monica |
| Cc: | Dolton, Joyce |
| Subject: | Re: Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan and Ijaz Shafi Gilani |

Dear Ms. Hoppe,

I was extremely disappointed by your proposed Joint Case Management Statement(CMS). Its content and tone is so obviously prejudicial to Dr. Gilani's interests that there is no chance of him affirming it. I am sure this point is so obvious that you yourself would be aware of it.

As the court strongly recommends both parties to submit a "joint" case management statement, I would strongly urge you to thoroughly and considerately revise this statement.

In particular, the statement of facts in your proposed CMS contains just your version of facts, including various highly disputed statements. CMS is supposed to contain, not your complete version of facts, but rather only the agreed upon facts. I am sure you would know all too well that Dr. Gilani, or any defendant for that matter, can never uphold the kind of statements that are recorded on page 3(line 3 onwards) and page 4.

Furthermore, service of the complaint upon the defendant and jurisdiction of the court are contested matters for reasons that you may too well be aware of. Finally, among other things, the deadlines proposed are also contested.

I hope you will consider these suggestions and propose a statement that has at least some chances of being affirmed by both parties as their joint statement.

Regards,
Umer Gilani

**EXHIBIT J**

| | |
|---|---|
| From: | Hoppe, Monica |
| Sent: | Tuesday, August 12, 2008 1:14 PM |
| To: | 'Umer Gilani' |
| Cc: | Dolton, Joyce |
| Subject: | RE: Gallup, Inc. v. Business Research Bureau d/b/a Gallup Pakistan and Ijaz Shafi Gilani |

Dear Mr. Gilani-

Thank you for your response to my previous e-mail. Gallup has invested significant time and effort to draft a proposed Joint CMC Statement. We are open to any specific revisions you propose, although we do not intend to entirely revise the Statement in response to your vague complaints. The CMC Statement is intended to reflect those areas where the parties have been able to reach agreement, as well as the outstanding issues upon which the parties disagree. Because Dr. Gilani has not responded to our numerous attempts to meet and confer over the past three months, we are unable and unwilling to guess about Dr. Gilani's position on any matters contained in the CMC Statement, and so appropriately provided a first draft of the CMC Statement reflecting Gallup's position on the items identified by the Court.

In response to the specific issues you raise, it is typical for parties to provide separate factual statements identified by each party. Typically a lawsuit arises because the parties do not agree on all facts/legal contentions. Please indicate any of the facts set forth by Gallup that Dr. Gilani agrees with so that we can provide an initial section of facts on which the parties agree. We can follow that section with factual assertions of each party as appropriate. Please provide a draft of any separate factual assertions Dr. Gilani wants included in the Joint CMC Statement, and we will separate the fact statements by party. Likewise, please provide any specific language Dr. Gilani wants included in the section concerning jurisdiction and venue. Also, please propose whatever alternate dates/schedule you would prefer for Gallup and the Court to consider.

Finally, it is unclear from your e-mail whether Dr. Gilani has reviewed the draft CMC Statement. As requested in my previous e-mail, please confirm that Dr. Gilani, who is proceeding pro se, has received and reviewed my previous correspondence and draft CMC Statement.

Sincerely,
Monica Hoppe

**EXHIBIT K**