To : **The Chief Clerk**
**US District Court**
**NORTHERN DISTRICT OF CALIFORNIA (San Francisco)**
**Fax No : 415 522 3605**

**450 Golden Gate Avenue 16ᵗʰ Floor Room 11-11**

**San Francisco , California 94102**

FILED

CO AUG 15 PH 3: 15

CLERK US DISTRICT COURT
NORTHERN DIST OF CALIFORNIA

From :

IJAZ SHAFI GILANI
P.O. BOX 1055
ISLAMABAD
PAKISTAN

FILE VIA FAX

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

GALLUP INC.,

    Plaintiff,

vs.

BUSINESS RESEARCH BUREAU
and IJAZ SHAFI GILANI,

    Defendants.

**Case No. CV 08-1577 WHA**

**SEPARATE CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

### Sent by fax and simultaneously mailed by courier

Pursuant to the Federal Rule of Civil Procedure 16 and Civil Local Rule 16-9, I, Ijaz Gilani, *pro se* Defendant, submit this separate Case Management Statement and request the court to adopt it as the Case Management Order in this case. I am submitting a separate Statement instead of submitting a statement jointly with the Plaintiff because the latter entailed unusual hardship.

I did receive a proposed Joint Case Management Statement from the plaintiff, a few days ago because it was dispatched by the plaintiff as late as Aug 8 and mail takes a lot of time

CV 08-1577: CASE MANAGEMENT STATEMENT:         - 1 -

reaching Pakistan. That proposal, however, comprised statements that were false and extremely prejudicial to my interests. I tried to contact the plaintiff's counsel, Monica Hoppe, through an assistant of mine, to get the plaintiff to revise the statement so as to make it acceptable to both parties. However, she did not respond positively to my request.

The court would recognize that as a *pro se* defendant it is unusually hard and often intimidating for me to communicate effectively and liaison with the plaintiff's counsel. I feel that the whole purpose of trapping me in this overseas litigation is to harass me. I hope that the court will also appreciate the immense difficulties I face in defending this suit in the United States, when I am neither a citizen nor even a resident of that country. My difficulties in pursuing this overseas litigation are only added to by the fact that I am a citizen and resident of Pakistan, a poor and underdeveloped country, and being an academic and researcher by profession my resources are limited.

In the light of these reasons, I hope that the court will accept my separate Case Management Statement and adopt is as the Case Management Order.

## 1. Jurisdiction and Service:

### Jurisdiction:

This court does not have personal jurisdiction over the defendant, Dr. Ijaz Gilani, because he is neither citizen nor resident of the United States. He also does not posses any assets in the United States. Furthermore, none of his activities have, or have had, a significant effect on the United States' commercial interests nor are they directed specifically to the United Stated public.

This case seeks to agitate issues, including the question of concurrent ownership of the GALLUP mark in Pakistan by GBRS Pvt. Ltd, that are already sub judice before the High Court of Sindh, Pakistan. If the court nonetheless chooses to exercise jurisdiction over a Pakistani citizen for acts committed, or purported to have been committed, in Pakistan, and which are already sub judice before a High Court of that country, it would be disrespectful to Pakistan's sovereignty.

Finally, haling into this court the *pro se* Defendant, Dr. Gilani, who lives on the other side of the globe, poses on him a manifestly unreasonable burden. It would also unduly constrain his limited financial resources. For all of these reasons, the defendant contends that this court does not have personal jurisdiction over him. The burden of proving this court's personal jurisdiction over Ijaz Gilani remains to be discharged by the plaintiff.

### Service



Dr. Gilani has not been properly and legally served. He has still not received a complete copy of the complaint with all its exhibits. For preparing this statement, as well all correspondence prior to it, he is relying on an incomplete copy of the complaint accessed indirectly from public records.

Service upon Dr. Gliani does not constitute service upon BRB Pvt. Ltd. because he had no express or implied authority from the said company to receive any legal document on its behalf. Further, given that BRB Pvt. Ltd. is a defunct entity, service cannot possibly be effected on it.

## 2. Facts

Dr. Gilani is representing only himself in case. He is a distinct and independent legal person and has no obligation or authority to speak on behalf of any other present or to-be-added defendant. As stated earlier, Dr. Gilani is a citizen and resident of Pakistan only.

Based upon information and belief, the Plaintiff makes three charges that have been laid against the personal conduct of Dr. Gilani. He is defending himself against all of these.

The first charge concerns his conduct at International Studies Association Convention, Chicago, 2007("ISA 2007"). The plaintiff has alleged that Dr. Gilani presented a paper at the ISA 2007 which bore the GALLUP mark. This is completely untrue. Dr. Gilani did not present any paper or written or visual presentation at ISA 2007. Instead, he only gave an oral talk. He registered himself as a participant in that conference not in connection with Gallup Pakistan but as a professor at the International Islamic University, Islamabad. In that capacity, he gave an oral talk about a book. As a social scientist, he quoted a host of surveys from various sources, from around the world. He did not identify himself as the source of any surveys conducted in the United Stated. In short, he committed no act which can possibly be considered trademark infringement. It may also be noted here that he received no consideration for this talk.

The second charge concerns a series of interviews he granted to the United States media. The interviews concerned his analysis, as a Pakistani social science expert, of the 2008 Elections in Pakistan. He referred to various surveys conducted and published in Pakistan, including those conducted by Gallup Pakistan. However, he did not identify himself as the source of any surveys conducted or published in the United States. By no means did he give the impression that he was the source of any surveys conducted in the United States by the Plaintiff. Talking about any survey results from the United States would have been completely out of place. Furthermore, he neither solicited those interviews, nor received any consideration for them.

The third charge concerns a teleconference that he attended in Islamabad, Pakistan. In this teleconference, as a Pakistani social science expert, he presented his analysis of the 2008 parliamentary elections in Pakistan. He referred to various surveys conducted and published in Pakistan, including those conducted by Gallup Pakistan. However, he did not identify himself as the source of any surveys conducted or published in the United States. By no means did he give the impression that he was the source of, or related to,

any surveys conducted in the United States by the Plaintiff. Talking about any survey results from the United States would have been completely out of place. Furthermore, he neither solicited this interview, nor received any consideration for it.

## 3. Principal Legal Issues in Dispute

1. Does the District Court have **jurisdiction** over Dr. Gilani, when he is neither citizen nor resident of the United States, nor directs any of his activities specifically toward the United States, nor do any of his activities have a substantial effect on United States' commercial interests?

2. Has proper and legal **service** been effected on Dr. Gilani, when the messenger who is supposed to have effected service neither introduced himself nor the nature of the documents he purported to serve and trespassed into a private conference while doing so?

3. Does the plaintiff have exclusive **worldwide rights** over the mark GALLUP or are these rights specific to the territorial jurisdiction of the United States of America and only those countries where the plaintiff has successfully registered this mark?

4. Have the plaintiffs **successfully** registered the GALLUP mark with the Trademark Registry of Pakistan?

5. Can any actions of the defendant be considered violative of the Pakistani Registrar of Trademark's Order in Opposition No. 56 of 1999, when the execution of that order has been suspended by the **High Court of Sindh, Karachi** through its order in M.A. 11 of 2006, dated 02-08-2006?

6. If the defendant is found to have infringed the plaintiff's rights, did the defendant accrue any commercial benefits to himself by so doing? If so, what remedies can the plaintiff be entitled to?

## 4. Motions

The Defendant anticipates filing a motion to dismiss the complaint for lack of jurisdiction, reiterating an objection that he has already mentioned in his "Answer" to the complaint. The defendant wishes to reserve the right to file other motions, as appropriate.

## 5. Evidence Preservation

The Defendant is taking all reasonable steps in his personal capacity and control to preserve whatever evidence is reasonably likely to be relevant in this case. He expects the same from the plaintiff.

### 6. Disclosures

The Defendant received a series of requests for documents, interrogatories, and requests for admission. A host of the queries were clearly meant to pose an unreasonable burden on the defendant and to harass him. Nonetheless, all of them were responded to in a most appropriate, complete and legally sufficient manner and to the best of the defendant's information and belief.

### 7. Discovery

The Defendant anticipates sending requests for disclosure and discovery to the plaintiff in due course and hopes that the plaintiff would cooperate.

Discovery should be as limited as possible because of the immense costs that are incurred in sending documents from Pakistan to the United States. Given the unreliable and relatively slower communication channels in Pakistan, discovery should be minimal and time limits for discovery should be flexible.

### 8. Class Actions

No class action involved.

### 9. Related Cases:

Gallup Business Research Services (Pvt.) Limited vs. (i)Registrar of Trade Marks and (ii) Gallup Inc., pending in the High Court of Sindh, Karachi.
Order of the High Court of Sindh, Karachi (Pakistan) in Memorandum of Appeal No. 11 of 2006.

### 10. Relief

No relief should be granted to the plaintiff because the defendant has not infringed any rights. Furthermore, no relief or injunction can effectively be granted against a defendant who neither resides in nor owns any assets in the United States. If, however, any damages are granted, they may be granted on the basis of profits alleged to have been earned by the defendant through unlawful acts. Damages may not be granted on the basis of lost profits by the plaintiff.

### 11. Settlement and ADR

The Defendant is deeply desirous of settling this matter. The defendant has already indicated the fact that he respects the plaintiff's rights over the GALLUP mark in the territorial jurisdiction of the United States and has never infringed those rights nor does he intend to do so.

The defendant is yet to discuss the ADR mechanisms with the court's ADR program, in a teleconference scheduled for 19th August. Currently, he is inclined towards an early settlement conference with a magistrate judge.

## 12. Consent to Magistrate Judge for All Purposes

This case has been reassigned to United States District Judge William H. Alsup, because the plaintiff objected to it being heard by a Magistrate Judge.

## 13. Other References

I am currently not in a position to answer this. On Aug 19, I hope to attend the ADR teleconference to get a better idea of whether this case may be suitable for reference to binding arbitration and other available mechanisms.

## 14. Narrowing of Issues

I request the court to divide the issues in this case in the following manner:

1. The court's personal jurisdiction over me, or lack of it, and the sufficiency or insufficiency of service purportedly effected on me are issues that should be dealt with first. It is these issues that are most crucial in this case.
2. There should be a bifurcation between issues that concern my personal conduct, and issues that concern the conduct of other legal entities like BRB Pvt. Ltd and GBRS Pvt. Ltd. I should be expected to answer only those issues which concern my personal conduct, whereas other legal entities should be expected to answer questions which concern their corporate conduct. Not drawing such a distinction would be violative of the law concerning limited liability companies and would be unjust and unfair to me.

## 15. Expedited Schedule

The defendant is not desirous of an expedited schedule. Already, given the slowed down communications in Pakistan and frequent power outages, keeping up with the pace of this case is proving hard for me.

## 16. Scheduling

I leave it to the court to set up the schedule of this case in a manner that is just and equitable to both parties and is sensitive to my special limitations as a *pro se* defendant of limited means, belonging to Pakistan.

## 17. Trial Estimate:

The Defendant is opposed to a jury trial for this case. As the plaintiff is seeking equitable remedies, including injunction and unjust enrichment, there is no entitlement to the Seventeenth Amendment right to a jury trial.

### 18. Disclosure of Non-party interested Entities or Persons

There are no such entities or persons in my knowledge.

### 19. Other Issues

I have not received a complete copy of the complaint against me, until now. The plaintiff's process server claims to have left it on some chair near me. If it pleases the honorable court, please provide me a copy of that complaint. Also, I have not received various documents which the plaintiff alleges to have sent to me. It is unclear to me whether the plaintiff did not send those or whether they just got lost in the traveling. To avoid such confusion in the future, if it pleases the honorable court, from now on, I may not be considered to be in receipt of any document sent by the plaintiff, unless a signed and dated copy of proof of receipt is placed on the court record.

Dated: August 14, 2008

Ijaz Shafi Gilani
P.O. Box 1055
Islamabad, Pakistan