IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GALLUP, INC.,

    Plaintiff,

v.

BUSINESS RESEARCH BUREAU (PVT.) LTD., d/b/a GALLUP PAKISTAN, IJAZ SHAFI GILANI, GALLUP BUSINESS RESEARCH SERVICES (PVT.) LTD., d/b/a GALLUP PAKISTAN, and GALLUP PAKISTAN (PVT.)LTD,

    Defendants.
                                 /

No. C 08-01577 WHA

**ORDER DENYING MOTION TO DISMISS**

**INTRODUCTION**

In this action for trademark infringement and unfair competition, defendants move to dismiss on the ground that there is no subject-matter jurisdiction. Defendants contend that subject-matter jurisdiction does not exist because there is no basis to exercise extraterritorial jurisdiction under the Lanham Act. There is no basis, defendants contend, because the alleged infringing acts occurred in Pakistan by a Pakistani national and his organization with no adverse commercial effects on plaintiff. Because this order finds that sufficient infringing acts occurred *in* the United States to establish subject-matter jurisdiction and that it is not necessary to exercise extraterritorial jurisdiction, defendants' motion is **DENIED**.

**STATEMENT**

Between January 11 and February 22, 2008, defendants released six polls regarding Pakistani public opinion of issues surrounding the Pakistani parliamentary elections and its president. Defendants made their polls available to the press and the public. They also published the polls on their web site, which is in English and accessible in the United States. The polls bore the mark "Gallup" (First Amd. Compl. ¶ 32). Defendants do business under the name Gallup Pakistan and operate as an opinion and socio-economic research organization, providing survey and opinion polls on political, social, and business topics (*id.* at ¶ 10). Defendants have provided public opinion studies to international agencies headquartered in the United States and to educational institutions, also in the country (*id.* at ¶ 12).

In addition, defendant Gilani, the chairman of Gallup Pakistan, appeared at a conference in Chicago in 2007 where he presented a paper that bore the Gallup mark (*id.* at ¶ 41). He also spoke on National Public Radio on February 12, 2008, where he discussed his organization's poll results. He was introduced as the head of "the Pakistani chapter of the Gallup polling organization" (*id.* at ¶ 38). On February 15, Gilani participated in an internet broadcast that originated from an organization based in the United States. He was introduced as the "chairman of Gallup Pakistan" (*id.* at ¶ 39). The complaint does not state where Gilani was when he was interviewed on NPR or when he participated in the internet broadcast. It appears, however, from the complaint that Gilani was not in the United States for either event. The complaint alleges that Gilani was in the United States from February 28 to March 3, 2007, for the Chicago conference. It also alleges that he was in the United States on March 27, 2008, for a conference in San Francisco (*id.* at ¶¶ 40–42). Neither time period coincides with his interview on NPR or his participation in the internet broadcast.

Plaintiff owns numerous United States trademark registrations and applications incorporating the Gallup mark for use in connection with surveys, public opinion polls, business management consulting, as well as other goods and services. Plaintiff continues to use the Gallup mark in connection with its goods and services. Plaintiff has invested substantial resources in promoting its goods and services in connection with the Gallup mark.

2

1  Plaintiff maintains that the Gallup mark has acquired a strong and favorable public recognition
2  and distinctiveness identifying Gallup as the source of surveys, public opinion polling, and
3  business management consulting services of the highest quality, credibility, and reliability
4  (*id.* at ¶¶ 14–18)**.**

5  Plaintiff alleges violations of Sections 1114, 1125(a), and 1125(c) and seeks monetary
6  and injunctive relief.  Defendants move to dismiss on the ground that there is no subject-matter
7  jurisdiction.  Of note, defendants *do not* challenge the exercise of personal jurisdiction.
8  They contend no subject-matter jurisdiction exists because there is no basis to exercise
9  extraterritorial jurisdiction under the Lanham Act.  Plaintiff counters that it is not necessary to
10  exercise extraterritorial jurisdiction because defendants have committed infringing acts *in the*
11  *United States* sufficient to establish subject-matter jurisdiction.

## ANALYSIS

13  The party seeking to invoke the Court's jurisdiction bears the burden of establishing
14  subject-matter jurisdiction.  A jurisdictional challenge under Rule 12(b)(1) may be made either
15  on the face of the pleadings or by presenting extrinsic evidence.  *Warren v. Fox Family*
16  *Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).[1]  "In a facial attack, the challenger
17  asserts that the allegations contained in a complaint are insufficient on their face to invoke
18  federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the
19  allegations that, by themselves, would otherwise invoke federal jurisdiction."  If the Rule
20  12(b)(1) motion is a facial attack, a district court must accept all allegations in the complaint as
21  true and draw all reasonable inferences in favor of the plaintiff.  *Wolfe v. Strankman*, 392 F.3d
22  358, 362 (9th Cir. 2004).

23  Here, defendants' Rule 12(b)(1) motion is a facial attack.  Defendants stated in their
24  motion that they seek to dismiss the action on the ground that "plaintiff's *complaint* concerns
25  alleged acts which were mainly, and overwhelmingly, done in or orchestrated from, Pakistan —
26  outside the territorial jurisdiction of the United States and its courts" (Br. 4) (emphasis added).

---

[1] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

3

Defendants do not dispute facts alleged by plaintiff that would establish subject-matter jurisdiction.

### 1. SUBJECT-MATTER JURISDICTION UNDER THE LANHAM ACT.

District courts have original jurisdiction of all actions arising under the Lanham Act without regard to the amount in controversy or whether there is a diversity of citizenship of the parties.  15 U.S.C. 1121.  The Lanham Act provides a broad jurisdictional grant to district courts that extends to all commerce which may lawfully be regulated by Congress. *Steele v. Bulova Watch Co.*, 344 U.S. 280, 283–284 (1952).  The jurisdictional test is whether defendants' alleged trademark infringement occurred  "in commerce."  "Commerce" is defined as "all commerce which may lawfully be regulated by Congress."  15 U.S.C. 1127.  The phrase "in commerce" does not necessarily require that the infringing acts took place "'in commerce' which is subject to congressional regulation, but that the acts have an adverse effect on that commerce." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 427 (9th Cir. 1977).

Plaintiff alleges that defendants' trademark infringement occurred "in commerce" in three ways:  (1) defendants published poll results in the United States under the Gallup mark; (2) defendant Gilani appeared in the United States and promoted poll results under the Gallup mark; and, (3) defendants operate a website that prominently features the Gallup mark.

### A. Defendants' Publication of Poll Results In The United States Under the Gallup Mark.

Defendants do business under the name Gallup Pakistan.  Gallup Pakistan "operates as an opinion and socio-economic research organization, providing survey and opinion polls on political, social, and business topics."  Defendants "provide or have provided public opinion studies to international agencies headquartered in the United States" (FAC ¶¶ 8–12). Defendants use the mark Gallup in their trade name and prominently display the mark on their publications  (*id*. at ¶ 23 ).  Plaintiff  "owns numerous United States trademark registrations and applications incorporating the Gallup mark for use in connection with surveys, public opinion polls, business management consulting, as well as other goods and services" (*id*. at ¶ 14). Plaintiff alleges that defendants' use of the Gallup mark "has caused or is likely to cause

4

confusion, to cause mistake, or to deceive customers of both Gallup and the defendants and to cause the dilution of the distinctive quality of the Gallup mark" (*id.* at ¶ 49).

Plaintiff's complaint satisfies the jurisdictional "in commerce" requirement because it alleges that defendants' trademark infringement not only occurred "'in commerce' which is subject to Congressional regulation" but also has the potential to adversely affect that commerce. The alleged trademark infringement occurred "in commerce" because Congress regulates the use of trademarks on published materials. 15 U.S.C. 1114. The alleged trademark infringement also adversely affects that commerce because it impairs Gallup's right to capitalize on its registered mark in its publications.

Defendants contend that commerce in the United States is not affected because Gallup Pakistan does not advertise, market, or promote any goods or services in the United States. Ignoring the fact that disseminating poll results in the United States with the Gallup mark is, arguably, promotional, defendants' contention misses the mark. The test is whether the alleged infringement occurred within an area of commerce that Congress regulates or whether the infringement adversely affected that commerce. Even if defendants did not "advertise, market, or promote" their services in the United States, plaintiff sufficiently alleges that defendants' use of the Gallup mark occurred within commerce and adversely affected that commerce. There is subject-matter jurisdiction over plaintiff's claims that defendants infringed on Gallup's trademark by publishing and promoting poll results in the United States under the Gallup mark.

**B. Defendant Gilani's Appearances in the United States To Promote Poll Results Under The Gallup Mark.**

The results of defendants' polls, all bearing the Gallup mark, were published by thirteen news organizations in the United States, either in print or electronic form (*id.* at ¶ 34). Defendant Gilani discussed poll results on National Public Radio, headquartered in Washington, D.C. He was introduced as the head of the "Pakistani chapter of the Gallup polling organization." Gilani also participated in an internet broadcast originating from Washington, D.C., in which he was introduced as the "Chairman of Gallup Pakistan." The complaint does not state where Gilani was when he was interviewed on NPR or when he participated in the internet broadcast. It appears, however, from the complaint that Gilani was not in the

5

1  United States for either event. The time periods for which he is alleged to have been in the
2  United States do not coincide with his interview on NPR or his participation in the internet
3  broadcast (*id.* at ¶¶ 40–42). When Gilani *was* in the United States, he gave presentations on
4  papers and poll results which bore the Gallup mark at two conferences (*id.* at ¶¶ 37–42).

5  It is not altogether clear from the face of the complaint that defendants' appearances
6  under the Gallup mark in the press and in public were done "in commerce." Plaintiff does not
7  allege that defendants sought business in the United States by making such appearances.
8  Instead, plaintiff alleges that defendant's "decision to use the Gallup mark in connection with
9  its surveys and polls was done with the intent to capitalize upon the fame and recognition of the
10 famous Gallup marks, and the associated credibility, reliability and goodwill, in connection
11 with the business of Gallup" (*id.* at ¶ 44). Plaintiff also alleges that defendants were unjustly
12 enriched by their use of the Gallup mark (*id.* at ¶ 72).

13 It may be possible to infer from these allegations that defendants sought to capitalize on
14 markets within the United States which are regulated by Congress. But, it is not necessary to
15 reach this conclusion because plaintiff has sufficiently alleged that defendants' presentations
16 at conferences in the United States under the Gallup mark have adversely affected commerce
17 which is regulated by Congress. Plaintiff also sufficiently alleges that defendant Gilani's
18 interview on NPR and participation in the internet broadcast under the Gallup mark adversely
19 affected commerce. Plaintiff alleges that defendants' "use of the Gallup mark in connection
20 with opinion polls, surveys, and management consulting occurs in the same markets and
21 channels of trade as those offered by Gallup under the Gallup family of marks" (*id.* at ¶ 48).
22 Plaintiff further alleges that defendants' use of the Gallup mark "has caused or is likely to
23 cause confusion, to cause mistake, or to deceive customers of both Gallup and the defendants
24 and to cause the dilution of the distinctive quality of the Gallup mark" (*id.* at ¶ 49).
25 Plaintiff sufficiently alleges that defendants' use of the Gallup mark adversely affected
26 commerce. There is subject-matter jurisdiction over plaintiff's claims that defendants
27 infringed on Gallup's trademark by appearing in public and the press under the Gallup mark.
28

6

### C.  Defendants' Operation of a Website that Prominently Features the Gallup Mark.

Defendants prominently display the Gallup mark on their website, gallup.com.pk (*id.* at Exh. B).  Defendants market their services and release the results of their surveys and polls on their website (*id.* at ¶ 30).  Defendants' operation of its website is commercial.  The internet is "an instrumentality and channel of interstate commerce." *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007).  Furthermore, defendants' alleged trademark infringement occurred "in commerce" for purposes of a motion to dismiss because plaintiff has sufficiently alleged that the web site is accessible in the United States and use of its mark has an adverse effect on commerce.  *Wells Fargo*, 556 F.2d at 427.  There is subject-matter jurisdiction over plaintiff's claims that defendants' website infringed on Gallup's trademark.

### 2.  EXTRATERRITORIAL JURISDICTION UNDER THE LANHAM ACT.

Because this order finds that plaintiff sufficiently alleged that defendants' infringing activities occurred in the United States, it is not necessary to consider defendants' argument that there is no basis for extraterritorial jurisdiction.  The question of whether a court can exercise extraterritorial jurisdiction under the Lanham Act is reached only if the plaintiff seeks to reach foreign activities of the defendant.  *Id.* at 427–428.  Plaintiff clarifies in its opposition brief that it does not seek to enjoin defendants' activities in Pakistan or to determine who has rights to the Gallup mark in Pakistan:  "If Gallup has requested any relief that seeks to reach beyond defendants' activities conducted in and/or directed at the United States, such requests were inadvertent and are hereby withdrawn" (Opp. Br. 17).

Defendants also contend that its allegedly infringing activities in the United States are not sufficient to establish subject-matter jurisdiction.  They cite *Van Doren Rubber Co., Inc. v. Marnatech Enterprises, Inc.*, 1989 WL 223017 at 3 (S.D. Cal. 1989), for the proposition that unless a defendant's actions within the United States are essential steps to the foreign infringement, the actions are immaterial.  Under *Van Doren*, defendants argue, there is no subject-matter jurisdiction because its activities in the United States were not essential steps to any foreign infringement that may have occurred in Pakistan.

7

Defendants' reliance on *Van Doren* is unavailing. In *Van Doren*, it was a United States citizen's activities in the United States that satisfied the "in commerce" requirement because those activities were essential steps in the infringing activities that took place outside the United States. Here, the alleged infringement occurred *in* the United States.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE