IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLUP INC,<br><br>    Plaintiff,<br><br>  v.<br><br>BUSINESS RESEARCH BUREAU (PVT.) LTD., d/b/a GALLUP PAKISTAN, IJAZ SHAFT GILANI, GALLUP BUSINESS RESEARCH SERVICES (PVT.) LTD., d/b/a GALLUP PAKISTAN, and d/b/a GALLUP PAKISTAN (PVT.) LTD.<br><br>    Defendants.<br>_____ / | No. C 08-01577 WHA<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

**INTRODUCTION**

In this trademark infringement action, plaintiff Gallup, Inc. moves for default judgment, permanent injunction, and attorney's fees. For the following reasons, plaintiff's motion is **GRANTED**.

**STATEMENT**

Plaintiff owns numerous United States trademarks incorporating the GALLUP mark that it has used in connection with surveys, public opinion polls, business management consulting, as well as other goods and services. The GALLUP mark, plaintiff alleges, has become the source of surveys, public opinion polling, and business management consulting services of the highest quality, credibility and reliability.

1    Defendants released six polls regarding Pakistani public opinion surrounding the
2 Pakistani parliamentary elections and its president.  Defendants made those polls available to
3 the press and public by publishing the polls on its website, which is in English and accessible in
4 the United States.  The polls bore the GALLUP mark.

5    After discovering that defendants published poll results under the GALLUP trademark,
6 plaintiff filed and properly served a complaint against defendants Business Research Bureau
7 and Ijaz Shafi Gilani for trademark infringement, federal unfair competition, and trademark
8 dilution pursuant to the Lanham Act.  The complaint also included a claim for fraudulent,
9 unlawful and unfair competition under California Business and Professions Code Section 17200
10 and a claim for common law unjust enrichment.  Subsequently, because defendants failed to
11 respond, plaintiff filed a motion for entry of default against them.  *Pro se* defendant Gilani,
12 however, requested additional time to file an answer to the complaint and later filed an answer
13 that was considered as being filed timely *only as to him*.  The Clerk of the Court, thereafter,
14 entered default against Business Research Bureau but declined to do so against Gilani.

15    Plaintiff then filed and properly served an amended complaint against defendants.
16 The amended complaint added defendants Gallup Business Research Services and Gallup
17 Pakistan.  Once again, defendants failed to respond, and plaintiff renewed its motion for entry
18 of default against defendants.  The Clerk of the Court entered default against all defendants.
19 Gilani, however, being *pro se*, was reminded that he must file an answer to the amended
20 complaint and was given additional time to do so.  Because Gilani timely filed his answer, this
21 order is limited to defendants Business Research Bureau, Gallup Business Research Services,
22 and Gallup Pakistan.  Furthermore, pursuant to Civil Local Rule 3-9(b), Gilani's answer will
23 not be considered an answer for the other defendants because he is not admitted to practice in
24 this district and, therefore, cannot represent the other defendants.

25    This Court now considers plaintiff's motion for default judgment, permanent injunction
26 to prevent future trademark infringement and dilution, and for attorney's fees.

**ANALYSIS**

**1.     DEFAULT JUDGMENT.**

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments generally are disfavored as "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72. Here, these factors favor entry of default judgment against defendants.

**A.     Merits and Sufficiency of the Complaint.**

After an entry of default, well-pled allegations in the complaint are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and sufficiency of the complaint are thus considered together.

*(1)     Trademark Infringement.*

Plaintiff's first claim is that defendants infringed upon its trademark. To prevail on a claim of trademark infringement, plaintiff must prove that: (i) it owns the rights to a valid trademark and (ii) that defendants' use of the mark in interstate commerce is likely to cause consumer confusion. *KP Permanent Make-Up Inc., v. Lasting Impression I, Inc.,* 408 F.3d 596, 602 (9th Cir. 2005).

Here, the complaint alleges that plaintiff is the owner of a number of trademarks bearing the GALLUP mark in the United States; that the marks are registered with the USPTO; that defendants used the GALLUP mark on their own website; and that well-known media agencies cited the polls placed on defendants' website believing the polls had been conducted by

3

1  plaintiff. Taking these well-pled allegations as true, plaintiff sufficiently pleads the elements

2  necessary to establish that defendants infringed upon its trademarks. This order will now

3  discuss the merits and sufficiency of plaintiff's second claim.

### *(2)    Federal Unfair Competition.*

In addition to bringing a claim for trademark infringement, plaintiff also brings a claim for federal unfair competition based on defendants' use of plaintiff's trademark. To succeed on a claim for federal unfair competition, plaintiff must show that defendants used in commerce

> any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person, with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

15 U.S.C. 1125(a)(1)(a). The analysis of unfair competition is similar to the analysis of a claim for trademark infringement. Here, plaintiff alleges that defendants used its marks over the internet and that consumers were likely to be confused. The complaint, therefore, adequately alleges that defendants engaged in unfair competition.

### *(3)    Trademark Dilution.*

Plaintiff's third claim is that defendants engaged in trademark dilution. Trademark dilution occurs when: (i) defendants use an identical or nearly identical mark to plaintiff's mark; (ii) plaintiff's mark is famous; (iii) defendants use the mark in commerce; (iv) defendants' use began after plaintiff's mark became famous; and (v) defendants' use presents a likelihood of dilution of the distinctive value of the mark. *Thane International Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 907 (9th Cir. 2002). This order will only discuss elements two, four, and five, as the facts noted above sufficiently establish the other elements of dilution.

The complaint alleges sufficient facts to establish trademark dilution. *First*, it alleges that the GALLUP mark has become famous because it has been actively promoted for over seventy years. *Second*, it alleges that defendants began using plaintiff's mark well after it became famous. *Third*, it alleges that defendants' use of the mark is likely to dilute the distinctive value of the mark because consumers are likely to associate surveys and public

4

opinion polling associated with the GALLUP mark to now come from both plaintiff and defendants. Plaintiff, therefore, sufficiently alleges that defendants engaged in trademark dilution.

### *(4) Unjust Enrichment.*

The fourth claim that plaintiff brings is unjust enrichment. To prevail on a claim of unjust enrichment, plaintiff must prove that defendants were enriched at plaintiff's expense. Here, plaintiff alleges that defendants, without consent, used plaintiff's trademark and benefitted by promoting their own website while plaintiff's trademark became diluted. Plaintiff alleges sufficient facts to establish that defendants were unjustly enriched.

### *(5) Section 17200.*

Plaintiff's fifth claim is that defendants violated Section 17200, which prohibits acts or practices which are: (i) fraudulent, (ii) unlawful, or (iii) unfair. While a Section 17200 claim can be brought by establishing that defendants engaged in any of the three practices, plaintiff need only establish that defendants engaged in one. For purposes of this claim, this order will only discuss how defendants violated Section 17200 by unlawful practices.

Under Section 17200, a practice is unlawful if it violates a law other than Section 17200 when committed pursuant to business activity. *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). Plaintiff alleges that defendants engaged in trademark infringement, trademark dilution, and unfair competition based on the use of plaintiff's trademark. Because the allegations are taken as true, plaintiff adequately establishes that defendants also violated Section 17200 by engaging in unlawful practices.

### B. Remaining Factors.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First,* plaintiff will be prejudiced if default judgment is not granted. If default judgment is not granted, plaintiff will be denied the right to adjudicate its claims and defendants' conduct will remain unimpeded. *Second*, the sum of money at stake in this action is not substantial because plaintiff does not seek damages. Plaintiff only requests attorney's fees and costs for prosecuting the case. *Third*, there is nothing excusable in regards to defendants'

5

actions. The defendants were served with the complaint, amended complaint and motion for default judgment but did not file answers or oppositions. *Fourth*, although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under FRCP 55(b) is proper. This order concludes that the balance of the *Eitel* factors weighs in favor of entry of default judgment.

### 2. PERMANENT INJUNCTION.

This order will now discuss the relief that plaintiff requests. In making this motion, plaintiff does not seek monetary damages, as it contends that defendants' use incalculably damaged the strength of its mark. Instead, plaintiff requests that defendants be permanently enjoined from engaging in any future infringement or dilution of its trademark. Under the Lanham Act, injunctive relief is available to prevent trademark infringement and dilution. 15 U.S.C. 1116(c). In fact, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

As of the time the complaint was filed, defendants were still using plaintiff's mark on their website to promote their polls. The media, seeing both the GALLUP mark and the polls, believed that the polls were conducted by plaintiff, even though they had been conducted by defendants. In using plaintiff's mark, defendants were representing that their website, polls and surveys were endorsed by or affiliated with plaintiff, making it likely that consumers would be confused. Plaintiff, therefore, is entitled to injunctive relief.

Pursuant to 15 U.S.C. 1116, this order enjoins defendants from using the GALLUP mark in any way and requires each defendant to file and serve on plaintiff, **WITHIN THIRTY DAYS** of entry of the accompanying judgment, and proper service of this order and judgment, a report in writing and under oath detailing the manner in which each defendant has complied with the injunction.

For the Court's contempt power to apply to this injunction, defendants "must receive actual notice of the order by personal service or otherwise." FRCP 65(d). Plaintiff is instructed

1  to provide proper service of this order, by personal service, no later than **APRIL 17, 2009**.
2  Plaintiff shall also file a copy of the proof of service.

### 3.  ATTORNEY'S FEES.

Plaintiff's second claim for relief is for attorney's fees and costs in the amount of $81,829.68 for pursuing this action. For trademark infringement cases, monetary recovery in the form of reasonable attorney's fees and costs are available to the prevailing party in "exceptional" cases. 15 U.S.C. 1117(a). A case may be considered exceptional when some degree of culpability is found on the part of the party from whom such fees are sought. *See Moore Business Forms, Inc. v. Ryu,* 960 F.2d 486 (5th Cir. 1992). Such culpability may be established based on defendants' deliberate, fraudulent, malicious or willful conduct. *See Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008). Here, plaintiff alleges that defendants willfully infringed upon its trademark after defendants tried unsuccessfully to register the trademark. Taking these allegations as true, plaintiff, therefore is entitled to attorney's fees and costs.

The amount of fees requested, however, is excessive. Plaintiff's counsel shall be awarded $20,000 in attorney's fees and costs. If plaintiff's counsel challenges the amount awarded, a much more extensive vetting process will be used, probably requiring the appointment and expense of a special master. Plaintiff's counsel shall notify the court if it intends to contest the amount awarded within **SEVEN CALENDAR DAYS** of entry of this order.

## CONCLUSION

For good cause shown, this order **GRANTS** plaintiff's motion for default judgment, permanent injunction, and request for attorney's fees and costs. Defendants shall comply with the following:

1. Defendants, as well as their affiliates, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, shall immediately cease and desist from all use of the GALLUP mark, or other marks or designations that are confusingly similar to the GALLUP mark;

2. Defendants shall immediately remove all references to Gallup and the GALLUP marks from all of their surveys, websites, brochures, newsletters, publications, or any other advertising, marketing, or promotional materials that are made available in the United States;

3. Defendants shall cease to operate their website in a manner that makes it accessible in the United States under the internet domain name, gallup.com.pk, or any other internet domain name that is confusingly similar to plaintiff's website address of www.gallup.com;

4. Defendants shall each file with the Court and serve on plaintiff, within thirty days after entry of this order, a report in writing under oath setting forth in detail the manner in which each defendant has complied with the Court's injunction and orders.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: April 3, 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE