IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLUP, INC., | No. C 08-01577 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING REQUEST FOR LIMITED DISCOVERY** |
| BUSINESS RESEARCH BUREAU (PVT.) LTD., d/b/a GALLUP PAKISTAN, IJAZ SHAFI GILANI, GALLUP BUSINESS RESEARCH SERVICES (PVT.) LTD., d/b/a PAKISTAN (PVT.) LTD., | |
| Defendants. | |

On February 11, 2010, plaintiff was ordered to show cause why this action should not be dismissed for (1) lack of extraterritorial jurisdiction over defendants' alleged Lanham Act violations in Pakistan and (2) lack of evidentiary support for the alleged Lanham Act violations occurring within the United States (Dkt. No. 112). Plaintiff timely responded on February 26 (Dkt. No. 113). Having reviewed plaintiff's response, the Court orders as follows:

Plaintiff's request for leave to conduct additional discovery is granted. It must proceed, however, in two stages. *First*, plaintiff shall, at its own expense, depose defendant Gilani in Pakistan on the limited discovery issues discussed herein. Topics for the deposition shall include the nature of defendants' business connections with the United States (as seen in the "Clients" section of the Gallup Pakistan website), Gilani's activities at the 2007 Chicago convention, and the paper allegedly presented at the 2007 convention bearing the GALLUP PAKISTAN logo.

Plaintiff may also inquire into whether Gilani's polling practices extend or extended into the United States, as alleged in their response (Dkt. No. 113 at 4–5). Defendant Gilani's sworn testimony on these matters will help to ensure that a complete record *for both sides* is established. Defendant Gilani shall make himself available for such a deposition before the close of the limited discovery period.

If *and only if* plaintiff successfully completes the court-ordered deposition of Gilani, the following additional discovery will be allowed. Plaintiff will be granted leave to conduct further discovery pertaining to the extent of defendants' "business connections" with the United States. Discovery on this issue shall be limited to the nature of "research support" defendants provide (or have provided) to academic institutions (*e.g.* MIT and Harvard) in the United States, as noted in the "Clients" section of the Gallup Pakistan website (Dkt. No. 113 at 4). Additionally, if *and only if* plaintiff successfully completes the deposition of Gilani, plaintiff may conduct further discovery pertaining to defendant Gilani's alleged use of plaintiff's GALLUP marks while presenting at the 2007 Chicago convention.[*] With respect to this 2007 convention appearance, this order emphasizes that the evidence showing that defendant used any GALLUP marks while in Chicago is tenuous at best. Also, it must be emphasized that plaintiff's summary judgment brief provided misleading citations to the record for these allegations. For example, plaintiff cited to the complaint and answer to support the assertion that defendant Gilani discussed Gallup Pakistan poll results while attending the 2007 conference (*see* Dkt. No. 106 at 5–6, citing Compl. ¶¶ 40–41 and Ans. ¶¶ 40–41). In his answer, however, Gilani *denied* those particular allegations (*see* Ans. ¶¶ 40–41). There was no admission. As such, the only evidence plaintiff has presented to the Court to support its allegation that Gilani used its marks at the 2007 Chicago convention is

---

[*] No discovery will be allowed on Gilani's appearance at the 2008 convention. Plaintiff's summary judgment motion provided absolutely no evidentiary support that any GALLUP marks were used by defendant at the 2008 convention in San Francisco to rebut Gilani's sworn declaration stating otherwise (*see* Dkt. No. 106 at 5–6). The only citation provided by plaintiff with respect to the 2008 convention was an admission by defendant Gilani in his answer that he participated in the 2008 convention. Participating in a convention does not prove infringement. There is no admission or evidence in the record that Gilani used any of plaintiff's marks during his appearance in 2008.

2

the existence of a published paper bearing the GALLUP PAKISTAN mark that may or may not have existed at the time of the convention. Plaintiff needs more than this to take the issue to the jury.

Plaintiff's deposition of Gilani must be completed no later than by **APRIL 23, 2010**. Plaintiff shall file a notice with the Court once this deposition has been completed. *Only after this notice has been filed* may the second stage of discovery proceed. All discovery allowed by this order must be completed by **MAY 14, 2010**. Renewed motions for summary judgment must be filed by **THURSDAY, MAY 27, 2010**. Both sides are invited to file such motions. Given this limited discovery, plaintiff will have a full and fair opportunity to demonstrate that *evidence* supports the extension of the Lanham Act to defendants' alleged infringing acts overseas, and that there is sufficient evidentiary support for the alleged infringing acts that occurred at the 2007 Chicago convention. At the very least, plaintiff may show that a trial on the merits is warranted.

**IT IS SO ORDERED.**

Dated: March 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3